FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/9/2015 7:49:23 PM

CHRISTOPHER A. PRINE
Clerk

# APPENDIX A



"CLOSED"

Cause No. 1047954

| | | |
|---|---|---|
| Shea Palavan<br>Plaintiff, | § | In the County Court at Law |
| | § | |
| vs. | § | No. 3 |
| | § | |
| Brian McCulley,<br>Boulevard Realty, LLC<br>and TBW Development, LLC<br>Defendants. | § | Harris County, Texas |

## ORDER

ON THIS DAY, came on to be heard defendant *Brian McCulley, TBW Development, LLC and* Boulevard Realty, LLC's Motion to Dismiss Plaintiff's Appeal and Motion to Deny Plaintiff's Request for Writ of Certiorari and after considering the motion, response, if any, pleadings and evidence, this Court finds that defendant's motion should be GRANTED.

IT IS THEREFORE ORDERED that defendant *Brian McCulley, TBW Development, LLC and* Boulevard Realty, LLC's Motion to Dismiss Plaintiff's Appeal and Motion to Deny Plaintiff's Request for Writ of Certiorari is GRANTED, that plaintiff's appeal is DISMISSED, with prejudice to refile same, that plaintiff's request for writ of certiorari is DENIED, and that the agreed judgment is AFFIRMED.

SIGNED this 30th day of June, 2014.

_____
JUDGE PRESIDING

11

UNOFFICIAL COPY

FILED
2014 JUN 30 PM 4:40
Stan Stanart
COUNTY CLERK
HARRIS COUNTY TEXAS

APPROVED AS TO FORM:

TIMOTHY R. PLOCH, P.C.

BY: _____

TIMOTHY R. PLOCH
State Bar No. 16073280
LINDA M. TALBOT
State Bar No. 00788504
730 N. Post Oak Rd., Suite 100
Houston, Texas 77024
(713) 862-4300
(713) 862-7575 (Telecopier)

ATTORNEYS FOR DEFENDANT,
BOULEVARD REALTY, LLC

*Approved As to Form only.*

*Shea Palavan, Pro Se*
*TX Bar 24083816*
*1616 South Voss Road, Suite 125*
*Houston, TX 77057*
*(832) 623-6479*
*shea@palavan.com*

*Approved as to Form*

*John D. Herberger*
*#09501190*
*11767 Katy Fwy #930*
*781 930-430*
*(fax) 781 930-474*
*John @ herbergerlaw*
*Atty for TBV Development, LLC*
*and Brian McCulley*

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

12

```
                    ********************
                 ***   TX REPORT   ***
                    ********************

        TRANSMISSION OK

        TX/RX NO            2159
        RECIPIENT ADDRESS   97136975993
        DESTINATION ID      GORCZYNSKI 1 1
        ST. TIME            09/11 10:53
        TIME USE            00'22
        PAGES SENT          2
        RESULT              OK
```

## Cause No. 1047954

| | | |
|---|---|---|
| **Shea Palavan**<br>**Plaintiff,** | § <br> § <br> § | **In the County Court at Law** |
| **vs.** | § <br> § | **No. 3** |
| **Brian McCulley,**<br>**Boulevard Realty, LLC**<br>**and TBW Development, LLC**<br>**Defendants.** | § <br> § <br> § <br> § | **Harris County, Texas** |

### ORDER

ON THIS DAY, came on to be heard defendant ~~Boulevard Realty, LLC's~~ Motion *Brian McCulley, TBW Development, LLC and*

to Dismiss Plaintiff's Appeal and Motion to Deny Plaintiff's Request for Writ of

Certiorari and after considering the motion, response, if any, pleadings and

evidence, this Court finds that defendant's motion should be GRANTED. *Brian McCulley, TBW Development, LLC and*

IT IS THEREFORE ORDERED that defendant ~~Boulevard Realty, LLC's~~ Motion

to Dismiss Plaintiff's Appeal and Motion to Deny Plaintiff's Request for Writ of

Certiorari is GRANTED, that plaintiff's appeal is DISMISSED, with prejudice to refile

same, that plaintiff's request for writ of certiorari is DENIED, and that the agreed

judgment is AFFIRMED.

SIGNED this 30th day of June, 2014.

# APPENDIX B



FILED
8/13/2014 4:08:24 PM
Stan Stanart
County Clerk
Harris County

## CAUSE NO. 1047954 - 002

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE COUNTY CIVIL COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | HARRIS COUNTY, T E X A S |

### SUMMARY JUDGMENT

ON this day the Court considered the Motion for Summary Judgment filed by TBW Development, LLC and Brian McCulley, Counter-Plaintiffs, the supporting affidavits and attachments, the response of Counter-Defendant Shea Palavan, if any, and the argument and authority of counsel. The Court is of the opinion the motion is well-taken and should be granted. It is therefore,

ORDERED, ADJUDGED and DECREED, that Counter-Plaintiffs' Motion for Summary Judgment be and hereby is GRANTED. It is further,

ORDERED, ADJUDGED and DECREED, that Counter-Plaintiffs, TBW Development, LLC and Brian McCulley have judgment against and recover of and from Counter-Defendant Shea Palavan as follows:

1. That Counter-Defendant Shea Palavan pay to Counter-Plaintiffs TBW Development, LLC and Brian McCulley $5,153.62 with pre-judgment interest at five percent (5%) annually from April 17, 2014 until the date of judgment and with post-judgment interest at five percent (5%) from the date of judgment until satisfaction; plus

2. $7,500.00 for attorney's fees in the event that an unsuccessful appeal is filed with the Court of Appeals by Counter-Defendant from the Counter-Defendant filing said appeal;

3. $7,500.00 for attorney's fees in the event an unsuccessful motion for rehearing is

filed in the Court of Appeals by Counter-Defendant from the Counter-Defendant filing said motion for rehearing;

4.    $10,000.00 for attorney's fees in the event an unsuccessful writ of error is filed with the Supreme Court by Counter-Defendant from the Counter-Defendant filing said writ of error;

5.    Costs of Court; and

6.    Counter-Plaintiffs are allowed such writs and process as may be necessary in the enforcement and collection of this judgment.

This judgment disposes of all parties and claims and is a final judgment.

SIGNED:_____JUL 2 8 2015_____, 2014

_____
JUDGE PRESIDING

Approved as to form:

**J D HERBERGER & ASSOCIATES, PC**

By:_____
     John D. Herberger
     State Bar No. 09501190
     11767 Katy Freeway, Suite 920
     Houston, Texas 77079
     Telephone: (281) 920 - 4700
     Facsimile: (281) 920 – 4711
     john@herbergerlaw.com

**ATTORNEY FOR COUNTER-PLAINTIFFS**

FILED
2015 JUL 29 PM 1: 59
Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

# APPENDIX C

FILED
9/16/2014 12:13:56 PM
Stan Stanart
County Clerk
Harris County

CAUSE NO. 1047954 -002

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE COUNTY CIVIL COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | HARRIS COUNTY, T E X A S |

## ORDER DENYING PLAINTIFF'S MOTION TO DISMISS

CAME ON for consideration in the above-styled and numbered cause the Counter-Defendant Shea Palavan's Motion to Dismiss Counter-Plaintiffs TBW Development, LLC and Brian McCulley's Counterclaims, Or, Alternatively, to Stay Pending Appeal in the above styled and numbered cause. After considering Counter-Defendant's Motion, the arguments of counsel and any briefs or arguments by the parties in the above-styled and numbered cause, the Court is of the opinion that such Motion should be denied. It is therefore,

ORDERED, that Counter-Defendant Shea Palavan's Motion to Dismiss Counter-Plaintiffs' Counterclaims, Or, Alternatively, to Stay Pending Appeal is DENIED.

SIGNED: ___JUL 2 8 2015___

JUDGE PRESIDING

**APPROVED AS TO FORM and ENTRY REQUESTED:**

**J D HERBERGER & ASSOCIATES, PC**

By:_____
John D. Herberger
State Bar No. 09501190
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711
john@herbergerlaw.com

**ATTORNEY FOR COUNTER-PLAINTIFFS**

UNOFFICIAL COPY

# APPENDIX D

| SHEA PALAVAN | § | IN THE SMALL CLAIMS COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | PRECINCT 1, PLACE 1 |
| | § | |
| BRIAN McCULLEY, | § | |
| BOULEVARD REALTY, LLC | § | |
| AND TBW DEVELOPMENT, LLC | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### A. Parties

1. Plaintiff, Shea Palavan, is an individual who resides in Harris County, Texas.

2. Defendant, Brian McCulley, hereinafter Defendant "McCulley", an individual, may be served with process at Defendant McCulley's usual place of business, 1545 Heights Boulevard, Houston, Harris County, Texas 77008.

3. Defendant, Boulevard Realty, LLC, hereinafter Defendant "Boulevard", an entity registered with the Secretary of State may be served with process by serving Defendant Boulevard's registered agent, Frank Mapel, at 5847 San Felipe, Suite 2200, Houston, Harris County, Texas 77057, because Defendant Boulevard is engaged in business in Texas, the lawsuit arises from Defendant Boulevard's business in Texas, and Defendant Boulevard is a legal entity in the state of Texas.

4. Defendant, TBW Development, LLC, hereinafter Defendant "TBW", an entity registered with the Secretary of State may be served with process by serving Defendant TBW's registered agent, Wheat Oppermann, PLLC, at 1722 Heights Boulevard, Houston, Harris County, Texas 77008, because Defendant TBW is engaged in business in Texas, the

lawsuit arises from Defendant TBW's business in Texas, and Defendant TBW is a legal entity in the state of Texas.

## B. Facts

5. Defendants McCulley, Boulevard and TBW, collectively Defendants, are engaged in the real estate business. As part of the normal course of said business, construction was underway for two townhouses on the lot that was previously known as 320 East 26th Street, Houston, Harris County, Texas.

6. During the course of this construction project, Defendants enlisted the work of various construction crews in order to complete the project.

7. During the course of this construction project, said construction crews would engage in activities that were both a nuisance to Plaintiff, as well as, trespass on Plaintiff's property without permission and, at times, without Plaintiff's knowledge.

8. Plaintiff attempted to contact Defendants to inform them of these unwanted activities by telephone, but all calls went unanswered and any messages left were not returned.

9. Following these attempts by telephone, Plaintiff discovered the email of Defendant Mculley and sent an email on March 28, 2013 informing him of both the unreturned phone calls, as well as the unwanted activities. This email was responded to on March 31, 2013 stating, in part:

   a. "I'll do my best to stop people from parking infront [sic] of your house but it is public property and I may have a hard time with that. If you would like to discuss please contact me via email or phone. If you feel the need to take legal action you can talk directly with my attorney at the contact info below."

10. However, the workers continued to trespass onto Plaintiff's land and on or about April 7, 2013, Plaintiff noticed numerous specs of concrete along the entire side of his vehicle.

11. Following this discovery, Plaintiff attempted to contact Defendants by telephone and by asking the workers to relay their messages, but these were unreturned again. Plaintiff subsequently sent an email to Defendants on April 25, 2013 with a formal demand. This demand has since remained unanswered.

### C. Count 1 – Intentional Trespass

12. Defendants hired construction crews to build houses next to Plaintiff's property, and those construction crews continuously trespassed onto Plaintiff's property even after Defendants were made aware of, and acknowledged, such activity.

13. Even after numerous warnings to both Defendants and their construction crews, the construction crews engaged in at least the following activities, including, but not limited to:

   a. Parking in Plaintiff's driveway when Plaintiff was not home;

   b. Parking in Plaintiff's driveway when Plaintiff was home;

   c. Parking in Plaintiff's front parking area without Plaintiff's permission;

   d. Leaving trash on Plaintiff's property;

   e. Leaving nails on Plaintiff's property on a near daily basis;

   f. Leaving construction materials on Plaintiff's property;

   g. Using Plaintiff's trash can without permission; and

   h. Specifically, numerous individual, as well as entire strips, of nails were left on Plaintiff's driveway.

UNOFFICIAL COPY

FILED
2014 MAY 22 PM 4:12
COUNTY CLERK
HARRIS COUNTY, TEXAS

14. As a result of these actions, Plaintiff suffered damages, including numerous delays with work, as well as constant stress of having to continuously remind the construction crews to be careful of leaving nails on the driveway and continuously worry about whether any nails went unseen, causing a flat tire.

### D. Count 2 – Intentional Nuisance

15. In the alternative to, and in addition to, Count 1, Defendants hired construction crews to build houses next to Plaintiff's property, and those construction crews caused numerous nuisances to Plaintiff even after Defendants were made aware of, and acknowledged, such activity.

16. Even after numerous warnings to both Defendants and their construction crews, the construction crews engaged in at least the following activities, including, but not limited to:

   a. Blocking Plaintiff's driveway;

   b. Parking in Plaintiff's driveway so that Plaintiff could not leave without asking them to move; and

   c. Leaving nails on Plaintiff's driveway so that Plaintiff would continually have to remove them to prevent flat tires.

17. As a result of these actions, Plaintiff suffered numerous delays with work, as well as constant stress of having to continuously remind the construction crews to be careful of leaving nails on the driveway and continuously worry about whether any nails went unseen, causing a flat tire.

### E. Count 3 – Trespass to Chattels

18. In the alternative to, and in addition to, Counts 1 and 2, Defendants hired construction crews to build houses next to Plaintiff's property, and those construction crews caused damages to Plaintiff's personal property.

19. As a result of the construction crews' actions, Plaintiff suffered the following damages:

    a. Flat tires to his vehicle;

    b. Flat tires to his girlfriend's vehicle; and

    c. Cement spatter along the entire length of the passenger side of his vehicle.

### F. Prayer

20. For these reasons, Plaintiff hereby respectfully asks that the court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants, jointly and severally, for the following:

    a. An amount for the removal of cement from Plaintiff's vehicle.

    b. An amount for the repair of Plaintiff's flat tires.

    c. Loss of earnings.

    d. Emotional distress.

    e. Pre-judgment and post-judgment interest.

    f. Court costs.

    g. Any and all other relief, both legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

By: _____
Shea Palavan

UNOFFICIAL COPY

State Bar No. 24083616
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

**Pro Se**

| STATE OF TEXAS | § |
| COUNTY OF HARRIS | § |

SUBSCRIBED and SWORN TO BEFORE ME on this ___9th___ day of
___July___, 2013.



CRYSTAL M THANOS
My Commission Expires
October 26, 2016

**Notary Public, State of Texas**

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photograph.c reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

# APPENDIX E

CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN, | § | IN THE SMALL CLAIMS COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD | § | |
| REALTY, LLC, and TBW | § | |
| DEVELOPMENT, LLC, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S NOTICE OF APPEAL AND FILING OF APPEAL BOND OR, ALTERNATIVELY, REQUEST FOR WRIT OF CERTIORI

TO THE HONORABLE JUDGE OF SAID COURT:

### A. Notice of Appeal and Appeal Bond

Plaintiff-Appellant, Shea Palavan, hereby files this Notice of Appeal and Filing of Appeal Bond, or, Alternatively, Request for Writ of Certiori. Pursuant to Rule 506.1 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff-Appellant hereby serves notice to the Justice Court and all parties to the above-styled lawsuit that Plaintiff-Appellant intends to appeal the Judgment entered on March 20, 2014. Further, pursuant to Rule 506.1(b) and (c) of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff-Appellant serves notice of the filing of the required bond, in the form of $500 cash, payable to Appellees-Defendants, conditioned on Plaintiff-Appellant's prosecution of the appeal, and for the payment of any judgment and all costs rendered against Plaintiff-Appellant on appeal, together with the payment of any costs for which appellant may be held liable. This appeal is brought within TWENTY-ONE (21) days of entry of the appealed judgment. **Pursuant to Rule 506.1(e) of the TEXAS RULES OF CIVIL PROCEDURE, notice of the making of this appeal and cash deposit will be given to all parties to the suit within SEVEN (7) days following the**

UNOFFICIAL COPY

**filing of the bond.**

## B. Writ of Certiori

Alternatively, and in addition to the above appeal, Plaintiff-Appellant hereby serves notice on the Justice Court and all parties to the above-styled lawsuit that, pursuant to Rule 506.4 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff-Appellant is hereby filing for, and requesting, Writ of Certiori to the County Court at Law for this district. Should the Justice Court deny Plaintiff-Appellant's appeal, pursuant to Rule 506.4(e) of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff-Appellant respectfully requests the Justice Court to immediately make and certify a copy of the entries in the case on the docket, and immediately transmit the transcript of the proceedings in the Justice Court, together with the original papers and a bill of costs, to the proper court, Harris County Civil Courts at Law, 201 Caroline, Houston, Texas 77002. This request for writ is brought within NINETY (90) days of entry of the appealed judgment.

Argument and discussion regarding the above can be found in Plaintiff-Appellant's Memorandum in Support of the above which is attached hereto.

Respectfully submitted,

By: _____

Shea Palavan
State Bar No. 24083616
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

**Pro Se**

Enclosures

FILED
2014 MAY 22 PM 4 15
COUNTY CLERK
HARRIS COUNTY, TEXAS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served by electronic mail, certified mail, return receipt requested, courier receipted delivery, and/or facsimile on each attorney of record and/or party in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE on this 10th day of April 2014.

Shea Palavan
PRO SE

# APPENDIX F

CAUSE NO. SC11C0016011           C.C.C.L. #3

| | | |
|---|---|---|
| SHEA PALAVAN, | § | IN THE SMALL CLAIMS COURT |
|     Plaintiff, | § | |
| | § | |
| V. | § | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD | § | |
| REALTY, LLC, and TBW | § | |
| DEVELOPMENT, LLC, | § | |
|     Defendants. | § | OF HARRIS COUNTY, TEXAS |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S NOTICE OF APPEAL AND FILING OF APPEAL BOND
## OR, ALTERNATIVELY, REQUEST FOR WRIT OF CERTIORARI

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff-Appellant, Shea Palavan, hereby files this Memorandum in Support of his Notice of Appeal and Filing of Appeal Bond, or, Alternatively, Request for Writ of Certiorari, and in support thereof would show unto the court the following:

### I.    SUMMARY

Plaintiff in this case is a pro se tenant in the property located at 324 East 26th Street, Houston, Harris County, Texas 77008. Defendants TBW Development, LLC (hereinafter "TBW") and Boulevard Realty, LLC (hereinafter "BR") are large corporations who own and/or manage many properties throughout Houston, Defendant Brian McCulley (hereinafter "BM") is an employee and/or contractor of Boulevard Realty, LLC. All defendants are represented by counsel: Defendants TBW and BM are represented by John Herberger, J D Herberger & Associates, PC, 11767 Katy Freeway, Suite 920, Houston, Harris County, Texas 77079; Defendant BR is represented by Timothy R. Ploch, 730 North Post Oak Road, Suite 100, Houston, Texas 77024. Due to this imbalance in sides, and small nature of the claims, Plaintiff was faced with an uphill

battle from the beginning. While Plaintiff's Petition set out his various claims for Trespass, Trespass to Chattels, and Nuisance, the overarching theme of the entire litigation clearly indicated a bias towards Defendants.

During the course of the litigation, Plaintiff was subjected to voluminous discovery requests at the onset of trial, which Defendants filed without approval of the Justice Court – in clear violation of the applicable rules. Further, when Plaintiff filed his discovery requests – properly done under the rules over a month prior to trial, Plaintiff was never able to receive ANY discovery because the Judge failed to rule on his request. Despite having never received any discovery, throughout the litigation, Plaintiff maintained that he was willing to come to a reasonable resolution of his claims without the necessity of litigation and trial, yet Defendants failed to discuss any offers or resolutions with Plaintiff until nearly a year after Plaintiff's initial contact prior to commencement of this suit. After finally receiving an initial offer – although unreasonable – from Defendants, Plaintiff felt Defendants would be more responsive to mediation or settlement conference, and filed a motion for referral to such. After both parties briefed the matter – with Plaintiff's reply on March 13, 2014, a week from trial, the Justice Court failed to rule on the motion. Additionally, Plaintiff filed a jury request, with jury fee on March 6, 2014 – within 14 days of trial, but the Justice Court refused to grant a jury trial stating they *received* the fee after the deadline, improperly depriving Plaintiff of their right to a jury trial. As a final bias to Plaintiff, at the trial itself, the Justice Court refused to hear *any* evidence on Plaintiff's claims, other than the damage to his vehicle, and rather than ruling in Plaintiff's favor, *strongly suggested* Plaintiff settle in court with an Agreed Judgment, which Plaintiff hesitantly agreed to when he realized justice would not be served.

It is therefore in light of these facts and circumstances that Plaintiff hereby respectfully

requests an Appeal, or, alternatively, a Writ of Certiorari to the County Court at Law for Harris County from the unjust process in the Justice Court.

## II.  FACTS

Plaintiff is the tenant of the property located at 324 East 26th Street, Houston, Harris County, Texas 77008 which is a corner lot. Defendants began construction on the property immediately adjacent to Plaintiff's rental property. During and throughout the construction project, Defendants, by and through their employees, agents, officers, and/or workers, constantly impeded Plaintiff's driveway, were careless in regard to Plaintiff's property, were careless in regard to Plaintiff's safety (*e.g.* they would constantly leave nails and other debris on Plaintiff's driveway), and on numerous occasions, left trash on Plaintiff's property and in Plaintiff's trash can. Due to these actions, Plaintiff attempted to contact Defendants numerous times by both telephone and email, and received few, if any responses outside of an empty promise to tell the workers to be more careful – to no avail. Because Plaintiff was never able to reach Defendants in any meaningful way, Plaintiff sent a certified letter formally informing Defendants of the problems, to which there was no response. Finally, after failing to discuss these issues with Defendants and come to a resolution Plaintiff, with no other option, filed a lawsuit to protect his interests.

## III.  ARGUMENTS AND AUTHORITIES

Plaintiff has brought this Appeal and, alternatively, Writ of Certiorari in light of, and to correct, the injustices served upon him in the Justice Court. Due to these injustices, Plaintiff was deprived of a fair and just resolution of his case, and was forced into a settlement in court – which resulted in an Agreed Judgment – that Plaintiff did not agree with, but signed only with hesitancy and out of fear the Justice Court failed to properly acknowledge Plaintiff's claims against

Defendants. It is under these circumstances that Plaintiff respectfully requests this case be appealed to the County Court of Law for Harris County for those reasons described herein. Or, alternatively, if the Justice Court feels such an appeal is unwarranted, Plaintiff respectfully requests Writ of Certiorari to the County Court of Law for Harris County for the injustices described herein.

   a. *The Justice Court unjustly allowed Defendants to serve discovery in disregard of the laws, while simultaneously failing to rule on Plaintiff's Request to Serve Discovery.*

   As part of litigation, there is almost always a necessity for discovery – some facts are within a plaintiff's realm of knowledge, and some facts are within a defendant's. Specifically, in small claims courts, because of the smaller size, there are certain limitations on the discovery process, but discovery is still allowed. In this case, Plaintiff required information regarding ownership of the property under construction, as well as information regarding the relationship between the construction workers and Defendants. Plaintiff never received such information.

   As a background on small claims courts, they are courts original created under the Texas Government Code Chapter 28, §28.001, et seq. with the idea that not all persons with a claim should be forced to incur the burdens and costs necessary to bring their claims in higher courts. "The Legislature created the small claims court to provide an affordable and expedient procedure for litigating claims involving relatively small amounts of money."[1] In fact, "[t]his basic purpose is reflected in almost every aspect of small claims court procedure[; f]or example, the institution

---

[1] *Sultan v. Mathew*, 178 S.W.3d 747, 750 (Tex. 2005) *See* Act of May 27, 1953, 53rd Leg., R.S., ch. 309, § 17, 1953 Tex. Gen. Laws 778, 780 (creating small claims court and noting "[t]he fact that many citizens of the State of Texas are now in effect denied justice because of the present expense and delay of litigation when their claims involve small sums of money; and the further fact that the discouragement of litigation based on financial ability is contrary to the public policy of this State"); *see also* O.L. Sanders, Jr., *The Small Claims Court,* 1 S. Tex. L.J. 80, 85–86 (1954) ("Viewing the Small Claims Court Act as a whole, it must be concluded that the main object and purpose of the law was to place justice within the reach of many Texas citizens, who were previously denied such relief because the litigation expense and delay overshadowed their small claim.")

of a small claims action requires little more than completing a one-page form."[2] Thus, it is clear that small claims courts are avenues for an injured party to quickly and efficiently seek justice without the financial overbearance of more formal litigation.

However, within the past year – since the filing of this lawsuit, the Texas Legislature enacted two house bills, HB79 and HB1263 – going into effect on May 1, 2013 – which abolished small claims court as created under the TEXAS GOVERNMENT CODE, and placed them under the TEXAS RULES OF CIVIL PROCEDURE.[3] As part of these bills, the Texas Legislature requires the Texas Supreme Court to enacted rules similar to those already in place under the TEXAS GOVERNMENT CODE.[4] These rules are now controlling, and can be found in Part V of the TEXAS RULES OF CIVIL PROCEDURE.[5] The applicable rule for discovery is now Rule 500.9, and states similar language to the previous language above.[6] Thus, even under the new rules, the Texas Legislature sought to allow limited discovery in small claims cases.

In the present case, not only did the Justice Court allow Defendants to serve voluminous discovery on Plaintiff in complete disregard of the rules, the Justice Court failed to rule on Plaintiff's request for discovery, depriving Plaintiff of vital information to his case.

In this case, Defendants produced numerous discovery requests, including Requests for Disclosure, Requests for Admissions, Requests for Production, and Interrogatories within days of

---

[2] *Id.* (citing *See* Tex. Gov't Code § 28.012(b)).
[3] Texas Supreme Court Misc. Docket No. 13-9023
[4] Tex. HB 79 § 5.02
[5] Tex. R. Civ. Proc. § 501, et seq.
[6] Tex. R. Civ. Proc. § 500.9 - Pretrial Discovery. **Pretrial discovery is limited to that which the judge considers reasonable and necessary. Any requests for pretrial discovery must be presented to the court for approval by written motion.** The motion must be served on the responding party. Unless a hearing is requested, **the judge may rule on the motion without a hearing**. The discovery request must not be served on the responding party unless the judge issues a signed order approving the request. Failure to comply with a discovery order can result in sanctions, including dismissal of the case or an order to pay the other party's discovery expenses. (emphasis added).

the lawsuit being filed by Plaintiff – at the same time as Defendants' filed their Answer. This method of discovery attack is clearly against the spirit of limited discovery expressed in the statutes. These requests includes 19 Requests for Admission, 19 Requests for Production, and 15 Interrogatories[7] – many of which are wildly overbroad and wholly irrelevant[8] to this case. Defendants' discovery requests were nothing more than a harassing use of the discovery process in order to overwhelm pro se Plaintiff in an attempt to bully Plaintiff into submission. The Justice Court failed to properly protect Plaintiff from such abuse. This case is a simple case of trespass and nuisance and was only brought to litigation because of Defendants continuous refusal to cooperate pre-suit.

In addition, Plaintiff saw nothing showing this Court's approval of such discovery requests prior to serving said requests on Plaintiff. While the law does allow discovery in small claims courts, the above cases and statutes clearly indicate that small claims parties should have a certain level of protection from harassing discovery such as the type improperly propounded by Defendants. This protection includes having the parties seek court approval prior to submitting discovery requests – particularly when such requests are to an unrepresented pro se party and such requests are large in number. Defendants sought no such approval from the Justice Court, but were allowed the discovery anyway with no sanctions levied as stated in the applicable rule.

---

[7] While the Interrogatories are only numbered up to 15, there are in fact many more than this. For example, Interrogatory No. 8 states "If you denied any of the Requests for Admission simultaneously served upon you with this First Set of Interrogatories, please identify and describe the reasons why each such Request was denied." Thus, Defendant seeks to have Plaintiff answer a separate interrogatory for each denied Request for Admission – if all such admissions are denied, Interrogatory No. 8 would actually entail 19 separate Interrogatories. *See* Exhibit A, Defendants TBW Development and Brian McCulley's Discovery Requests.

[8] Defendants sought information from Plaintiff regarding the construction project itself, all other houses on Plaintiff's street, and all other construction projects in the area – how these are relevant to this case or how Plaintiff is to have any personal knowledge of Defendants' own construction project is beyond comprehension. *See* Exhibit A, Defendants TBW Development and Brian McCulley's Discovery Requests.

Even with such abuse of the rules by Defendants, Plaintiff properly filed a request to serve his own discovery. In the present case, Plaintiff, as pro se, was at a serious disadvantage against Defendants, who are large corporations with multiple counsel. As part of Plaintiff's litigation of his claims, Plaintiff requires information in the possession and/or custody of Defendants. It is clear that the rules require any discovery requests to be considered by this Court and determined appropriate to serve upon the other parties. Therefore, in the spirit of small claims court and in abidance of the rules, Plaintiff sought the Justice Court's approval of Plaintiff's discovery requests and permission to serve such on Defendants. Plaintiff filed such request on February 17, 2014, over a month prior to trial, yet the Justice Court failed to ever rule on Plaintiff's request and thus, Plaintiff was deprived of vital information to the presentation of his case at trial.

b. *The Justice Court failed to rule on Plaintiff's Request for Mediation, or, Alternatively, Settlement Conference.*

Plaintiff has, from the beginning, felt that the instant case is more suitable to resolution outside of the courts. As such, Plaintiff filed a Request for Mediation, or, Alternatively, Settlement Conference[9] on February 25, 2014 in order to request the Justice Court refer the case to mediation or hold a settlement conference to discuss the possibility of settlement. The Justice Court failed to rule on Plaintiff's motion, causing injustice to Plaintiff and unnecessary costs and time to all parties.

Pursuant to new Rule 500.3, "[s]mall claims cases are governed by Rules 500-507 of Part V of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff filed his motion under the applicable rules, Rules 503.4 and 503.5 regarding pretrial conferences and alternative dispute resolution, respectively. Plaintiff has held since prior to the instigation of this litigation that the burdens involved with the time and costs of trial far outweighed the benefits, and that this case was always

---

[9] *See* Plaintiff's Request for Mediation.

better suited for mediation where both parties would be able to sit down with a neutral party and come to an agreement. As Plaintiff stated numerous times, this lawsuit was not brought for harassment, but as a last resort when Defendants failed to respond to any attempts by Plaintiff to contact them and overtly avoided communications with Plaintiff. From the time of accrual of this cause of action, Plaintiff has been more than willing to work with Defendants to come to an amicable resolution without unnecessary costs, time, or expenses. However, it was not until after this lawsuit was filed that any meaningful communication – if it can be called that – occurred, when Defendants filed voluminous discovery requests at the same time as their answer.

When filing his motion, Plaintiff felt – and still feels – that the best way for Defendants to cooperate in meaningful, reasonable settlement discussions would be to have the Justice Court require them to do so. There was little to no indication that Defendants would voluntarily cooperate otherwise. It is Plaintiff's belief that Defendants feel that because they are corporations represented by counsel that they are somehow entitled to ignore Plaintiff and his claims and bully Plaintiff into submission.

In response to Plaintiff's motion, Defendants insisted they have "made several offers of settlement," yet the reality was Defendants only ever made two offers of settlement, with their first offer occurring on February 20, 2014 – over 6 months after this suit was filed and 10 months after Plaintiff initially sent his first demand on April 25, 2013 – and their second on March 4, 2014. Defendants' characterization that they somehow reasonably attempted to resolve this matter while Plaintiff acted unreasonably was, and remains, nothing more than an absurdity. Since the time Plaintiff first contacted Defendants, prior to filing the instant suit, there has been little, if any, contact from Defendants. In fact, Plaintiff has made clear from the beginning that he is more than willing to work with Defendants to come to an amicable settlement. Defendants also made

numerous claims regarding Plaintiff, Plaintiff's claims, and mediation in this case. These claims can be found in Defendants' Response to Plaintiff's Request for Mediation,[10] and Plaintiff's responses to these claims can be found in Plaintiff's Reply in Support of Request for Mediation.[11]

Even after both parties fully briefed the issues, with Plaintiff's Reply submitted on March 13, 2014 – a week prior to trial, the judge failed to rule on Plaintiff's request. Due to this, the parties were forced to expend further time and costs for trial, and, as detailed both above and below, Plaintiff was denied his rights as a result due to the actions of Defendants and the Justice Court.

    c.  *The Justice Court improperly denied Plaintiff his right to jury trial.*

A party's right to a jury is well founded in Texas law and history. It is a constitutional right. "Our constitution assures that the 'right of trial by jury shall remain inviolate.'"[12] The only limitation is that, for such right to fully attach, a party must follow certain procedures. Such procedures for small claims cases are found in Rule 504.1 of the TEXAS RULES OF CIVIL PROCEDURE, and require that a party requesting a jury trial must file a written demand within 14 days of trial, and pay the applicable jury fee at or before the request.[13,14] In fact, the jury right is so important that the judge is allowed to grant a timeliness waiver in the interests of justice. In the instant case, Plaintiff properly filed a written demand for jury trial and paid the applicable fee

---

[10] *See* Defendants' Response to Plaintiff's Request for Mediation.

[11] *See* Plaintiff's Reply in Support of Request for Mediation.

[12] *Neely v. Wilson*, 418 S.W.3d 52, 75 (Tex. 2013), reh'g denied (Jan. 31, 2014) (quoting Tex. Const. art. I, § 15).

[13] Tex. R. Civ. Proc. § 504.1(a) – Demand. Any party is entitled to a trial by jury. **A written demand for a jury must be filed no later than 14 days before the date a case is set for trial**. If the demand is not timely, the right to a jury is waived unless the late filing is excused by the judge for good cause. (emphasis added).

[14] Tex. R. Civ. Proc. § 504.1(b) – Jury Fee. Unless otherwise provided by law, a party demanding a jury **must pay a fee of $22.00** or must file a sworn statement of inability to pay the fee **at or before the time the party files a written request** for a jury. (emphasis added).

within 14 days of trial. However, the Justice Court refused to acknowledge the rules in yet another instance (*see* above re discovery from Defendants), [15] and stated they did not *receive* the fee until after that date. Thus, the Justice Court improperly denied Plaintiff his constitutional right by refusing to acknowledge the rule and denying Plaintiff a jury trial. As a result, Plaintiff suffered those further injustices described herein.

In the instant case, Plaintiff filing a request for jury trial to exercise his constitutional right. Plaintiff filed said request pursuant to the trial announcement received from this Court – which stated the process for requesting a jury. Plaintiff originally filed his request on February 25, 2014, well before the trial date of March 20, 2014. However, Plaintiff unknowingly filed a personal check with the request which was unaccepted by the Justice Court. Correcting this mistake, Plaintiff then filed a renewed request on March 6, 2014 – still within 14 days of trial. Included with his renewed request was (1) the original request which note from the Justice Court refusing the personal check,[16] (2) a letter to the Justice Court dated March 6, 2014 explaining the mistake and that Plaintiff was making a renewed request,[17] (3) a Money Order for the applicable fee dated March 6, 2014, and, of course,[18] (4) the renewed request.[19] Plaintiff then placed all of these into an envelope and mailed the letter at 1: p.m. on March 6, 2014 using the E-Stamps Windows application, giving the letter a postmark date of March 6, 2014.[20]

Despite this, the Justice Court denied Plaintiff his right to a jury trial, causing an injustice

---

[15] Tex. R. Civ. Proc. § 500.5(b) – Timely Filing by Mail. Any document required to be filed by a given date is considered **timely filed if deposited in the U.S. mail on or before that date, and received within 10 days of the due date**. A legible postmark affixed by the United States Postal Service is evidence of the date of mailing. (emphasis added).

[16] See Exhibit B, Original Request for Jury Trial.

[17] *See* Exhibit C, Letter to Justice Court re Renewed Request for Jury Trial.

[18] *See* Exhibit D, Copy of Money Order Receipt.

[19] See Exhibit E, Renewed Request for Jury Trial.

[20] *See* Exhibit F, Statement printout for Renewed Request for Jury Trial mailing.

to Plaintiff and preventing Plaintiff from a fair and just resolution to his claims, as well as those further injustices described herein.

### d. The Justice Court improperly summarily denied Plaintiff's claims.

Generally, a plaintiff is entitled to give evidence on all of their claims, absent a defendant's objection to the sufficiency of such claims through summary judgment or motion to dismiss, where the burden falls on the moving party to establish such insufficiency.[21,22,23] Further, when such motions are filed, all reasonable inferences are made to indulge facts favoring the nonmovant as true.[24] No such motions were filed in this case. Thus, Plaintiff went to trial expecting to present his entire case, with evidence for all his claims. Plaintiff even brought his witness to trial. However, the Justice Court refused to hear any evidence on two of Plaintiff's claims, effectively *sua sponte*, summarily dismissing them without a proper motion filed.[25]

Plaintiff brought a cause of action for three claims, trespass, trespass to chattels, and nuisance. At the bench trial, which Plaintiff objected to, Plaintiff was disallowed from presenting

---

[21] *See Lujan v. Navistar Fin. Corp.*, 01-12-00740-CV, 2014 WL 1328191 (Tex. App.—Houston [1st Dist.] Apr. 3, 2014, no. pet. h.) ("The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. Id. at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubt resolved in its favor. Id. at 549.") (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546 (Tex. 1985)).

[22] *See Drake Interiors, L.L.C. v. Thomas*, 14-13-00349-CV, 2014 WL 1328011 (Tex. App.—Houston [14th Dist.] Apr. 3, 2014, no. pet. h.) ("In a no-evidence motion for summary judgment, the movant asserts that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial.") (citing *See* Tex.R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex.2009)).

[23] See *Palaniappan v. Harris County Appraisal Dist.*, 01-11-00344-CV, 2013 WL 6857983 (Tex. App.—Houston [1st Dist.] Dec. 31, 2013, no. pet. h.) (holding that for a motion to dismiss "[w]e consider the legal sufficiency of the evidence in the light most favorable to the prevailing party, according every reasonable inference in that party's favor and disregarding contrary evidence unless a reasonable fact-finder could not.") (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986)) (internal citations omitted).

[24] *Id.*

[25] *See Underwater Services, Inc. v. Offshore Drilling Co.*, 01-11-00889-CV, 2013 WL 2096640 (Tex. App.—Houston [1st Dist.] May 14, 2013, no pet.)

any evidence on his trespass and nuisance claims, being told by the Justice Court that the only issue of importance is the damage to Plaintiff's vehicle. Such summary disregard of Plaintiff's claims constitute an improper grant of summary judgment without basis. Further, by failing to address, AT ALL, Plaintiffs trespass and nuisances claims, these claims were not addressed.

Thus, the Justice Court acted improperly in denying Plaintiff a chance to present evidence on his valid claims, absent any motion or conclusion that such claims lack sufficiency. Due to such an injustice, Plaintiff was prevented from his right to be heard in court – undermining the entire idea of small claims court.

   e. *The Justice Court failed to conduct a fair and just trial, essentially forcing Plaintiff to settle in an Agreed Judgment.*

Ordinarily, an Agreed Judgment is binding on the parties to the agreement absent fraud or other issue.[26] When such issues arise, the Agreed Judgment is considered void on its face. Further, a party's signature to such agreement does not necessarily constitute concession to the agreement.[27] Where such agreement is made unwillingly, the judge may not enter a judgment, and the opposing party must institute a cause of action to enforce the agreement as a contract, with all elements of breach of contract shown.[28] Further, where such issues exist, the mere assertion of agreement, done in protest, is not enough to waive right to appeal, despite the statements in the

---

[26] *Id.*

[27] *See McDonald v. Fox,* 13-11-00479-CV, 2012 WL 5591795 (Tex. App.—Corpus Christi Nov. 15, 2012, no pet.) ("'[A] written settlement agreement may be enforced though one party withdraws consent before judgment is rendered on the agreement. See Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex.1995). Where consent is lacking, however, a court may not render an agreed judgment on the settlement agreement, but rather may enforce it only as a written contract. Id. at 462. [In such a case], the party seeking enforcement must pursue a separate breach-of-contract claim, which is subject to the normal rules of pleading and proof. Id. *7 Mantas v. Fifth Court of Appeals, 925 S.W.2d 656, 658 (Tex.1996). To prevail in a breach-of-contract suit, a plaintiff must prove: (1) existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) a breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. Sauceda v. GMAC Mortgage Corp., 268 S.W.3d 135, 140 (Tex.App.-Corpus Christi 2008, no pet.)")

[28] *Id.*

agreement.[29]

In the instant case, as discussed above, Plaintiff was forced into a bench trial after numerous injustices which built up to this. Due to these injustices, Plaintiff was denied an opportunity to present proper evidence at trial – no witness testimony was allowed, and the Justice Court simply suggested Plaintiff settle the case, without any true opportunity to be heard. Thus, while Plaintiff begrudgingly agreed to sign the settlement at the time, Plaintiff did so only because, in light of the above, there was no indication that the Justice Court would provide Plaintiff with a fair and just trial. Plaintiff's only option was to openly dismiss its valid claims in court or submit to the Justice Court's request to settle with Defendants right then and there. Therefore, Plaintiff elected to choose an Agreed Judgment and Appeal the case, rather than dismiss his claims. Further, as noted above, the lack of the Justice Court addressing two of Plaintiff's claims can hardly be said to support a finding that Plaintiff agreed to dismiss such claims. In response to the Justice Court's "suggestion to settle," Plaintiff only agreed to settle the claim that was allowed to be discussed – the damage to his vehicle. For his remaining claims, there is no support that Plaintiff dropped those claims or agreed to settle on those claims – there was never an offer on those claims.

The fact that Plaintiff had to make such a detrimental choice only goes to show the impropriety shown by the Justice Court. Thus, in light of this impropriety, Plaintiff should not be held to any statements or agreements within the Agreed Judgment. Alternatively, and in addition,

---

[29] See *Andrew Shebay & Co., P.L.L.C. v. Bishop*, 01-12-00118-CV, 2013 WL 1844213 (Tex. App.— Houston [1st Dist.] May 2, 2013, pet. denied) ("[S]imple approval of the form and substance of the judgment does not suffice" to indicate a party's consent to the judgment and a waiver of its right to appeal. DeClaris, 331 S.W.3d at 561; Baw v. Baw, 949 S.W.2d 764, 767 (Tex.App.-Dallas 1997, no pet.) (holding that counsel's signing judgment as "approved as to form and substance" did not make judgment into consent judgment); First Am. Title Ins. Co. v. Adams, 829 S.W.2d 356, 364 (Tex.App.-Corpus Christi 1992, writ denied) (same); In re D.C., 180 S.W.3d 647, 649–50 (Tex.App.-Waco 2005, no pet.) (holding that counsel's agreement as to "form and content" of judgment alone did not constitute agreed judgment)).

even if Plaintiff was held to the agreement, the only method of enforcement would be through Defendants' instigation of a contract claim. If so, this claim can simply be brought as a counter-claim to the appealed claim in the County Court. Thus, no reasons exist to deny Plaintiff's appeal, and the injustices described above more than support such.

## IV.   CONCLUSION

Plaintiff in this case only brought the instant case after numerous attempts to contact Defendants both pre-suit and post-suit went unanswered. It is only after much contemplation and consideration, Plaintiff brings this Appeal, or, alternatively, Request for Writ. Due to the facts and circumstances surrounding this litigation – including those injustices described herein, Plaintiff was deprived of a just, right, and fair determination of his claims. Again, Plaintiff – from the beginning – has sought nothing more than a resolution to the damages and injuries caused by Defendants, attempting to avoid excess costs and time for all parties. Therefore, Plaintiff hereby appeals or, alternatively, requests a writ of certiorari for, this case as set out in its Motion attached hereto.

Respectfully submitted,


By:_____
Shea Palavan
State Bar No. 24083616
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

**Pro Se**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served by electronic mail, certified mail, return receipt requested, courier receipted delivery, and/or facsimile on each attorney of record and/or party in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE on this 10th day of April 2014.

Shea Palavan
PRO SE

# EXHIBIT A

UNOFFICIAL COPY

## CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE SMALL CLAIMS COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | PRECINCT 1, PLACE 1 |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | OF HARRIS COUNTY, TEXAS |

### DEFENDANTS TBW DEVELOPMENT, LLC and BRIAN MCCULLEY'S REQUEST FOR DISCLOSURE TO PLAINTIFF

TO: Plaintiff Shea Palavan, *Pro Se*, 324 East 26th Street, Houston, Texas 77008; Telephone: (832) 303-0704.

Pursuant to Rule 194 of the *Texas Rules of Civil Procedure*, you are requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2 as follows:

    (a)    the correct names of the parties to the lawsuit;

    (b)    the name, address, and telephone number of any potential parties;

    (c)    the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

    (d)    the amount and any method of calculating economic damages;

    (e)    the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

    (f)    for any testifying expert:

        1.    the expert's name, address, and telephone number;

UNOFFICIAL COPY

2. the subject matter on which the expert will testify;

3. the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

4. if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

   (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

   (B) the expert's current resume and bibliography;

(g) any indemnity and insuring agreements described in Rule 192.3(f);

(h) any settlement agreements described in Rule 192.3(g);

(i) any witness statements described in Rule 192.3(h);

(j) in a suit alleging physical or mental injury from damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills; and

(l) the name, address, and telephone number of any person who may be designated as a responsible third party.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Disclosure to Plaintiff
4146                                        Page 2 of 3

Respectfully submitted,

**J D Herberger & Associates, PC**

By: _____
John D. Herberger
State Bar: 09501190
Carl W. Thompson
State Bar: 24056430
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711
john@herbergerlaw.com

**ATTORNEYS FOR DEFENDANTS
TBW DEVELOPMENT, LLC AND
BRIAN MCCULLEY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile as follows:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

this ___6th___ day of August, 2013.

_____
John D. Herberger

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Disclosure to Plaintiff
4146                                                    Page 3 of 3

UNOFFICIAL COPY

UNOFFICIAL COPY-NOT FOR USE

## CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE SMALL CLAIMS COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | PRECINCT 1, PLACE 1 |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | OF HARRIS COUNTY, TEXAS |

### DEFENDANTS TBW DEVELOPMENT, LLC and
### BRIAN MCCULLEY'S REQUEST FOR ADMISSIONS TO PLAINTIFF

TO:   Plaintiff Shea Palavan, *Pro Se*, 324 East 26th Street, Houston, Texas 77008; Telephone: (832) 303-0704.

COME NOW, TBW Development, LLC and Brian McCulley, Defendants herein and pursuant to Rule 198 of the *Texas Rules of Civil Procedure*, serve their Request for Admission upon Plaintiff Shea Palavan. Plaintiff must admit or deny each request, in writing, within thirty days (30) after the service of such Admissions and shall be given to the undersigned attorney of record.

### Definitions

1.   "Plaintiff", "you" or "your" means Shea Palavan and all persons or entities purporting to act on his behalf.

2.   "Defendants" mean TBW Development, LLC and its current or former owners, officers, employees or agents and all persons or entities purporting to act on its behalf or on behalf of its subsidiaries, divisions or predecessors; and Brian McCulley and all persons or entities purporting to act on his behalf.

3.   "Person" means any natural person, corporation, firm, association, partnership, joint

venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

4. "Communication" means any oral or written communication of which Plaintiff has knowledge, information, or belief.

5. The "Construction Project" means the improvements made to the real property located at 320 East 26th Street, Houston, Texas 77008.

6. "Photograph" means any pictures or videos taken of the Construction Project and the events therein.

7. "Receipts", "Invoices", or "Statements" means any document displaying an amount owed for services rendered.

Respectfully submitted,

**J D HERBERGER & ASSOCIATES, PC**

By:_____

John D. Herberger
State Bar: 09501190
Carl W. Thompson
State Bar: 24056430
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711
john@herbergerlaw.com

**ATTORNEYS FOR DEFENDANTS
TBW DEVELOPMENT, LLC and
BRIAN MCCULLEY**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                              Page 2 of 6

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile as follows:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

this ____ day of August, 2013.

_____
John D. Herberger

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                                    Page 3 of 6

UNOFFICIAL COPY

## DEFENDANTS TBW DEVELOPMENT, LLC and
## BRIAN MCCULLEY'S REQUEST FOR ADMISSIONS TO PLAINTIFF

Admit or deny the truth of the following statements:

### Request No. 1

Admit that you own your vehicle.

**Response:**

### Request No. 2

Admit that you lease your vehicle.

**Response:**

### Request No. 3

Admit that you own your girlfriend's vehicle.

**Response:**

### Request No. 4

Admit that you lease your girlfriend's vehicle.

**Response:**

### Request No. 5

Admit that you repaired your vehicle's exterior this year (2013).

**Response:**

### Request No. 6

Admit that your vehicle's exterior was damaged with "Cement Spatter".

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                     Page 4 of 6

## Request No. 7

Admit that you have ever reported late to work.

**Response:**

## Request No. 8

Admit that you have ever reported late to work as a result of the Construction Project.

**Response:**

## Request No. 9

Admit that your employer has ever been dissatisfied with your work performance.

**Response:**

## Request No. 10

Admit that your employer has ever been dissatisfied with your arrival time at work.

**Response:**

## Request No. 11

Admit that you own the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

## Request No. 12

Admit that you lease the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

## Request No. 13

Admit that you have ever taken prescription medications for stress.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley;*
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                          Page 5 of 6

### Request No. 14

Admit that you have ever taken any medications for stress.

**Response:**

### Request No. 15

Admit that you have ever taken any medications for Emotional Distress.

**Response:**

### Request No. 16

Admit that you have ever taken prescription medications for Emotional Distress.

**Response:**

### Request No. 17

Admit that your girlfriend leases the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

### Request No. 18

Admit that your girlfriend owns the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

### Request No. 19

Admit that your girlfriend lives with you at the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                        Page 6 of 6

## CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE SMALL CLAIMS COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | PRECINCT 1, PLACE 1 |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | OF HARRIS COUNTY, TEXAS |

### DEFENDANTS TBW DEVELOPMENT LLC and
### BRIAN MCCULLEY'S REQUEST FOR PRODUCTION TO PLAINTIFF

TO:     Plaintiff Shea Palavan, *Pro* Se, 324 East 26th Street, Houston, Texas 77008; Telephone: (832) 303-0704.

COMES NOW, TBW Development, LLC and Brian McCulley, Defendants herein and request that Plaintiff Shea Palavan ("Plaintiff") produces and permits Defendants to inspect and copy, if desired, the documents designated below.

Defendants specify the thirtieth day after service of this Request, by 5:00 p.m., as the date and time for said production at the office of Defendants' counsel, J D HERBERGER & ASSOCIATES, PC, 11767 Katy Freeway, Suite 920, Houston, Texas 77079, as the place therefore.

If, in the response to any requests, there are any documents requested which are not produced because of claim of privilege or for any other reason, Plaintiff is requested to note the failure to produce as an objection to the request and comply with the request to the extent that it is not subject to the objection. Any such objection should identify the documents not produced by date, type of document, author, all recipients, the type of privilege asserted, and the basis therefore.

If, in the response to any requests, there are any documents requested which are not produced because such documents have been destroyed, Plaintiff is requested to note the failure to produce,

UNOFFICIAL COPY

and to state and when and under what circumstances such document was destroyed.

"Document" is used herein in the broadest sense and includes, but is not limited to, each of the following that is in the possession, custody or control of Plaintiff or that can be obtained by Plaintiff through the exercise of a superior right to compel production from a third person: the original and each non-identical copy (whether different from the original by virtue of notes made or otherwise) and, if the original is not in existence or subject to your control, each non-identical copy, regardless of origin or location, of any handwritten, typewritten, printed, recorded, transcribed, punched, taped, e-mailed, photocopied, facsimile, filmed, microfilmed, or otherwise prepared matter, including without limitation drafts, however produced or reproduced, and further including without limitation any papers, books, accounts, drawings, graphs, charts, telegrams, electronic or videotape recordings, e-mails and any other date compilations from which information can be obtained or translated into reasonable useable form.

The documents designated for production are the following documents, as defined in the broadest sense by the *Texas Rules of Civil Procedure* that are in the possession, custody or control of Defendant, its representatives or counsel.

## Definitions

1. "Plaintiff", "you" or "your" means Shea Palavan and all persons or entities purporting to act on his behalf.

2. "Defendants" mean TBW Development, LLC and its current or former owners, officers, employees or agents and all persons or entities purporting to act on its behalf or on behalf of its subsidiaries, divisions or predecessors; and Brian McCulley and all persons or entities purporting to act on his behalf.

3. "Person" means any natural person, corporation, firm, association, partnership, joint venture,

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                        Page 2 of 8

proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

4.    "Communication" means any oral or written communication of which Plaintiff has knowledge, information, or belief.

5.    The "Construction Project" means the improvements made to the real property located at 320 East 26th Street, Houston, Texas 77008.

6.    "Photograph" means any pictures or videos taken of the Construction Project and the events therein.

7.    "Receipts", "Invoices", or "Statements" means any document displaying an amount owed for services rendered.

Respectfully submitted,

**J D HERBERGER & ASSOCIATES, PC**

By: _____

John D. Herberger
State Bar: 09501190
Carl W. Thompson
State Bar: 24056430
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711
john@herbergerlaw.com

**ATTORNEYS FOR DEFENDANTS
TBW DEVELOPMENT, LLC and
BRIAN MCCULLEY**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                    Page 3 of 8

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile as follows:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

this ____ day of August, 2013.

_____
John D. Herberger

UNOFFICIAL COPY

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                         Page 4 of 8

# DEFENDANTS TBW DEVELOPMENT, LLC and
# BRIAN MCCULLEY'S REQUEST FOR PRODUCTION TO PLAINTIFF

### Request No. 1

Please produce any and all documents that in any way form the basis of, or are intended to be presented as support for any of your claims against Defendant.

**Response:**

### Request No. 2

Please produce any and all photographs of the damage sustained to Plaintiff's real property as a result of the Construction Project.

**Response:**

### Request No. 3

Please produce any and all photographs of the damage sustained to Plaintiff's vehicle as a result of the Construction Project.

**Response:**

### Request No. 4

Please produce any and all photographs of the damage sustained to Plaintiff's girlfriend's vehicle as a result of the Construction Project.

**Response:**

### Request No. 5

Please produce any and all photographs of the Construction Project.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                          Page 5 of 8

**Request No. 6**

Please produce any and all photographs of Defendant's construction crews blocking Plaintiff's driveway.

**Response:**

**Request No. 7**

Please produce any and all photographs of the nails left in the Plaintiff's driveway as a result of the Construction Project.

**Response:**

**Request No. 8**

Please produce any and all receipts, invoices, or statements for the repair of Plaintiff's vehicle as a result of the damage sustained to Plaintiff's vehicle during the Construction Project.

**Response:**

**Request No. 9**

Please produce any and all receipts, invoices, or statements for the repair of Plaintiff's girlfriend's vehicle as a result of the damage sustained to Plaintiff's girlfriend's vehicle during the Construction Project.

**Response:**

**Request No. 10**

Please produce any and all letters, memoranda, correspondence, emails or any other forms of communication, as well as all documents relating to any such communications, made between you and your employer regarding your late arrival to the work place as a result of the events at the Construction Project.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                    Page 6 of 8

## Request No. 11

Please produce any and all letters, memoranda, correspondence, emails or any other forms of communication, as well as all documents relating to any such communications, made between you and Defendant with the Construction Project.

**Response:**

## Request No. 12

Please produce any and all letters, memoranda, correspondence, emails or any other forms of communication, as well as all documents relating to any such communications, made between you and any other person with regard to the claims asserted in the Plaintiff's Original Petition.

**Response:**

## Request No. 13

Please produce any and all non-privileged documents that were reviewed or relied upon in answering the Request for Disclosure and Request for Admissions contemporaneously served with this Request for Production.

**Response:**

## Request No. 14

Please produce all documents, records and communications which tend to show the entitlement of Plaintiff to any damages alleged in Plaintiff's Original Petition.

**Response:**

## Request No. 15

Please produce all demands sent to Defendant with regard to the Construction Project.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                                Page 7 of 8

## Request No. 16

Please produce any and all letters, memoranda, correspondence, emails or any other forms of communication, as well as all documents relating to any such communications, made between any representative of TBW Development, LLC and Plaintiff.

**Response:**

## Request No. 17

Please produce all receipts, invoices, checks, or other documents which support and/or relate to your claim for damages as contained in your PRAYER under paragraph "F" of your Plaintiff's Original Petition in this case.

**Response:**

## Request No. 18

Please produce all medical records you have for treatments of emotional distress.

**Response:**

## Request No. 19

Please produce all documents regarding your claim for "Loss of Earnings".

**Response:**

UNOFFICIAL COPY

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*; In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                    Page 8 of 8

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE SMALL CLAIMS COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | PRECINCT 1, PLACE 1 |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | OF HARRIS COUNTY, TEXAS |

**DEFENDANTS TBW DEVELOPMENT, LLC and**
**BRIAN MCCULLEY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

TO:    Plaintiff Shea Palavan, *Pro Se*, 324 East 26th Street, Houston, Texas 77008; Telephone: (832) 303-0704.

Pursuant to Rule 197 of the *Texas Rules of Civil Procedure*, Defendants TBW Development, LLC and Brian McCulley serve these Interrogatories upon Plaintiff Shea Palavan. The answers to the Interrogatories shall be made under oath, separately and fully, in writing, within thirty (30) days after the service of such Interrogatories and shall be given to the undersigned attorneys of record.

Respectfully submitted,

**J D HERBERGER & ASSOCIATES, PC**

By:_____
John D. Herberger
State Bar No.: 09501190
Carl W. Thompson
State Bar No.: 24056430
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711
john@herbergerlaw.com

**ATTORNEYS FOR DEFENDANTS**
**TBW DEVELOPMENT, LLC and**
**BRIAN MCCULLEY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile as follows:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

this _____ day of August, 2013.

_____
John D. Herberger

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                        Page 2 of 10

## DEFINITIONS AND INSTRUCTIONS

### Definitions:

1.  "Document" means the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) of any written or graphic matter, however produced or reproduced and including, but not limited to:  papers, books, letters, correspondence, telegrams, cables, telex messages, memoranda, typed or handwritten notes, notations, work papers, transcripts, minutes, reports and records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical records, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, microfiche, all other records kept by computer, electronic, photographic, or mechanical means, and items similar to the foregoing.  If any tape, disc, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out and/or interpretation thereof, and any other documents which are necessary to convert such information into a useable and useful format.

2.  "Identify" or "Identity" means:

    A.  In the case of a natural person, to state that person's:

        (1) full name;
        (2) last known residential address;
        (3) last known employer or business affiliation;
        (4) last known occupation and business position held; and
        (5) last known business address.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley;*
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                   Page 3 of 10



B.     In the case of a communication in the form of a document, to state:

(1) the identity of persons preparing or authorizing it and the sender, if any:
(2) its title or a description of the general nature of its subject matter;
(3) the identity of the addressees, including carbon copy holders both regular and "blind" or the persons to whom it was sent, if any;
(4) its date or dates of preparation;
(5) its date and manner of distribution and publication, if any;
(6) the location of each non-identical copy and identity of the present custodian thereof;
(7) the identity of the person or persons who can identify it;
(8) the substance of the writing on the document; and
(9) or in lieu of supplying the foregoing information, attach a copy of each such document with your answers to these interrogatories.

C.     In the case of a communication in the form of an oral statement, to state:

(1) the identity of the person uttering the oral statement;
(2) the place at which such oral statement was uttered;
(3) the date on which such oral statement was uttered;
(4) the identity of each person in whose presence or hearing such oral statement was uttered; and
(5) the substance of the oral statement.

D.     In the case of communication in the form of a meeting or conference, to state:

(1) the identity of each person present in person or by telephone or by other electronic media;
(2) the date of such meeting or conference;
(3) the place of such meeting or conference;
(4) the identity of each document distributed or exchanged at such meeting or conference;
(5) the identity of each document prepared prior to, during or following such meeting or conference relating to it, including but not limited to, an agenda or minutes; and
(6) the identity of the oral statements made during the meeting or conference.

3.     "Plaintiff", "you" or "your" means Shea Palavan and all persons or entities purporting to

act on his behalf.

4.     "Defendants" mean TBW Development, LLC and its current or former owners, officers,

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                          Page 4 of 10

employees or agents and all persons or entities purporting to act on its behalf or on behalf of its subsidiaries, divisions or predecessors; and Brian McCulley and all persons or entities purporting to act on his behalf.

5. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

6. "Communication" means any oral or written communication of which Plaintiff has knowledge, information, or belief.

7. The "Construction Project" means the improvements made to the real property located at 320 East 26th Street, Houston, Texas 77008.

8. "Photograph" means any pictures or videos taken of the Construction Project and the events therein.

9. "Receipts", "Invoices", or "Statements" means any document displaying an amount owed for services rendered.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                    Page 5 of 10

## Instructions:

1. **Specification of Factual Basis**. A request to "specify fully and exactly the factual basis for any contention or allegation" includes, without limitation, the request that you state whatever factual information you or your attorneys or consultants have which enables you or them to assert such contention or allegation in good faith and, in addition, that you identify all sources of such information, including both persons and documents.

2. **Singular/Plural**. The singular shall include the plural and the plural shall include the singular.

3. **Estimates**. To the extent that precise and complete information cannot be furnished, such information as is available shall be supplied, together with an estimate of the precise and completed information. Where such an estimate is given, the method employed in making the estimate shall be described.

4. **Separate Answers**. A separate answer shall be furnished for each interrogatory, or if an interrogatory contains more than one part, a separate answer shall be furnished for each part.

5. **Source of Information**. In answering each interrogatory, state whether the information is within the personal knowledge of the person answering, and if not, the identity, if known, of each person to whom the information is a matter of personal knowledge.

6. **Specification of Corporate Agents**. When identifying or describing any oral statements made, any documents written or any act committed by a corporation, identify the natural person or persons who made the statement, authored the document or committed the act.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley;*
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                         Page 6 of 10

7. **Supplementation of Answers.** Pursuant to the provisions of *Texas Rules of Civil Procedure*, you shall reasonably amend your answers to the following interrogatories if subsequent to the date of service of your answers you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer, though correct when made, is no longer true and the circumstances are such that the failure to amend the answer is in substance a knowing concealment.

8. **Privilege.** If you claim as privileged, or otherwise cloaked from discovery, any communication or document responsive to one or more of the following interrogatories, you are to give the date of the communication or document, the identity of the persons who are parties to the communication or who made or received the document and all copies thereof, the subject matter with which the document or communication is concerned, all persons to whom distributed, each interrogatory to which the document or communication is responsive and the grounds upon which you rely in claiming that the communication or document is privileged or otherwise cloaked from discovery.

9. **Destruction.** If any document responsive to one or more of the following interrogatories has been destroyed, you are to state when and under what circumstances such document was destroyed.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley;*
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                                    Page 7 of 10

## DEFENDANTS TBW DEVELOPMENT, LLC and
## BRIAN MCCULLEY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

### Interrogatory No. 1

Please identify each person assisting in the answering of these interrogatories, including the address and telephone number of each person identified.

**Answer:**

### Interrogatory No. 2

Please identify and describe the process by which you became involved with TBW Development, LLC and/or Brian McCulley.

**Answer:**

### Interrogatory No. 3

Please identify and describe the Construction Project.

**Answer:**

### Interrogatory No. 4

Please identify and describe the houses on your street.

**Answer:**

### Interrogatory No. 5

Please identify and describe other construction projects in your area.

**Answer:**

### Interrogatory No. 6

What amount of damages do you allege is owed to you from TBW Development, LLC and/or Brian McCulley and describe the calculation used to determine that amount? If this sum is unknown at this point, please describe basis of the calculation that you intend to utilize to

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                      Page 8 of 10

**Answer:**

## Interrogatory No. 7

Identify each person who you expect to call at trial.

**Answer:**

## Interrogatory No. 8

If you denied any of the Requests for Admission simultaneously served upon you with this First Set of Interrogatories, please identify and describe the reasons why each such Request was denied.

**Answer:**

## Interrogatory No. 9

Please identify and describe with specificity all actions taken by you to protect both your personal and real property while the Construction Project took place.

**Answer:**

## Interrogatory No. 10

Please identify and describe all funds spent by you for the repair of any damage sustained to your personal and/or real property as a result of the Construction Project.

**Answer:**

## Interrogatory No. 11

Please identify and describe all offers made by TBW Development, LLC and/or Brian McCulley to remedy the dispute you have with the Construction Project.

**Answer:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                              Page 9 of 10

## Interrogatory No. 12

Please identify and describe all conversations with your employer in regards to any delays in getting to work that may have occurred as a result of the Construction Project.

**Answer:**


## Interrogatory No. 13

Please state all facts upon which you rely for your claim Boulevard Realty, LLC is liable to you for damages.

**Answer:**


## Interrogatory No. 14

Please state all facts upon which you rely for your claim that TBW Development, LLC is liable to you for damages.

**Answer:**


## Interrogatory No. 15

Please state all facts upon which you rely for your claim that Brian McCulley is liable to you for damages.

**Answer:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                     Page 10 of 10

# EXHIBIT B

UNOFFICIAL COPY

**CAUSE NO. SC11C0016011**

| | | |
|---|---|---|
| SHEA PALAVAN,<br>　　　Plaintiff, | §<br>§<br>§ | IN THE SMALL CLAIMS COURT |
| V. | §<br>§ | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD<br>REALTY, LLC, AND TBW<br>DEVELOPMENT, LLC,<br>　　　Defendants. | §<br>§<br>§<br>§ | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S DEMAND FOR JURY TRIAL FOR SMALL CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 504.1, Plaintiff, Shea Palavan, hereby demands a trial by jury on all issues so triable in the above-styled case and encloses a check in the amount of $22.00 made payable to the Harris County Justice of the Peace Courts for the applicable jury fee.

Respectfully submitted,

By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Shea Palavan
State Bar No. 24083616
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

**Pro Se**

Enclosures

CC:
John D. Herberger
State Bar: 09501190
J D Hergberger & Associates PC

11767 Katy Freeway, Suite 920
Houston, Texas 77079
(281) 920-4700 (Tel.)
(281) 920-4711 (Fac.)
john@herbergerlaw.com

Timothy R. Ploch
State Bar: 16073280
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
(713) 862-4300 (Tel.)
(713) 862-7575 (Fac.)
lawplochstaff@flash.net

via electronic mail and/or facsimile

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served by electronic mail, certified

mail, return receipt requested, courier receipted delivery, and/or facsimile on each attorney of

record and/or party in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE on

this __25th__ day of __February__ 20 __14__ .

_____
Shea Palavan
PRO SE

UNOFFICIAL COPY

UNOFFICIAL COPY

# EXHIBIT C

# Shea Palavan
**Attorney at Law**

March 6, 2014

Judge Dale M. Gorcynski
Small Claims Court of Harris County Texas
Precinct 1, Place 1                                          *Via Priority Mail CMR*
Attn: Civil Intake
7300 North Shepherd, Room 138
Houston, Texas 77091-2437

> RE: **Case No. SC11C0016011**; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*; In the Small Claims Court Precinct 1, Place 1 of Harris County, Texas

Dear Clerk of Said Court:

Enclosed you will find a copy of the returned Jury Demand by Plaintiff, a new Jury Demand by Plaintiff, and a money order in the amount of $22.00 made payable to Harris County Justice of the Peace Courts for the applicable jury fee. A copy of this document has also been sent to Defendants' counsel via electronic mail.

Thank you for your assistance and please contact me if you have any questions.

Respectfully,

Shea Palavan

Pro Se Plaintiff

SP/
Enclosures

Cc:
John Herberger
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Phone: (281) 920-4700
Fax: (281) 920-4711
Email: john@herbergerlaw.com

Timothy R. Ploch
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
Phone: (713) 862-4300
Fax: (713) 862-7575
Email: lawplochstaff@flash.net

UNOFFICIAL COPY

# EXHIBIT D

UNOFFICIAL COPY

# EXHIBIT E

UNOFFICIAL COPY

**CAUSE NO. SC11C0016011**

| | | |
|---|---|---|
| SHEA PALAVAN,<br>Plaintiff, | § | IN THE SMALL CLAIMS COURT |
| | § | |
| V. | § | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD<br>REALTY, LLC, AND TBW<br>DEVELOPMENT, LLC,<br>Defendants. | §<br>§<br>§<br>§ | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S DEMAND FOR JURY TRIAL FOR SMALL CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 504.1, Plaintiff, Shea Palavan, hereby demands a trial by jury on all issues so triable in the above-styled case and encloses a check in the amount of $22.00 made payable to the Harris County Justice of the Peace Courts for the applicable jury fee.

Respectfully submitted,

By: _____
Shea Palavan
State Bar No. 24083616
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

**Pro Se**

Enclosures

CC:
John D. Herberger
State Bar: 09501190
J D Hergberger & Associates PC

11767 Katy Freeway, Suite 920
Houston, Texas 77079
(281) 920-4700 (Tel.)
(281) 920-4711 (Fac.)
john@herbergerlaw.com

Timothy R. Ploch
State Bar: 16073280
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
(713) 862-4300 (Tel.)
(713) 862-7575 (Fac.)
lawplochstaff@flash.net

via electronic mail and/or facsimile

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served by electronic mail, certified

mail, return receipt requested, courier receipted delivery, and/or facsimile on each attorney of

record and/or party in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE on

this 6th day of March 20 14.

Shea Palavan
PRO SE

# EXHIBIT F

UNOFFICIAL COPY



| Print Date | Cost | Recipient |
|---|---|---|
| 04/02/2014 | $6.48 | |
| 03/13/2014 | $0.98 | |
| 03/13/2014 | $4.75 | |
| 03/06/2014 | $0.48 | |
| 02/26/2014 | $2.03 | 1 NetStamp at $2.03 each |
| 02/26/2014 | $0.49 | 1 NetStamp at $0.49 each |
| 02/26/2014 | $0.49 | 1 NetStamp at $0.49 each |
| 02/25/2014 | $6.48 | Small Claims, Attn: Civil Intake, 7300 North Shepherd Dr Ste 138, Houston TX 77091-2474 |
| 02/25/2014 | $6.48 | Small Claims, Attn: Civil Intake, 7300 North Shepherd Dr Ste 138, Houston TX 77091-2474 |
| 02/19/2014 | $8.98 | Small Claims Court of Harris County Texas, Attn: Civil Intake, 7900 North Shepherd Dr Room 138, Houston TX 77088 |
| 02/19/2014 | $8.98 | |
| 02/17/2014 | $2.45 | Small Claims, Court of Harris County TX Precint 1,, Attn: Civil Intake, 7300 North Shepherd Dr Ste 138, Houston TX 77091-2474 |
| 02/05/2014 | $6.90 | 1 NetStamp at $6.90 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/23/2014 | $11.50 | 25 NetStamps at $0.46 each |
| 01/23/2014 | $11.50 | 25 NetStamps at $0.46 each |
| 01/20/2014 | $11.50 | 25 NetStamps at $0.46 each |
| 01/20/2014 | $0.46 | 25 NetStamps at $0.46 each |
| 01/16/2014 | $2.52 | |
| 01/06/2014 | $6.11 | |
| 01/06/2014 | $7.37 | |
| 12/18/2013 | $7.17 | |
| 12/17/2013 | $5.15 | |
| 12/13/2013 | $6.11 | |
| 12/04/2013 | $6.97 | |
| 12/04/2013 | $2.12 | |
| 12/03/2013 | $7.17 | |
| 11/27/2013 | $11.50 | 25 NetStamps at $0.46 each |
| 11/20/2013 | $11.50 | 25 NetStamps at $0.46 each |
| 11/20/2013 | $11.50 | 25 NetStamps at $0.46 each |
| 11/20/2013 | $11.50 | 25 NetStamps at $0.46 each |
| 11/15/2013 | $3.84 | 2 NetStamps at $1.92 each |
| 11/15/2013 | $10.58 | 23 NetStamps at $0.46 each |
| 11/05/2013 | $5.44 | |
| 10/21/2013 | $1.05 | 1 NetStamp at $1.05 each |
| 10/15/2013 | $0.46 | |

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photograph.c reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

| Status | Tracking #/Insurance ID | Date Delivered | Carrier | Class | Servi Special Services | Insured Value | Cost Code | Weight | Mail Date | Refund Type |
|---|---|---|---|---|---|---|---|---|---|---|
| Printed | | | USPS | First Class | Certified Mail (TM), Return Receipt | | <None> | 0lb 1oz | 04/03/2014 | E-refund |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | 03/13/2014 | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 0oz | 03/06/2014 | E-refund |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 6oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | | Mail-in |
| Refunded | | | USPS | Priority Mail (R) | | | <None> | 1lb 1oz | 02/18/2014 | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 8oz | 02/18/2014 | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 0oz | 02/19/2014 | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 0oz | 02/25/2014 | E-refund |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 0oz | 02/25/2014 | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | 01/21/2014 | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | 01/16/2014 | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | | Mail-in |
| Delivered | 9.40551E+21 | 12/16/2013 | USPS | Priority Ma USPS Tracking | | | <None> | 0lb 15oz | 12/13/2013 | E-refund |
| Printed | | | USPS | First Class | Certified Mail (TM), Return Receipt | | <None> | 0lb 4oz | 12/13/2013 | Mail-in |
| Printed | | | USPS | First Class | Certified Mail (TM), Return Receipt | | <None> | 0lb 5oz | 12/18/2013 | Mail-in |
| Printed | | | USPS | First Class | Certified Mail (TM), Return Receipt | | <None> | 0lb 1oz | 12/18/2013 | Mail-in |
| Printed | | | USPS | First Class | Certified Mail (TM), Return Receipt | | <None> | 0lb 7oz | 11/27/2013 | Mail-in |
| Printed | | | USPS | First Class | Certified Mail (TM), Return Receipt | | <None> | 0lb 3oz | 12/03/2013 | Mail-in |
| Printed | | | USPS | First Class | Certified Mail (TM), Return Receipt | | <None> | 0lb 9oz | 12/04/2013 | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | 12/04/2013 | E-refund |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | 12/13/2013 | E-refund |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | 12/17/2013 | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | 12/18/2013 | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 4oz | 11/27/2013 | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 6oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | | Mail-in |
| Delivered | 9.40551E+21 | 11/09/2013 | USPS | Priority Ma USPS Tracking | | | <None> | 2lb 0oz | 11/05/2013 | E-refund |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | | <None> | 0lb 1oz | 10/15/2013 | E-refund |

# APPENDIX G

1047954

CAUSE NO. SC11C0016011            C.C.C.L. #3

| | | |
|---|---|---|
| SHEA PALAVAN, | § | IN THE SMALL CLAIMS COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD | § | |
| REALTY, LLC, and TBW | § | |
| DEVELOPMENT, LLC, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF SHEA N. PALAVAN

Before me, the undersigned authority, personally appeared, Shea N. Palavan, hereby declares under penalty of perjury of the laws of the United States and the State of Texas that, to the best of my knowledge, the following statements are true and correct:

1.      I am over the age of eighteen (18) and am a party to this litigation.

2.      I am an attorney licensed in the State of Texas, and represent myself, pro se, in the above-styled matter.  I am currently employed at the law firm Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC as an associate attorney.  I have been so employed for the last 13 months.

3.      I am the tenant of the property located at 324 East 26th Street, Houston, Harris County, Texas 77008 and have been so for at least the past four (4) years.

4.      Defendants were involved in the construction of two houses on a lot located at 320 East 26th Street, Houston, Harris County, Texas 77008, which is located adjacent to my property.

5.      Prior to the instigation of this lawsuit, I, as Plaintiff in this matter, attempted to contact Defendants numerous times to inform them about damages to my property, as well as interferences with the use and enjoyment of my property due to the construction and/or the employees of Defendants.  Defendants only ever responded once, with an empty promise to talk to their employees.  Defendants never even responded to Plaintiff's formal demand sent on April 25, 2013.  As a result, I filed this lawsuit to recover physical and mental damages caused by Defendants.

6.      The claims brought in the above-styled lawsuit are Trespass, Trespass to Chattels, and Nuisance claims.  All claims stem from Defendants actions and/or the actions of Defendants'

employees and other persons under the control of Defendants which occurred no later than March 28, 2013 when Plaintiff sent an email to Defendants.

7. After failing to respond to Plaintiff's attempts at contact, Defendants finally responded when Plaintiff filed the above-styled lawsuit. Defendants responded by filing their Original Answer on August 2, 2013, as well as voluminous amounts of discovery, including Requests for Disclosure, Requests for Admission, Requests for Production, and Interrogatories on August 6, 2013, all without the approval of the Justice Court. *See* Exhibit A. In response, Plaintiff filed a Request for Discovery Protection to protect himself from Defendants' bombardment. Rather than sanction or otherwise punish Defendants for this blatant disregard of the rules, the Justice Court unjustly allowed Defendants to serve their full discovery of Plaintiff.

8. Plaintiff also filed his own Request to Serve Discovery with the Justice Court, requesting permission to serve discovery requests on Defendants, over a month prior to trial on February 17, 2014. However, the Justice Court failed to rule on Plaintiff's request, and Plaintiff was left without meaningful discovery for his case, while Defendants benefitted from the Justice Court's allowance of their discovery in spite of the rules.

9. Plaintiff believes, and has always believed, that this case would be best solved out of court, without the necessary expense of money and time. As such, Plaintiff filed a Request for Mediation, or, Alternatively, Settlement Conference on February 25, 2014 in order to request the Justice Court refer the case to mediation, or get the parties together to discuss possible settlement. Defendants failed to meaningfully respond to any of Plaintiff's attempts to contact them – including formal demands and offers of settlement – up and until Defendants sent their first offer of settlement on February 20, 2013.

10. Defendants' first offer was sent over 6 months after this suit was filed on July 10, 2013, 10 months from Plaintiff's first demand on April 25, 2013, and nearly a year after the actions and events made the basis of this lawsuit. Further, the offer received from Defendants was unreasonable, in light of the facts and Plaintiff's claims.

11. After only one round of settlement negotiations, Defendants then refused to negotiate any further. The day before the scheduled trial on March 20, 2014, Plaintiff was informed that his last counter of nearly half his original demand was refused and Defendants would no longer negotiate.

12. Thus, Plaintiff was even more certain that mediation or court required discussions would be the only way to get Defendants to cooperate meaningfully. However, the Justice Court never ruled on Plaintiff's request, even after both parties fully briefed the issue. Defendants filed their response on March 6, 2014 and Plaintiff filed his reply on March 13, 2014.

13. Plaintiff filed a Request for Jury Trial in the above-styled case on February 25, 2014, and sent a personal check for the applicable jury fee. The Justice Court returned the check because they do not take personal checks. Plaintiff then got a money order in the amount of $22.00 from Wells Fargo Bank, and send a Renewed Request for Jury Trial with a letter to the Justice Court explaining the error, on March 6, 2014 – within the required time limit under Rules 500.5

and 504.1. Even after receiving Plaintiff's timely renewed request, the Justice Court improperly denied Plaintiff his right to jury trial, incorrectly holding the trial on March 20, 2014. *See* Exhibits B-F.

14. Even the day of trial, when Plaintiff explained the applicable rules and what happened, the Justice Court refused to acknowledge the timely filing, and denied Plaintiff a jury trial.

15. During the trial, the Justice Court refused to acknowledge two of Plaintiff's claims: his Nuisance claim and Trespass claim. The Justice Court stated that the only issue he saw was the damage to Plaintiff's vehicle, while everything else was irrelevant and refused to allow Plaintiff to even put on evidence of any claim. By ignoring two of Plaintiff's claims, the Justice Court improperly summarily denied those claims.

16. Plaintiff also brought a witness to the trial, Thien-Song Diep, his girlfriend to testify regarding the damages to Plaintiff. The Justice Court refused to allow her to testify.

17. After ignoring two of Plaintiff's claims, the Justice Court asked if Defendants' unreasonable settlement offer – which they refused to negotiate on – was still on the table. Having refused to hear any evidence from Plaintiff, Plaintiff felt his only options were (1) to dismiss his claims since the Justice Court seemed uninterested in properly trying the case, or (2) settle with Defendants and appeal the case to get a proper trial. Thus, rather than giving up his valid, proper claims, Plaintiff decided to agree in court and appeal from the many injustices he faced in the Justice Court.

STATE OF TEXAS       §
COUNTY OF HARRIS     §

SUBSCRIBED and SWORN TO BEFORE ME on this ___10th___ day of ___April___, 2014.


CRYSTAL M THANOS
My Commission Expires
October 26, 2016

_____
Notary Public, State of Texas



## CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN, | § | IN THE SMALL CLAIMS COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD | § | |
| REALTY, LLC, and TBW | § | |
| DEVELOPMENT, LLC, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

### AFFIDAVIT OF THIEN-SONG T. DIEP

Before me, the undersigned authority, personally appeared, Thien-Song Diep, hereby declares under penalty of perjury of the laws of the United States and the State of Texas that, to the best of my knowledge, the following statements are true and correct:

1.     I am over the age of eighteen (18) and am a party to this litigation.

2.     I am currently a student at the University of Houston, Main Campus, enrolled in the Biomedical Engineering program. My expected graduation date is May 2015.

3.     I am Plaintiff's girlfriend, and I am also a tenant of the property located at 324 East 26th Street, Houston, Harris County, Texas 77008 and have been so for at least the past four (4) years.

4.     Defendants were involved in the construction of two houses on a lot located at 320 East 26th Street, Houston, Harris County, Texas 77008, which is located adjacent to my property.

5.     I took off time from class and studying to be a witness for Plaintiff at the time of trial in the above-styled lawsuit, on March 20, 2014. I was present and aware of the events which occurred at the trial.

6.     Prior to the Justice Court talking to the parties, Plaintiff disputed his right to a jury trial, and the timeliness of his request for a jury trial. Even after explaining the applicable rules and what happened, the Justice Court did not allow Plaintiff a jury trial and stated that the request was not timely.

7.     During the trial, the Justice Court stated that the only issue he saw as relevant or necessary to discuss was the damage to Plaintiff's vehicle. The Justice Court then said everything

else was not needed to be heard. The Justice Court never let Plaintiff give any evidence other than the answers to the few questions that the Justice Court asked to Plaintiff. Any time Plaintiff attempted to discuss evidence the Justice Court did not consider relevant, Plaintiff was cut off. Also, as a witness, I thought I would be able to testify about what happened, but, just like the other evidence, the Justice Court never let me testify.

8. After deciding only the damage to Plaintiff's vehicle was relevant, the Justice Court asked if Defendants' still would present their previous settlement to Plaintiff. After discussing it with Plaintiff, Plaintiff decided that the Justice Court did not want to hear his claims and decided that, rather than dropping his claims, Plaintiff would accept the Justice Court's suggestion to settle and then appeal the case.



**STATE OF TEXAS** §
**COUNTY OF HARRIS** §

SUBSCRIBED and SWORN TO BEFORE ME on this __10th__ day of ___April___, 2014.

CRYSTAL M THANOS
My Commission Expires
October 26, 2016

_____
Notary Public, State of Texas

# EXHIBIT A

UNOFFICIAL COPY

FILED

APR 1 6 2014

DALE M. GORCZYNSKI

## CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE SMALL CLAIMS COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | PRECINCT 1, PLACE 1 |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | OF HARRIS COUNTY, TEXAS |

## DEFENDANTS TBW DEVELOPMENT, LLC and
## BRIAN MCCULLEY'S REQUEST FOR DISCLOSURE TO PLAINTIFF

TO:   Plaintiff Shea Palavan, *Pro Se*, 324 East 26th Street, Houston, Texas 77008; Telephone: (832) 303-0704.

Pursuant to Rule 194 of the *Texas Rules of Civil Procedure*, you are requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2 as follows:

   (a)    the correct names of the parties to the lawsuit;

   (b)    the name, address, and telephone number of any potential parties;

   (c)    the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

   (d)    the amount and any method of calculating economic damages;

   (e)    the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

   (f)    for any testifying expert:

          1.    the expert's name, address, and telephone number;

2. the subject matter on which the expert will testify;

3. the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

4. if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B) the expert's current resume and bibliography;

(g) any indemnity and insuring agreements described in Rule 192.3(f);

(h) any settlement agreements described in Rule 192.3(g);

(i) any witness statements described in Rule 192.3(h);

(j) in a suit alleging physical or mental injury from damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills; and

(l) the name, address, and telephone number of any person who may be designated as a responsible third party.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Disclosure to Plaintiff
4146                                        Page 2 of 3

Respectfully submitted,

**J D HERBERGER & ASSOCIATES, PC**

By: _____
John D. Herberger
State Bar: 09501190
Carl W. Thompson
State Bar: 24056430
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711
john@herbergerlaw.com

**ATTORNEYS FOR DEFENDANTS
TBW DEVELOPMENT, LLC AND
BRIAN MCCULLEY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile as follows:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

this ____ day of August, 2013.

_____
John D. Herberger

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Disclosure to Plaintiff
4146                                                              Page 3 of 3

FILED

APR 1 6 2014

DALE M. GORCZYNSKI

SHEA PALAVAN § IN THE SMALL CLAIMS COURT
§
§
§
§
V. § PRECINCT 1, PLACE 1
§
§
BOULEVARD REALTY, LLC, §
TBW DEVELOPMENT, LLC and §
BRIAN MCCULLEY § OF HARRIS COUNTY, TEXAS

## DEFENDANTS TBW DEVELOPMENT, LLC and BRIAN MCCULLEY'S REQUEST FOR ADMISSIONS TO PLAINTIFF

TO: Plaintiff Shea Palavan, *Pro Se*, 324 East 26th Street, Houston, Texas 77008; Telephone: (832) 303-0704.

COME NOW, TBW Development, LLC and Brian McCulley, Defendants herein and pursuant to Rule 198 of the *Texas Rules of Civil Procedure*, serve their Request for Admission upon Plaintiff Shea Palavan. Plaintiff must admit or deny each request, in writing, within thirty days (30) after the service of such Admissions and shall be given to the undersigned attorney of record.

### Definitions

1. "Plaintiff", "you" or "your" means Shea Palavan and all persons or entities purporting to act on his behalf.

2. "Defendants" mean TBW Development, LLC and its current or former owners, officers, employees or agents and all persons or entities purporting to act on its behalf or on behalf of its subsidiaries, divisions or predecessors; and Brian McCulley and all persons or entities purporting to act on his behalf.

3. "Person" means any natural person, corporation, firm, association, partnership, joint

venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

4. "Communication" means any oral or written communication of which Plaintiff has knowledge, information, or belief.

5. The "Construction Project" means the improvements made to the real property located at 320 East 26th Street, Houston, Texas 77008.

6. "Photograph" means any pictures or videos taken of the Construction Project and the events therein.

7. "Receipts", "Invoices", or "Statements" means any document displaying an amount owed for services rendered.

Respectfully submitted,

**J D HERBERGER & ASSOCIATES, PC**

By:_____

John D. Herberger
State Bar: 09501190
Carl W. Thompson
State Bar: 24056430
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711
john@herbergerlaw.com

**ATTORNEYS FOR DEFENDANTS
TBW DEVELOPMENT, LLC and
BRIAN MCCULLEY**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                                    Page 2 of 6

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile as follows:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

this _____ day of August, 2013.

_____
John D. Herberger

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                          Page 3 of 6

## DEFENDANTS TBW DEVELOPMENT, LLC and
## BRIAN MCCULLEY'S REQUEST FOR ADMISSIONS TO PLAINTIFF

Admit or deny the truth of the following statements:

### Request No. 1

Admit that you own your vehicle.

**Response:**

### Request No. 2

Admit that you lease your vehicle.

**Response:**

### Request No. 3

Admit that you own your girlfriend's vehicle.

**Response:**

### Request No. 4

Admit that you lease your girlfriend's vehicle.

**Response:**

### Request No. 5

Admit that you repaired your vehicle's exterior this year (2013).

**Response:**

### Request No. 6

Admit that your vehicle's exterior was damaged with "Cement Spatter".

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                               Page 4 of 6

UNOFFICIAL COPY

## Request No. 7

Admit that you have ever reported late to work.

**Response:**

## Request No. 8

Admit that you have ever reported late to work as a result of the Construction Project.

**Response:**

## Request No. 9

Admit that your employer has ever been dissatisfied with your work performance.

**Response:**

## Request No. 10

Admit that your employer has ever been dissatisfied with your arrival time at work.

**Response:**

## Request No. 11

Admit that you own the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

## Request No. 12

Admit that you lease the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

## Request No. 13

Admit that you have ever taken prescription medications for stress.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                            Page 5 of 6

**Request No. 14**

Admit that you have ever taken any medications for stress.

**Response:**

**Request No. 15**

Admit that you have ever taken any medications for Emotional Distress.

**Response:**

**Request No. 16**

Admit that you have ever taken prescription medications for Emotional Distress.

**Response:**

**Request No. 17**

Admit that your girlfriend leases the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

**Request No. 18**

Admit that your girlfriend owns the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

**Request No. 19**

Admit that your girlfriend lives with you at the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                           Page 6 of 6

NOT AN OFFICIAL COPY — UNOFFICIAL COPY

## CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE SMALL CLAIMS COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | PRECINCT 1, PLACE 1 |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | OF HARRIS COUNTY, TEXAS |

### DEFENDANTS TBW DEVELOPMENT LLC and
### BRIAN MCCULLEY'S REQUEST FOR PRODUCTION TO PLAINTIFF

TO:    Plaintiff Shea Palavan, *Pro* Se, 324 East 26th Street, Houston, Texas 77008; Telephone: (832) 303-0704.

COMES NOW, TBW Development, LLC and Brian McCulley, Defendants herein and request that Plaintiff Shea Palavan ("Plaintiff") produces and permits Defendants to inspect and copy, if desired, the documents designated below.

Defendants specify the thirtieth day after service of this Request, by 5:00 p.m., as the date and time for said production at the office of Defendants' counsel, J D HERBERGER & ASSOCIATES, PC, 11767 Katy Freeway, Suite 920, Houston, Texas 77079, as the place therefore.

If, in the response to any requests, there are any documents requested which are not produced because of claim of privilege or for any other reason, Plaintiff is requested to note the failure to produce as an objection to the request and comply with the request to the extent that it is not subject to the objection. Any such objection should identify the documents not produced by date, type of document, author, all recipients, the type of privilege asserted, and the basis therefore.

If, in the response to any requests, there are any documents requested which are not produced because such documents have been destroyed, Plaintiff is requested to note the failure to produce,

and to state and when and under what circumstances such document was destroyed.

"Document" is used herein in the broadest sense and includes, but is not limited to, each of the following that is in the possession, custody or control of Plaintiff or that can be obtained by Plaintiff through the exercise of a superior right to compel production from a third person: the original and each non-identical copy (whether different from the original by virtue of notes made or otherwise) and, if the original is not in existence or subject to your control, each non-identical copy, regardless of origin or location, of any handwritten, typewritten, printed, recorded, transcribed, punched, taped, e-mailed, photocopied, facsimile, filmed, microfilmed, or otherwise prepared matter, including without limitation drafts, however produced or reproduced, and further including without limitation any papers, books, accounts, drawings, graphs, charts, telegrams, electronic or videotape recordings, e-mails and any other date compilations from which information can be obtained or translated into reasonable useable form.

The documents designated for production are the following documents, as defined in the broadest sense by the *Texas Rules of Civil Procedure* that are in the possession, custody or control of Defendant, its representatives or counsel.

## Definitions

1.   "Plaintiff", "you" or "your" means Shea Palavan and all persons or entities purporting to act on his behalf.

2.   "Defendants" mean TBW Development, LLC and its current or former owners, officers, employees or agents and all persons or entities purporting to act on its behalf or on behalf of its subsidiaries, divisions or predecessors; and Brian McCulley and all persons or entities purporting to act on his behalf.

3.   "Person" means any natural person, corporation, firm, association, partnership, joint venture,

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                        Page 2 of 8

proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

4. "Communication" means any oral or written communication of which Plaintiff has knowledge, information, or belief.

5. The "Construction Project" means the improvements made to the real property located at 320 East 26th Street, Houston, Texas 77008.

6. "Photograph" means any pictures or videos taken of the Construction Project and the events therein.

7. "Receipts", "Invoices", or "Statements" means any document displaying an amount owed for services rendered.

Respectfully submitted,

J D HERBERGER & ASSOCIATES, PC

By:_____
John D. Herberger
State Bar: 09501190
Carl W. Thompson
State Bar: 24056430
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711
john@herbergerlaw.com

ATTORNEYS FOR DEFENDANTS
TBW DEVELOPMENT, LLC and
BRIAN MCCULLEY

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                    Page 3 of 8

UNOFFICIAL COPY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile as follows:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

this ___ day of August, 2013.

John D. Herberger

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                                     Page 4 of 8

## DEFENDANTS TBW DEVELOPMENT, LLC and
## BRIAN MCCULLEY'S REQUEST FOR PRODUCTION TO PLAINTIFF

### Request No. 1

Please produce any and all documents that in any way form the basis of, or are intended to be presented as support for any of your claims against Defendant.

**Response:**

### Request No. 2

Please produce any and all photographs of the damage sustained to Plaintiff's real property as a result of the Construction Project.

**Response:**

### Request No. 3

Please produce any and all photographs of the damage sustained to Plaintiff's vehicle as a result of the Construction Project.

**Response:**

### Request No. 4

Please produce any and all photographs of the damage sustained to Plaintiff's girlfriend's vehicle as a result of the Construction Project.

**Response:**

### Request No. 5

Please produce any and all photographs of the Construction Project.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                    Page 5 of 8

## Request No. 6

Please produce any and all photographs of Defendant's construction crews blocking Plaintiff's driveway.

### Response:


## Request No. 7

Please produce any and all photographs of the nails left in the Plaintiff's driveway as a result of the Construction Project.

### Response:


## Request No. 8

Please produce any and all receipts, invoices, or statements for the repair of Plaintiff's vehicle as a result of the damage sustained to Plaintiff's vehicle during the Construction Project.

### Response:


## Request No. 9

Please produce any and all receipts, invoices, or statements for the repair of Plaintiff's girlfriend's vehicle as a result of the damage sustained to Plaintiff's girlfriend's vehicle during the Construction Project.

### Response:


## Request No. 10

Please produce any and all letters, memoranda, correspondence, emails or any other forms of communication, as well as all documents relating to any such communications, made between you and your employer regarding your late arrival to the work place as a result of the events at the Construction Project.

### Response:

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                        Page 6 of 8

## Request No. 11

Please produce any and all letters, memoranda, correspondence, emails or any other forms of communication, as well as all documents relating to any such communications, made between you and Defendant with the Construction Project.

**Response:**

## Request No. 12

Please produce any and all letters, memoranda, correspondence, emails or any other forms of communication, as well as all documents relating to any such communications, made between you and any other person with regard to the claims asserted in the Plaintiff's Original Petition.

**Response:**

## Request No. 13

Please produce any and all non-privileged documents that were reviewed or relied upon in answering the Request for Disclosure and Request for Admissions contemporaneously served with this Request for Production.

**Response:**

## Request No. 14

Please produce all documents, records and communications which tend to show the entitlement of Plaintiff to any damages alleged in Plaintiff's Original Petition.

**Response:**

## Request No. 15

Please produce all demands sent to Defendant with regard to the Construction Project.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                        Page 7 of 8

## Request No. 16

Please produce any and all letters, memoranda, correspondence, emails or any other forms of communication, as well as all documents relating to any such communications, made between any representative of TBW Development, LLC and Plaintiff.

**Response:**

## Request No. 17

Please produce all receipts, invoices, checks, or other documents which support and/or relate to your claim for damages as contained in your PRAYER under paragraph "F" of your Plaintiff's Original Petition in this case.

**Response:**

## Request No. 18

Please produce all medical records you have for treatments of emotional distress.

**Response:**

## Request No. 19

Please produce all documents regarding your claim for "Loss of Earnings".

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                                          Page 8 of 8

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE SMALL CLAIMS COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | PRECINCT 1, PLACE 1 |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | OF HARRIS COUNTY, TEXAS |

## DEFENDANTS TBW DEVELOPMENT, LLC and
## BRIAN MCCULLEY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO:     Plaintiff Shea Palavan, *Pro Se*, 324 East 26th Street, Houston, Texas 77008; Telephone: (832) 303-0704.

Pursuant to Rule 197 of the *Texas Rules of Civil Procedure*, Defendants TBW Development, LLC and Brian McCulley serve these Interrogatories upon Plaintiff Shea Palavan. The answers to the Interrogatories shall be made under oath, separately and fully, in writing, within thirty (30) days after the service of such Interrogatories and shall be given to the undersigned attorneys of record.

Respectfully submitted,

**J D HERBERGER & ASSOCIATES, PC**

By:_____

John D. Herberger
State Bar No.: 09501190
Carl W. Thompson
State Bar No.: 24056430
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711
john@herbergerlaw.com

**ATTORNEYS FOR DEFENDANTS
TBW DEVELOPMENT, LLC and
BRIAN MCCULLEY**

UNOFFICIAL COPY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile as follows:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

this _____ day of August, 2013.

_____
John D. Herberger

UNOFFICIAL COPY

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley;*
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                          Page 2 of 10

## DEFINITIONS AND INSTRUCTIONS

### Definitions:

1.  "Document" means the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) of any written or graphic matter, however produced or reproduced and including, but not limited to: papers, books, letters, correspondence, telegrams, cables, telex messages, memoranda, typed or handwritten notes, notations, work papers, transcripts, minutes, reports and records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical records, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, microfiche, all other records kept by computer, electronic, photographic, or mechanical means, and items similar to the foregoing. If any tape, disc, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out and/or interpretation thereof, and any other documents which are necessary to convert such information into a useable and useful format.

2.  "Identify" or "Identity" means:

    A.  In the case of a natural person, to state that person's:

        (1) full name;
        (2) last known residential address;
        (3) last known employer or business affiliation;
        (4) last known occupation and business position held; and
        (5) last known business address.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                    Page 3 of 10

B.   In the case of a communication in the form of a document, to state:

(1) the identity of persons preparing or authorizing it and the sender, if any:
(2) its title or a description of the general nature of its subject matter;
(3) the identity of the addressees, including carbon copy holders both regular and "blind" or the persons to whom it was sent, if any;
(4) its date or dates of preparation;
(5) its date and manner of distribution and publication, if any;
(6) the location of each non-identical copy and identity of the present custodian thereof;
(7) the identity of the person or persons who can identify it;
(8) the substance of the writing on the document; and
(9) or in lieu of supplying the foregoing information, attach a copy of each such document with your answers to these interrogatories.

C.   In the case of a communication in the form of an oral statement, to state:

(1) the identity of the person uttering the oral statement;
(2) the place at which such oral statement was uttered;
(3) the date on which such oral statement was uttered;
(4) the identity of each person in whose presence or hearing such oral statement was uttered; and
(5) the substance of the oral statement.

D.   In the case of communication in the form of a meeting or conference, to state:

(1) the identity of each person present in person or by telephone or by other electronic media;
(2) the date of such meeting or conference;
(3) the place of such meeting or conference;
(4) the identity of each document distributed or exchanged at such meeting or conference;
(5) the identity of each document prepared prior to, during or following such meeting or conference relating to it, including but not limited to, an agenda or minutes; and
(6) the identity of the oral statements made during the meeting or conference.

3.   "Plaintiff", "you" or "your" means Shea Palavan and all persons or entities purporting to act on his behalf.

4.   "Defendants" mean TBW Development, LLC and its current or former owners, officers,

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                    Page 4 of 10

UNOFFICIAL COPY

employees or agents and all persons or entities purporting to act on its behalf or on behalf of its subsidiaries, divisions or predecessors; and Brian McCulley and all persons or entities purporting to act on his behalf.

5.  "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

6.  "Communication" means any oral or written communication of which Plaintiff has knowledge, information, or belief.

7.  The "Construction Project" means the improvements made to the real property located at 320 East 26th Street, Houston, Texas 77008.

8.  "Photograph" means any pictures or videos taken of the Construction Project and the events therein.

9.  "Receipts", "Invoices", or "Statements" means any document displaying an amount owed for services rendered.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                            Page 5 of 10

## Instructions:

1. **Specification of Factual Basis**. A request to "specify fully and exactly the factual basis for any contention or allegation" includes, without limitation, the request that you state whatever factual information you or your attorneys or consultants have which enables you or them to assert such contention or allegation in good faith and, in addition, that you identify all sources of such information, including both persons and documents.

2. **Singular/Plural**. The singular shall include the plural and the plural shall include the singular.

3. **Estimates**. To the extent that precise and complete information cannot be furnished, such information as is available shall be supplied, together with an estimate of the precise and completed information. Where such an estimate is given, the method employed in making the estimate shall be described.

4. **Separate Answers**. A separate answer shall be furnished for each interrogatory, or if an interrogatory contains more than one part, a separate answer shall be furnished for each part.

5. **Source of Information**. In answering each interrogatory, state whether the information is within the personal knowledge of the person answering, and if not, the identity, if known, of each person to whom the information is a matter of personal knowledge.

6. **Specification of Corporate Agents**. When identifying or describing any oral statements made, any documents written or any act committed by a corporation, identify the natural person or persons who made the statement, authored the document or committed the act.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                    Page 6 of 10

7. **Supplementation of Answers.** Pursuant to the provisions of *Texas Rules of Civil Procedure*, you shall reasonably amend your answers to the following interrogatories if subsequent to the date of service of your answers you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer, though correct when made, is no longer true and the circumstances are such that the failure to amend the answer is in substance a knowing concealment.

8. **Privilege.** If you claim as privileged, or otherwise cloaked from discovery, any communication or document responsive to one or more of the following interrogatories, you are to give the date of the communication or document, the identity of the persons who are parties to the communication or who made or received the document and all copies thereof, the subject matter with which the document or communication is concerned, all persons to whom distributed, each interrogatory to which the document or communication is responsive and the grounds upon which you rely in claiming that the communication or document is privileged or otherwise cloaked from discovery.

9. **Destruction.** If any document responsive to one or more of the following interrogatories has been destroyed, you are to state when and under what circumstances such document was destroyed.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                    Page 7 of 10

## DEFENDANTS TBW DEVELOPMENT, LLC and
## BRIAN MCCULLEY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

### Interrogatory No. 1

Please identify each person assisting in the answering of these interrogatories, including the address and telephone number of each person identified.

**Answer:**

### Interrogatory No. 2

Please identify and describe the process by which you became involved with TBW Development, LLC and/or Brian McCulley.

**Answer:**

### Interrogatory No. 3

Please identify and describe the Construction Project.

**Answer:**

### Interrogatory No. 4

Please identify and describe the houses on your street.

**Answer:**

### Interrogatory No. 5

Please identify and describe other construction projects in your area.

**Answer:**

### Interrogatory No. 6

What amount of damages do you allege is owed to you from TBW Development, LLC and/or Brian McCulley and describe the calculation used to determine that amount? If this sum is unknown at this point, please describe basis of the calculation that you intend to utilize to

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                    Page 8 of 10

**Answer:**

**Interrogatory No. 7**

Identify each person who you expect to call at trial.

**Answer:**

**Interrogatory No. 8**

If you denied any of the Requests for Admission simultaneously served upon you with this First Set of Interrogatories, please identify and describe the reasons why each such Request was denied.

**Answer:**

**Interrogatory No. 9**

Please identify and describe with specificity all actions taken by you to protect both your personal and real property while the Construction Project took place.

**Answer:**

**Interrogatory No. 10**

Please identify and describe all funds spent by you for the repair of any damage sustained to your personal and/or real property as a result of the Construction Project.

**Answer:**

**Interrogatory No. 11**

Please identify and describe all offers made by TBW Development, LLC and/or Brian McCulley to remedy the dispute you have with the Construction Project.

**Answer:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                            Page 9 of 10

## Interrogatory No. 12

Please identify and describe all conversations with your employer in regards to any delays in getting to work that may have occurred as a result of the Construction Project.

**Answer:**

## Interrogatory No. 13

Please state all facts upon which you rely for your claim Boulevard Realty, LLC is liable to you for damages.

**Answer:**

## Interrogatory No. 14

Please state all facts upon which you rely for your claim that TBW Development, LLC is liable to you for damages.

**Answer:**

## Interrogatory No. 15

Please state all facts upon which you rely for your claim that Brian McCulley is liable to you for damages.

**Answer:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                           Page 10 of 10

# EXHIBIT B

UNOFFICIAL COPY

FILED

APR 16 2014

DALE M. GOECZYNSKI

## CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN, Plaintiff, | § § § | IN THE SMALL CLAIMS COURT |
| V. | § § | PRECINT 1, PLACE 1 |
| BRIAN MCCULLEY, BOULEVARD REALTY, LLC, AND TBW DEVELOPMENT, LLC, Defendants. | § § § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S DEMAND FOR JURY TRIAL FOR SMALL CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 504.1, Plaintiff, Shea Palavan, hereby demands a trial by jury on all issues so triable in the above-styled case and encloses a check in the amount of $22.00 made payable to the Harris County Justice of the Peace Courts for the applicable jury fee.

Respectfully submitted,

By: _____
Shea Palavan
State Bar No. 24083616
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

**Pro Se**

Enclosures

CC:
John D. Herberger
State Bar: 09501190
J D Hergberger & Associates PC

11767 Katy Freeway, Suite 920
Houston, Texas 77079
(281) 920-4700 (Tel.)
(281) 920-4711 (Fac.)
john@herbergerlaw.com

Timothy R. Ploch
State Bar: 16073280
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
(713) 862-4300 (Tel.)
(713) 862-7575 (Fac.)
lawplochstaff@flash.net

via electronic mail and/or facsimile

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served by electronic mail, certified mail, return receipt requested, courier receipted delivery, and/or facsimile on each attorney of record and/or party in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE on this __25th__ day of __February__ 20_14_.

Shea Palavan
PRO SE

UNOFFICIAL COPY

# EXHIBIT C

UNOFFICIAL COPY

March 6, 2014

Judge Dale M. Gorcynski
Small Claims Court of Harris County Texas
Precinct 1, Place 1                                                          *Via Priority Mail CMR*
Attn: Civil Intake
7300 North Shepherd, Room 138
Houston, Texas 77091-2437

RE:   **Case No. SC11C0016011**; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*; In the Small Claims Court Precinct 1, Place 1 of Harris County, Texas

Dear Clerk of Said Court:

Enclosed you will find a copy of the returned Jury Demand by Plaintiff, a new Jury Demand by Plaintiff, and a money order in the amount of $22.00 made payable to Harris County Justice of the Peace Courts for the applicable jury fee. A copy of this document has also been sent to Defendants' counsel via electronic mail.

Thank you for your assistance and please contact me if you have any questions.

Respectfully,

Shea Palavan

Pro Se Plaintiff

SP/
Enclosures

Cc:
John Herberger
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Phone: (281) 920-4700
Fax: (281) 920-4711
Email: john@herbergerlaw.com

Timothy R. Ploch
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
Phone: (713) 862-4300
Fax: (713) 862-7575
Email: lawplochstaff@flash.net

# EXHIBIT D

UNOFFICIAL COPY

SERIAL #: 6844003826

ACCOUNT#: 4861-505733

March 06, 2014

**$22.00**

VOID IF OVER US $ 22.00

NON-NEGOTIABLE

PERSONAL MONEY ORDER

0068440

11:24

Office AU # 1210(8)

Purchaser: SHEA N PALAVAN
Purchaser Account: 7426476417
Operator I.D.: u298000

PAY TO THE ORDER OF

***Twenty-two dollars and no cents***

WELLS FARGO BANK, N.A.
1625 S VOSS RD
HOUSTON, TX 77057
FOR INQUIRIES CALL (480) 394-3122

NOTICE TO PURCHASER--IF STOP PAYMENT IS PLACED ON THIS
INSTRUMENT, WELLS FARGO BANK MAY IMPOSE A WAITING
PERIOD BEFORE ISSUING A REPLACEMENT OR REFUND

Purchaser Copy

# EXHIBIT E

UNOFFICIAL COPY

UNOFFICIAL COPY

## CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN, <br> Plaintiff, | § <br> § <br> § | IN THE SMALL CLAIMS COURT |
| V. | § <br> § <br> § | PRECINT 1, PLACE 1 |
| BRIAN MCCULLEY, BOULEVARD <br> REALTY, LLC, AND TBW <br> DEVELOPMENT, LLC, <br> Defendants. | § <br> § <br> § <br> § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S DEMAND FOR JURY TRIAL FOR SMALL CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 504.1, Plaintiff, Shea Palavan, hereby demands a trial by jury on all issues so triable in the above-styled case and encloses a check in the amount of $22.00 made payable to the Harris County Justice of the Peace Courts for the applicable jury fee.

Respectfully submitted,

By: _____

Shea Palavan
State Bar No. 24083616
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

**Pro Se**

Enclosures

CC:
John D. Herberger
State Bar: 09501190
J D Hergberger & Associates PC

11767 Katy Freeway, Suite 920
Houston, Texas 77079
(281) 920-4700 (Tel.)
(281) 920-4711 (Fac.)
john@herbergerlaw.com

Timothy R. Ploch
State Bar: 16073280
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
(713) 862-4300 (Tel.)
(713) 862-7575 (Fac.)
lawplochstaff@flash.net

via electronic mail and/or facsimile

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served by electronic mail, certified mail, return receipt requested, courier receipted delivery, and/or facsimile on each attorney of record and/or party in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE on this 6th day of March 20 14.

Shea Palavan
PRO SE

# EXHIBIT F



| Print Date | Cost | Recipient |
|---|---|---|
| 04/02/2014 | $6.48 | |
| 03/13/2014 | $0.98 | |
| 03/13/2014 | $4.75 | |
| 03/06/2014 | $0.48 | Small Claims, Attn: Civil Intake, 7300 North Shepherd Dr Ste 138, Houston TX 77091-2474 |
| 02/26/2014 | $2.03 | 1 NetStamp at $2.03 each |
| 02/26/2014 | $0.49 | 1 NetStamp at $0.49 each |
| 02/26/2014 | $0.49 | 1 NetStamp at $0.49 each |
| 02/25/2014 | $6.48 | Small Claims, Attn: Civil Intake, 7300 North Shepherd Dr Ste 138, Houston TX 77091-2474 |
| 02/25/2014 | $6.48 | Small Claims Court of Harris County Texas, Attn: Civil Intake, 7900 North Shepherd Dr Room 138, Houston TX 77088 |
| 02/19/2014 | $8.98 | |
| 02/19/2014 | $8.98 | |
| 02/17/2014 | $2.45 | Small Claims, Court of Harris County TX Precinct 1, Attn: Civil Intake, 7300 North Shepherd Dr Ste 138, Houston TX 77091-2474 |
| 02/05/2014 | $6.90 | 1 NetStamp at $6.90 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/23/2014 | $11.50 | 25 NetStamps at $0.46 each |
| 01/23/2014 | $11.50 | 25 NetStamps at $0.46 each |
| 01/23/2014 | $11.50 | 25 NetStamps at $0.46 each |
| 01/20/2014 | $0.46 | 25 NetStamps at $0.46 each |
| 01/16/2014 | $2.52 | |
| 01/06/2014 | $6.11 | |
| 01/06/2014 | $6.11 | |
| 12/18/2013 | $7.37 | |
| 12/17/2013 | $7.17 | |
| 12/13/2013 | $5.15 | |
| 12/04/2013 | $6.11 | |
| 12/04/2013 | $6.97 | |
| 12/03/2013 | $2.12 | |
| 11/27/2013 | $7.17 | |
| 11/20/2013 | $11.50 | 25 NetStamps at $0.46 each |
| 11/20/2013 | $11.50 | 25 NetStamps at $0.46 each |
| 11/20/2013 | $11.50 | 25 NetStamps at $0.46 each |
| 11/20/2013 | $11.50 | 25 NetStamps at $0.46 each |
| 11/15/2013 | $3.84 | 2 NetStamps at $1.92 each |
| 11/15/2013 | $10.58 | 23 NetStamps at $0.46 each |
| 11/05/2013 | $5.44 | |
| 10/21/2013 | $1.05 | 1 NetStamp at $1.05 each |
| 10/15/2013 | $0.46 | |

UNOFFICIAL COPY

| Status | Tracking #/Insurance ID | Date Delivered | Carrier | Class Servi Special Services | Insured Value | Cost Code | Weight | Mail Date | Refund Type |
|---|---|---|---|---|---|---|---|---|---|
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | \<None\> | 0lb 1oz | 04/03/2014 | E-refund |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 1oz | 03/13/2014 | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 1oz | 03/06/2014 | E-refund |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 6oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | \<None\> | 0lb 1oz | 02/25/2014 | E-refund |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | \<None\> | 0lb 1oz | 02/25/2014 | E-refund |
| Printed | | | USPS | Priority Mail (R) | | \<None\> | 1lb 1oz | 02/19/2014 | Mail-in |
| Refunded | | | USPS | Priority Mail (R) | | \<None\> | 1lb 1oz | 02/19/2014 | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 8oz | 02/18/2014 | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 1oz | 01/21/2014 | E-refund |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 9oz | 01/16/2014 | Mail-in |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | \<None\> | 0lb 1oz | 01/07/2014 | E-refund |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | \<None\> | 0lb 1oz | 01/07/2014 | E-refund |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | \<None\> | 0lb 5oz | 12/18/2013 | Mail-in |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | \<None\> | 0lb 4oz | 12/17/2013 | Mail-in |
| Delivered | 9.40551E+21 | 12/16/2013 | USPS | Priority Ma USPS Tracking | | \<None\> | 0lb 15oz | 12/13/2013 | E-refund |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | \<None\> | 0lb 1oz | 12/04/2013 | E-refund |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | \<None\> | 0lb 3oz | 12/04/2013 | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 7oz | 12/03/2013 | Mail-in |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | \<None\> | 0lb 4oz | 11/27/2013 | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 6oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 1oz | | Mail-in |
| Delivered | 9.40551E+21 | 11/09/2013 | USPS | Priority Ma USPS Tracking | | \<None\> | 2lb 0oz | 11/05/2013 | E-refund |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | \<None\> | 0lb 1oz | 10/15/2013 | E-refund |

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photograph.c reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

UNOFFICIAL COPY

# APPENDIX H

1047954  C.C.C.L. #3



FILED
STACEY TURNER
COUNTY CLERK
HARRIS COUNTY, TEXAS

**Fee Officer's Official Receipt**



County Auditor's Form #155DP
Harris County, Texas (Rev. 02/99)

JUSTICE OF  ᴇ PEACE PRECINCT 1, PLACE 1
JUDGE DALE GORCZYNSKI
7300 N SHEPHERD          ROOM 138
HOUSTON          TX 77091 2437
713 697-1224
Web Site: www.jp.hctx.net

| Receipt Number | Receipt Date |
|---|---|
| 505645 | 4/10/14 |

Method of Payment: CASH
Total Received: 500.00
Payment Amount: 500.00
Change Remitted: .00
Receipt Description: BOND

**Case Info:** SC11C0016011
SHEA PALAVAN
VS.
BRIAN MCCULLEY ET AL

**Payor Info:** PALAVAN, SHEA
324 EAST 26TH STREET

HOUSTON          TX 77008

**Credit Card/Money Order Information**

Ref Number:
Auth Code:                    Exp Date:
Signature:

Received By: JUEFH

**Court's Copy**

# APPENDIX I

 **1047954**

CV-Notice of Trial Setting

**Instructions:** The court must send notice of the date, time and place of a trial setting to all parties at their addresses of record no less than 45 days before the trial date. The judge may determine that an earlier date is required in the interest of justice. Reasonable notice all subsequent settings must be sent to all parties **Rule 503.3.**

Case Number: SC11C0016011          **C.C.C.L. #3**

| | | |
|---|---|---|
| SHEA PALAVAN | § | In the Justice Court |
| Plaintiff | § | Harris County, Texas |
| vs. | § | Precinct 1, Place 1 |
| BRIAN MCCULLEY, BOULEVARD REALTY LLC, | § | |
| TBW DEVELOPMENT LLC | § | 7300 N SHEPHERD |
| Defendant | § | ROOM 138 |
| | § | HOUSTON, TX 77091-2437 |

## NOTICE OF TRIAL SETTING

To:     SHEA PALAVAN
        324 EAST 26TH STREET

        HOUSTON, TX 77008-

**YOU ARE NOTIFIED** that a trial on the merits in this Justice Court is scheduled for:

        Date: **03/20/14**
        Time: **11:00 A.M.**

Jury Demand. Any party is entitled to a trial by jury. A written demand for a jury must be filed no later than 14 days before the date of trial or the right to a jury is waived. The party demanding a jury must pay a fee of $22.00 when the jury demand is filed.

If a jury demand is withdrawn, the case will remain on the jury docket unless all other parties agree to try the case without a jury. There is no refund of a jury fee. A party who demands a jury trial and who fails to appear for the trial may be ordered to pay the costs incurred for impaneling the jury.

Signed on: 1/15/2014

_____
JUDGE DALE GORCZYNSKI
Justice of the Peace, Precinct 1, Place 1

FILED

2014 MAY 22 PM 4:48

COUNTY CLERK
HARRIS COUNTY TEXAS

JU6Q7

**APPENDIX J**

## Cause No. 1047954

| | | |
|---|---|---|
| Shea Palavan | § | In the County Court at Law |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. 3 |
| | § | |
| Brian McCulley, | § | |
| Boulevard Realty, LLC | § | |
| and TBW Development, LLC | § | |
| Defendants. | § | Harris County, Texas |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S APPEAL AND MOTION TO DENY REQUEST FOR WRIT OF CERTIORARI

TO THE HONORABLE JUDGE OF SAID COURT:

Boulevard Realty, LLC, a defendant, files this Motion to Dismiss Plaintiff's Appeal and Motion to Deny Request for Writ of Certiorari, and would respectfully show as follows:

## I. FACTS

1. Plaintiff, Shea Palavan, sued defendant, Boulevard Realty, LLC and others in justice court on or about July 10, 2013 for alleged trespass and nuisance arising from construction on real property adjacent to where plaintiff leased a home. This defendant, Boulevard Realty, LLC, listed for sale the property where the construction occurred.

2. Defendant answered asserting a general denial of all claims brought against it.

## II. PROCEDURAL BACKGROUND

3. After allowing for a period of discovery, the parties agreed to a settlement on

1

the morning of trial, and on that same day, March 20, 2014, the judge signed an agreed judgment reflecting the settlement. A copy of the agreed judgment is attached hereto as Exhibit "A" and incorporated herein by reference for all purposes. The agreed judgment states that "the parties announced they reached a settlement in the case as to all claims of plaintiff as to any parties to this litigation or otherwise." *See* Exhibit "A". The agreed judgment shows that plaintiff accepted a settlement in the amount of One Thousand Two Hundred Dollars ($1,200.00) (which was paid and accepted by plaintiff) and that all claims of plaintiff were dismissed with prejudice. *See* Exhibit "A".

4.  Plaintiff and all defendants signed the agreed judgment on March 20, 2014, acknowledging their agreement to settle the case "as to form and substance". *See* Exhibit "A".

5.  Plaintiff filed a notice of appeal and appeal bond on April 10, 2014 and paid the filing fee on May 22, 2014. In the alternative, plaintiff also filed a request for writ of certiorari. Defendant Boulevard Realty, LLC files this motion asking the court to dismiss both the appeal and request for writ of certiorari of plaintiff as neither remedy is available to plaintiff under the Texas Rules of Civil procedure or Texas law.

### III.  ARGUMENT & AUTHORITIES

**A.  Plaintiff's appeal of the agreed judgment must be dismissed.**

6.      Texas law states that in general, a party may not appeal from or attack a judgment to which he has agreed, absent allegation and proof of fraud, misrepresentation, or collusion. *Authorlee v. Tuboscope Vetco Int'l, Inc.*, 274

2

S.W.3d 111, 119 (Tex.App.-- Houston [1st Dist.] 2008). If a judgment is entered by agreement, the parties have waived their right or are estopped from appealing the judgment. *See Mullins v. Coussons*, 745 S.W.2d 50, 51 (Tex.App.--Houston [14th Dist.] 1987)(in appeal from justice court, appellate court held that the rationale that no party who agrees to a judgment may challenge that judgment on appeal is supported by theories of waiver and estoppel, rather than being a question of jurisdiction). Therefore, absent allegation and proof of fraud, misrepresentation or collusion, plaintiff has waived his right to appeal the Exhibit "A" judgment that he signed and agreed to in open court.

7. This court should dismiss plaintiff's appeal. By his signature, plaintiff consented to the agreed judgment thereby waiving his right to appeal it. *Mullins,* 745 S.W.2d at 51. Plaintiff has made no allegation, and certainly has brought forth no evidence that he was defrauded or lied to prior to signing the agreed judgment. There is also no allegation or evidence that the parties, attorneys or the judge colluded to commit fraud against plaintiff prior to or at the time the agreed judgment was entered.

8. Plaintiff submitted two affidavits in support of his appeal, one from Plaintiff and the other from Thien-Song T. Deip, Plaintiff's girlfriend. A copy of these affidavits is attached hereto as Exhibit "B" and incorporated herein by reference for all purposes. Both affidavits allege general facts about the case and the court proceedings in the justice court, (most of which are denied). Notwithstanding the affidavits are at best inaccurate, neither the affidavit of Plaintiff nor the affidavit of Ms. Deip allege any fact or facts which would show that the parties, attorneys or judge committed fraud,

3

misrepresentation or collusion in this case. Therefore, since there is absolutely no evidence contained in these affidavits of fraud, misrepresentation or collusion, Plaintiff's appeal must be dismissed.

9. In further support of his appeal, plaintiff alleges that on the morning of trial, the judge refused to hear evidence on two of plaintiff's claims and failed to conduct a fair and just trial, forcing him to settle and agree to the judgment. However, even if such allegations were true, which defendant denies, they do not constitute fraud, misrepresentation or collusion. The elements of fraud are: (1) a material misrepresentation was made; (2) the representation was false; (3) the speaker knew the representation was false when made or made it recklessly without knowledge of the truth; (4) the misrepresentation was made with intent that the other party rely on it; (5) the party relied on the representation; and (6) the plaintiff suffered injury. *Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 52 S.W.3d 749, 758 (Tex. 2001). Plaintiff brings forth no proof of or even alleges that the judge, the defendants or their attorneys made a false representation to him with intent that he rely upon it to his detriment. Therefore, there is no evidence of fraud or misrepresentation.

10. Plaintiff also fails to allege or bring forth competent evidence of collusion or conspiracy to commit fraud against plaintiff. Plaintiff makes no allegations against defendants or their attorneys that they did anything improper to induce plaintiff into signing the agreed judgment. With regard to the judge, refusing to hear evidence of a claim, not allowing a jury trial when not properly requested by plaintiff or even allegedly failing to conduct a fair trial is certainly not collusion. What is in issue and

4

the crux of the matter is that plaintiff, a licensed attorney, agreed to a judgment, signed the agreed judgment, and accepted funds pursuant to the agreed judgment. The law is clear that once plaintiff signs the judgment, he agrees to it and may not now appeal from or attack it. *Authorlee*, 274 S.W.3d at 119.

## B. Plaintiff's request for writ of certiorari must be denied.

11. A party may apply to the county court for a writ of certiorari after final judgment in a case tried in justice court. Tex. R. Civ. P. 506.4(a). By plaintiff's own admission, this case was not tried in justice court; instead, the parties reached a settlement and an agreed judgment was entered. Therefore, the writ of certiorari is not a valid remedy available to plaintiff and must be denied.

12. In addition, even if this court considers plaintiff's request for writ of certiorari as proper, it may only be granted under two grounds: (1) if the justice court did not have jurisdiction; or (2) the final determination of the suit worked an injustice to the applicant that was not caused by his own inexcusable neglect. Tex. R. Civ. P. 506.4(b). The justice court had jurisdiction in this case as the plaintiff alleged damages of less than Ten Thousand Dollars ($10,000.00). Further, plaintiff has not and cannot bring forth any evidence that the agreed judgment worked an injustice to him as he was paid One Thousand Two Hundred Dollars ($1,200.00) in settlement of the case which is what he demanded of the defendants in open court on the day the agreed judgment was signed.

## IV. CONCLUSION

13. Because plaintiff agreed to the judgment in the justice court and did not

5

bring forth competent evidence of fraud, misrepresentation or collusion, this court must dismiss plaintiff's appeal and affirm the agreed judgment. While plaintiff argues that he was "bullied" throughout the entire case because he represented himself pro se, this is simply not true as plaintiff is an employed, licensed attorney with two degrees (J.D. and L.L.M.). He certainly cannot argue with credibility that he signed the agreed judgment because he was "overwhelmed" and "bullied into submission" by the justice court. Further, because plaintiff's case was not tried in justice court and there is no sworn evidence that the justice court did not have jurisdiction or that the agreed judgment worked an injustice to plaintiff, the writ of certiorari must also be denied.

## V. PRAYER

14.     For these reasons, defendant Boulevard Realty, LLC asks the court to dismiss plaintiff's appeal, deny the plaintiff's request for writ of certiorari, affirm the agreed judgment of the justice court and for such other and further relief, at law or in equity, to which it may be entitled.

6

Respectfully submitted,

Timothy R. Ploch, P.C.


BY: _____
TIMOTHY R. PLOCH
State Bar No. 16073280
LINDA M. TALBOT
State Bar No. 00788504
730 North Post Oak Rd., Suite 100
Houston, Texas 77024
(713) 862-4300
(713) 862-7575 (Telecopier)

**Attorneys for Defendant,
Boulevard Realty, LLC**

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been mailed by certified mail, return receipt requested, email and/or sent by telecopier, on this the 2nd day of June, 2014, to the following:

Shea Palavan
324 East 26th Street
Houston, Texas 77008

John Herberger
JD Herberger & Associates, P.C.
111767 Katy Freeway, Suite 920
Houston, Texas 77079

TIMOTHY R. PLOCH

8

EXHIBIT "A"

UNOFFICIAL COPY

Shea Pplevan
v.

Boulevard Realty, LLC   Court No. SC11C0016011
et. al

J.P. Court
Prcinct 1 Pl 1
of Morris
County TX

## Agreed Judgment

Came on for trial the above styled cause. After considering the issues of the case with the Judge, the parties announced they reached a settlement in the case as to all claims of plaintiff as to any parties to the litigation or otherwise. TBW Development LLC, Boulevard Realty LLC and Brian McCulley are dismissed with prejudice from this litigation. Plaintiff accepts the settlement of $1200 as complete satisfaction of all claims or causes of action, pled or otherwise, which arise out of or relate to the claims for damages as alleged in this litigation. TBW Development LLC's claims against any contractor for the sums paid under the settlement shall not be released or affected by this settlement. The $1200 shall be paid by counsel for Defendants Brian McCulley and/or TBW Development LLC to Shea Pplevan by April 19, 2017. Based upon the settlement this court ORDERS:

All claims of TT Shea Pplevan against all Defendants in this litigation are hereby dismissed with prejudice.

Signed this 20th day of March 2017

_____
Judge Presiding

Agreed as to form and substance
_____
#24500140
Atty for Bo McCulley & Boulevard Realty LLC
TBW Development LLC

Agreed as to form and substance
_____
Shea Pplevan, Plaintiff
#24083610

Agreed as to form and substance
_____
Tim Ploch
#16073280
Atty for D Boulevard Realty, LLC

# EXHIBIT "B"

UNOFFICIAL COPY

1 0 4 7 9 5 4

CAUSE NO. SC11C0016011     **C.C.C.L. #3**

SHEA PALAVAN,         §     IN THE SMALL CLAIMS COURT
    Plaintiff,           §
                      §
V.                    §                 PRECINT 1, PLACE 1
                      §
BRIAN MCCULLEY, BOULEVARD     §
REALTY, LLC, and TBW         §
DEVELOPMENT, LLC,          §
    Defendants.         §            OF HARRIS COUNTY, TEXAS

## AFFIDAVIT OF SHEA N. PALAVAN

Before me, the undersigned authority, personally appeared, Shea N. Palavan, hereby declares under penalty of perjury of the laws of the United States and the State of Texas that, to the best of my knowledge, the following statements are true and correct:

1. I am over the age of eighteen (18) and am a party to this litigation.

2. I am an attorney licensed in the State of Texas, and represent myself, pro se, in the above-styled matter. I am currently employed at the law firm Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC as an associate attorney. I have been so employed for the last 13 months.

3. I am the tenant of the property located at 324 East 26th Street, Houston, Harris County, Texas 77008 and have been so for at least the past four (4) years.

4. Defendants were involved in the construction of two houses on a lot located at 320 East 26th Street, Houston, Harris County, Texas 77008, which is located adjacent to my property.

5. Prior to the instigation of this lawsuit, I, as Plaintiff in this matter, attempted to contact Defendants numerous times to inform them about damages to my property, as well as interferences with the use and enjoyment of my property due to the construction and/or the employees of Defendants. Defendants only ever responded once, with an empty promise to talk to their employees. Defendants never even responded to Plaintiff's formal demand sent on April 25, 2013. As a result, I filed this lawsuit to recover physical and mental damages caused by Defendants.

6. The claims brought in the above-styled lawsuit are Trespass, Trespass to Chattels, and Nuisance claims. All claims stem from Defendants actions and/or the actions of Defendants'

employees and other persons under the control of Defendants which occurred no later than March 28, 2013 when Plaintiff sent an email to Defendants.

7. After failing to respond to Plaintiff's attempts at contact, Defendants finally responded when Plaintiff filed the above-styled lawsuit. Defendants responded by filing their Original Answer on August 2, 2013, as well as voluminous amounts of discovery, including Requests for Disclosure, Requests for Admission, Requests for Production, and Interrogatories on August 6, 2013, all without the approval of the Justice Court. *See* Exhibit A. In response, Plaintiff filed a Request for Discovery Protection to protect himself from Defendants' bombardment. Rather than sanction or otherwise punish Defendants for this blatant disregard of the rules, the Justice Court unjustly allowed Defendants to serve their full discovery of Plaintiff.

8. Plaintiff also filed his own Request to Serve Discovery with the Justice Court, requesting permission to serve discovery requests on Defendants, over a month prior to trial on February 17, 2014. However, the Justice Court failed to rule on Plaintiff's request, and Plaintiff was left without meaningful discovery for his case, while Defendants benefitted from the Justice Court's allowance of their discovery in spite of the rules.

9. Plaintiff believes, and has always believed, that this case would be best solved out of court, without the necessary expense of money and time. As such, Plaintiff filed a Request for Mediation, or, Alternatively, Settlement Conference on February 25, 2014 in order to request the Justice Court refer the case to mediation, or get the parties together to discuss possible settlement. Defendants failed to meaningfully respond to any of Plaintiff's attempts to contact them – including formal demands and offers of settlement – up and until Defendants sent their first offer of settlement on February 20, 2013.

10. Defendants' first offer was sent over 6 months after this suit was filed on July 10, 2013, 10 months from Plaintiff's first demand on April 25, 2013, and nearly a year after the actions and events made the basis of this lawsuit. Further, the offer received from Defendants was unreasonable, in light of the facts and Plaintiff's claims.

11. After only one round of settlement negotiations, Defendants then refused to negotiate any further. The day before the scheduled trial on March 20, 2014, Plaintiff was informed that his last counter of nearly half his original demand was refused and Defendants would no longer negotiate.

12. Thus, Plaintiff was even more certain that mediation or court required discussions would be the only way to get Defendants to cooperate meaningfully. However, the Justice Court never ruled on Plaintiff's request, even after both parties fully briefed the issue. Defendants filed their response on March 6, 2014 and Plaintiff filed his reply on March 13, 2014.

13. Plaintiff filed a Request for Jury Trial in the above-styled case on February 25, 2014, and sent a personal check for the applicable jury fee. The Justice Court returned the check because they do not take personal checks. Plaintiff then got a money order in the amount of $22.00 from Wells Fargo Bank, and send a Renewed Request for Jury Trial with a letter to the Justice Court explaining the error, on March 6, 2014 – within the required time limit under Rules 500.5

and 504.1. Even after receiving Plaintiff's timely renewed request, the Justice Court improperly denied Plaintiff his right to jury trial, incorrectly holding the trial on March 20, 2014. *See* Exhibits B-F.

14. Even the day of trial, when Plaintiff explained the applicable rules and what happened, the Justice Court refused to acknowledge the timely filing, and denied Plaintiff a jury trial.

15. During the trial, the Justice Court refused to acknowledge two of Plaintiff's claims: his Nuisance claim and Trespass claim. The Justice Court stated that the only issue he saw was the damage to Plaintiff's vehicle, while everything else was irrelevant and refused to allow Plaintiff to even put on evidence of any claim. By ignoring two of Plaintiff's claims, the Justice Court improperly summarily denied those claims.

16. Plaintiff also brought a witness to the trial, Thien-Song Diep, his girlfriend to testify regarding the damages to Plaintiff. The Justice Court refused to allow her to testify.

17. After ignoring two of Plaintiff's claims, the Justice Court asked if Defendants' unreasonable settlement offer – which they refused to negotiate on – was still on the table. Having refused to hear any evidence from Plaintiff, Plaintiff felt his only options were (1) to dismiss his claims since the Justice Court seemed uninterested in properly trying the case, or (2) settle with Defendants and appeal the case to get a proper trial. Thus, rather than giving up his valid, proper claims, Plaintiff decided to agree in court and appeal from the many injustices he faced in the Justice Court.

STATE OF TEXAS        §
COUNTY OF HARRIS     §

SUBSCRIBED and SWORN TO BEFORE ME on this __10th__ day of __April__, 2014.

CRYSTAL M THANOS
My Commission Expires
October 26, 2016

Notary Public, State of Texas

FILED

# CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN, | § | IN THE SMALL CLAIMS COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD | § | |
| REALTY, LLC, and TBW | § | |
| DEVELOPMENT, LLC, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF THIEN-SONG T. DIEP

Before me, the undersigned authority, personally appeared, Thien-Song Diep, hereby declares under penalty of perjury of the laws of the United States and the State of Texas that, to the best of my knowledge, the following statements are true and correct:

1.      I am over the age of eighteen (18) and am a party to this litigation.

2.      I am currently a student at the University of Houston, Main Campus, enrolled in the Biomedical Engineering program. My expected graduation date is May 2015.

3.      I am Plaintiff's girlfriend, and I am also a tenant of the property located at 324 East 26th Street, Houston, Harris County, Texas 77008 and have been so for at least the past four (4) years.

4.      Defendants were involved in the construction of two houses on a lot located at 320 East 26th Street, Houston, Harris County, Texas 77008, which is located adjacent to my property.

5.      I took off time from class and studying to be a witness for Plaintiff at the time of trial in the above-styled lawsuit, on March 20, 2014. I was present and aware of the events which occurred at the trial.

6.      Prior to the Justice Court talking to the parties, Plaintiff disputed his right to a jury trial, and the timeliness of his request for a jury trial. Even after explaining the applicable rules and what happened, the Justice Court did not allow Plaintiff a jury trial and stated that the request was not timely.

7.      During the trial, the Justice Court stated that the only issue he saw as relevant or necessary to discuss was the damage to Plaintiff's vehicle. The Justice Court then said everything

else was not needed to be heard. The Justice Court never let Plaintiff give any evidence other than the answers to the few questions that the Justice Court asked to Plaintiff. Any time Plaintiff attempted to discuss evidence the Justice Court did not consider relevant, Plaintiff was cut off. Also, as a witness, I thought I would be able to testify about what happened, but, just like the other evidence, the Justice Court never let me testify.

8.  After deciding only the damage to Plaintiff's vehicle was relevant, the Justice Court asked if Defendants' still would present their previous settlement to Plaintiff. After discussing it with Plaintiff, Plaintiff decided that the Justice Court did not want to hear his claims and decided that, rather than dropping his claims, Plaintiff would accept the Justice Court's suggestion to settle and then appeal the case.

STATE OF TEXAS      §
COUNTY OF HARRIS     §

SUBSCRIBED and SWORN TO BEFORE ME on this ___10th___ day of _____April_____, 2014.

CRYSTAL M THANOS
My Commission Expires
October 26, 2016

Notary Public, State of Texas

<u>Cause No. 1047954</u>

| | | |
|---|---|---|
| Shea Palavan | § | In the County Court at Law |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. 3 |
| | § | |
| Brian McCulley, | § | |
| Boulevard Realty, LLC | § | |
| and TBW Development, LLC | § | |
| Defendants. | § | Harris County, Texas |

## ORDER

ON THIS DAY, came on to be heard defendant Boulevard Realty, LLC's Motion to Dismiss Plaintiff's Appeal and Motion to Deny Plaintiff's Request for Writ of Certiorari and after considering the motion, response, if any, pleadings and evidence, this Court finds that defendant's motion should be GRANTED.

IT IS THEREFORE ORDERED that defendant Boulevard Realty, LLC's Motion to Dismiss Plaintiff's Appeal and Motion to Deny Plaintiff's Request for Writ of Certiorari is GRANTED, that plaintiff's appeal is DISMISSED, with prejudice to refile same, that plaintiff's request for writ of certiorari is DENIED, and that the agreed judgment is AFFIRMED.

SIGNED this _____ day of _____, 2014.

_____
JUDGE PRESIDING

11

APPROVED AS TO FORM:

TIMOTHY R. PLOCH, P.C.

BY: _____
TIMOTHY R. PLOCH
State Bar No. 16073280
LINDA M. TALBOT
State Bar No. 00788504
730 N. Post Oak Rd., Suite 100
Houston, Texas 77024
(713) 862-4300
(713) 862-7575 (Telecopier)

ATTORNEYS FOR DEFENDANT,
BOULEVARD REALTY, LLC

12

# APPENDIX K

**CAUSE NO. 1047954**

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE COUNTY CIVIL COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | HARRIS COUNTY, T E X A S |

**DEFENDANTS, TBW DEVELOPMENT, LLC and
BRIAN MCCULLEY'S MOTION TO DISMISS PLAINTIFF'S
APPEAL AND MOTION TO DENY REQUEST FOR WRIT OF CERTIORARI**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, TBW Development, LLC and Brian McCulley (hereinafter "Defendants"), Defendants in the above numbered and entitled cause and, pursuant to Tex. R. Civ. P. 91a, file this their Motion to Dismiss the Appeal filed by Plaintiff Shea Palavan (hereinafter "Plaintiff") and all claims against Defendants and Motion to Deny Plaintiff's Request for Writ of Certiorari, and in support thereof would show as follows:

**I. FACTS**

1.      Plaintiff filed suit against Defendants on or about July 10, 2013.

2.      Defendants responded by asserting a general denial of all claims brought by Plaintiff.

3.      All parties appeared before Judge Dale Gorczynski of the Justice Court of Harris County, Precinct 1, Place 1 on March 20, 2014.

4.      On March 20, 2014, all parties signed an agreed judgment, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

5.      Pursuant to the agreed judgment, all parties asserted that they had "reached a settlement in the

case as to all claims of plaintiff as to any parties to this litigation or otherwise." *See* Exhibit "A".

6.      As a condition of the agreed judgment, Plaintiff agreed to receive and did receive a settlement check in the amount of $1,200.00 in exchange for a dismissal of all claims with prejudice. *See* Exhibit "A".

7.      In signing the agreed judgment, all parties acknowledged their agreement to settle the case "as to form and substance." *See* Exhibit "A".

8.      After the signing of the agreed judgment, Plaintiff filed a notice of appeal and appeal bond on April 10, 2014. Plaintiff paid the filing fee for the appeal on May 22, 2014. Plaintiff also filed a request for Writ of Certiorari.

9.      Defendants filed an Original Answer, Motion for Sanctions and Counterclaim against Plaintiff on June 5, 2014.

10.     Co-Defendant Boulevard Realty, LLC has filed a motion asking this Court to dismiss Plaintiff's appeal and to dismiss Plaintiff's request for Writ of Certiorari. Defendants agree with the substance of that motion and respectfully urge the Court to grant it.

## II. ARGUMENT

**A.      Plaintiff's Appeal of the Agreed Judgment Cannot Go Forward.**

11.     Texas law states that, absent allegation and proof of fraud, misrepresentation or collusion, a party may not appeal a judgment to which it has previously agreed. *Authorlee v. Tuboscope Vetco Int'l, Inc.* 274 S.W.3d 111, 119 (Tex. App.—Houston [1st Dist.] 2008). Parties who have signed an agreed judgment are considered to have waived their right to appeal the judgment. *See Mullins v. Coussons*, 745 S.W.2d 50, 51 (Tex. App.—Houston [14th Dist.] 1987) (in an appeal from the Justice Court, the 14th District Court of Appeals held that parties who agree to a judgment may not challenge that judgment on appeal, based on theories of waiver and estoppel).

*See also Travelers Ins. Co. v. Williams*, 603 S.W.2d 258 (Tex. Civ. App—Corpus Christi 1980) ("A party who by agreement induces the trial court to enter judgment is thereafter estopped from denying its validity"). Absent allegation and proof of fraud, misrepresentation or collusion, Plaintiff has waived his right to appeal the agreed judgment that he signed and agreed to in open court. *See* Exhibit "A".

12.     By executing the agreed judgment with his signature, Plaintiff consented to the terms of the judgment and thereby waived his right to appeal it. *Mullins*, 745 S.W.2d at 51. There have been no allegations and there is no evidence to suggest that the parties, attorneys or the Judge committed any fraud against the Plaintiff in the moments leading up to the entry of the agreed judgment.

13.     Plaintiff also alleges that on the morning of trial in the Justice Court, the Judge refused to hear evidence of two of Plaintiff's claims and failed to conduct a fair and just trial. However, even if those allegations were true, which Defendants deny, they do not amount to fraud, misrepresentation or collusion. In order to establish fraud, Plaintiff must show that

(1) a material misrepresentation was made;
(2) the representation was false;
(3) the speaker knew the representation was false when made or made it recklessly without knowledge of the truth;
(4) the misrepresentation was made with intent that the other party rely on it;
(5) the party relied on the misrepresentation; and
(6) the Plaintiff suffered injury.

*Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.* 52 S.W.3d 749, 758 (Tex. 2001). Plaintiff has offered no proof of fraud or misrepresentation whatsoever.

14.     With regard to evidence of collusion or conspiracy to commit fraud, Plaintiff has made no allegations against Defendants or their attorneys that any inappropriate conduct was undertaken to convince him to sign the agreed judgment. With regard to Judge Gorczynski, none of his actions or

alleged actions, such as refusing to hear evidence of a claim, allowing a party to submit discovery requests or refusing to allow a jury trial, can be considered fraud, misrepresentation or collusion. Simply put, Plaintiff, a licensed attorney, agreed to a judgment, signed that judgment in open court, and received a settlement check pursuant to that agreed judgment. The law is clear that once a party signs a judgment, that party may not appeal or attack that judgment absent circumstances not present in this case. *Authorlee*, 274 S.W.3d at 119. Similarly, none of the allegations contained in either of the two affidavits submitted by Plaintiff in support of his appeal and request for a Writ of Certiorari (attached hereto as Exhibit "B") raise any issues of fraud, misrepresentation or collusion, and as such are insufficient to support Plaintiff's contention that he should not be bound by the agreed judgment he signed in court.

**B.      Plaintiff's Request for Writ of Certiorari is Inappropriate and Must be Denied.**

15.      According to TEX. R. CIV. P. 506.4(a), a party may apply for a Writ of Certiorari after final judgment in a case tried by the Justice Court. This case was never tried in Justice Court. The parties reached a settlement and an agreed judgment was entered. Therefore, a Writ of Certiorari is not a valid remedy available to Plaintiff and must be denied.

16.      Even if this Court should consider Plaintiff's request for a Writ of Certiorari to be proper, the Writ may only be granted under two grounds: (1) if the Justice Court did not have jurisdiction; or (2) if the final determination of the suit worked an injustice to the applicant that was not caused by his own inexcusable neglect. TEX. R. CIV. P. 506.4(b). The Justice Court did have jurisdiction in the case, as the Plaintiff alleged damages of less than $10,000.00. Plaintiff cannot bring forth evidence that the agreed judgment worked an injustice to him as he signed it voluntarily and pursuant to its terms received $1,200.00 in settlement of his claims in the case. For these reasons, Plaintiff's request for a Writ of Certiorari should be denied.

## III. CONCLUSION

17. Defendants ask the Court to dismiss Plaintiff's appeal and request for Writ of Certiorari. Plaintiff has failed to present any evidence of fraud, misrepresentation or collusion, and in the absence of those elements Plaintiff is bound by the terms of the agreed judgment that he signed in open court dismissing all claims against all Defendants. Plaintiff is further not entitled to a Writ of Certiorari because his case was not tried by the Justice Court, and its disposition in the Justice Court did not work any sort of injustice to Plaintiff.

## IV. CLAIM FOR ATTORNEY FEES

18. Defendants are entitled to recover reasonable and necessary attorney fees under *Texas Civil Practice and Remedies Code* §§ 9.001 *et. seq* and 10.001 *et seq.* as Plaintiff's pleadings and claims are frivolous and groundless as brought. Further, pursuant to TEX. R. CIV. P. 91a.7, this Court should award all costs and reasonable and necessary attorney fees incurred with respect to the challenged causes of action in the trial court.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants TBW Development, LLC and Brian McCulley respectfully request this Court enter an order:

1. Dismissing Plaintiff's appeal from the Justice Court;

2. Denying Plaintiff's request for a Writ of Certiorari;

3. Affirming the agreed judgment of the Justice Court dismissing all of Plaintiff's claims with prejudice in the above styled and numbered cause;

4. Awarding Defendants $5,000.00 in reasonable and necessary attorney fees;

5. Imposing sanctions against Plaintiff as appropriate under *Texas Civil Practice and Remedies Code* §§ 9.001 *et. seq*, 10.001 *et seq.* and TEX. R. CIV. P. 13 pursuant to Defendants'

previously filed Motion for Sanctions, as Plaintiff's pleadings and claims are frivolous and groundless as brought; and

6.     Granting Defendants any further relief to which they may be entitled at law or in equity.

Respectfully submitted,

**J D HERBERGER & ASSOCIATES, PC**

By:_____
John D. Herberger
State Bar No.: 09501190
john@herbergerlaw.com
Carl W. Thompson
State Bar No.: 24056430
carl@herbergerlaw.com
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711

**ATTORNEYS FOR DEFENDANTS TBW DEVELOPMENT, LLC AND BRIAN MCCULLEY**

UNOFFICIAL COPY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served, by certified mail, return receipt requested, electronic service and/or facsimile on the following:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

Timothy R. Ploch
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
Telephone: (713) 862-4300
Facsimile: (713) 862-7575

this 24th day of June, 2014.

_____
John D. Herberger

UNOFFICIAL COPY

Shea Palavan
v.

Boulevard Realty, LLC     Court No. SC11C0016011
et. al

## Agreed Judgment

Came on for trial the above styled cause. After considering the issues of the case with the Judge, the parties announced they reached a settlement in the case as to all claims of plaintiff as to any parties to the litigation or otherwise. TBW Development LLC, Boulevard Realty LLC and Brian McCulley are dismissed with prejudice from this litigation. Plaintiff accepts the settlement of $1200 as complete satisfaction of all claims or causes of action, pled or otherwise, which arise out of or relate to the claims for damages as alleged in this litigation. TBW Development LLC's claims against any contractor for the sums paid under the settlement shall not be released or affected by this settlement. The $1200 shall be paid by counsel for Defendants Brian McCulley and/or TBW Development LLC to Shea Palavan by April 19, 2017. Based upon the settlement this Court ORDERS:

All claims of Pr Shea Palavan against all Defendants in this Litigation are hereby dismissed with prejudice.

Signed this 20th day of March 2017

_____
Judge Presiding

Agreed as to form and substance          Agreed as to form and substance

_____               _____
John Z. Rugz                             Shea Palavan, plaintiff
#0450119D                                #24083610
Atty for Bo McCulley &        TBW Development LLC
~~Boulevard Realty LLC~~

Agreed as to form and substance

_____
Tim Ploch
#16073280
Atty for D Boulevard Realty, LLC

EXHIBIT
A

UNOFFICIAL COPY

1 0 4 7 9 5 4

CAUSE NO. SC11C0016011    C.C.C.L. #3

| | | |
|---|---|---|
| SHEA PALAVAN, | § | IN THE SMALL CLAIMS COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD | § | |
| REALTY, LLC, and TBW | § | |
| DEVELOPMENT, LLC, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF SHEA N. PALAVAN

Before me, the undersigned authority, personally appeared, Shea N. Palavan, hereby declares under penalty of perjury of the laws of the United States and the State of Texas that, to the best of my knowledge, the following statements are true and correct:

1. I am over the age of eighteen (18) and am a party to this litigation.

2. I am an attorney licensed in the State of Texas, and represent myself, pro se, in the above-styled matter. I am currently employed at the law firm Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC as an associate attorney. I have been so employed for the last 13 months.

3. I am the tenant of the property located at 324 East 26th Street, Houston, Harris County, Texas 77008 and have been so for at least the past four (4) years.

4. Defendants were involved in the construction of two houses on a lot located at 320 East 26th Street, Houston, Harris County, Texas 77008, which is located adjacent to my property.

5. Prior to the instigation of this lawsuit, I, as Plaintiff in this matter, attempted to contact Defendants numerous times to inform them about damages to my property, as well as interferences with the use and enjoyment of my property due to the construction and/or the employees of Defendants. Defendants only ever responded once, with an empty promise to talk to their employees. Defendants never even responded to Plaintiff's formal demand sent on April 25, 2013. As a result, I filed this lawsuit to recover physical and mental damages caused by Defendants.

6. The claims brought in the above-styled lawsuit are Trespass, Trespass to Chattels, and Nuisance claims. All claims stem from Defendants actions and/or the actions of Defendants'

EXHIBIT
B

employees and other persons under the control of Defendants which occurred no later than March 28, 2013 when Plaintiff sent an email to Defendants.

7. After failing to respond to Plaintiff's attempts at contact, Defendants finally responded when Plaintiff filed the above-styled lawsuit. Defendants responded by filing their Original Answer on August 2, 2013, as well as voluminous amounts of discovery, including Requests for Disclosure, Requests for Admission, Requests for Production, and Interrogatories on August 6, 2013, all without the approval of the Justice Court. *See* Exhibit A. In response, Plaintiff filed a Request for Discovery Protection to protect himself from Defendants' bombardment. Rather than sanction or otherwise punish Defendants for this blatant disregard of the rules, the Justice Court unjustly allowed Defendants to serve their full discovery of Plaintiff.

8. Plaintiff also filed his own Request to Serve Discovery with the Justice Court, requesting permission to serve discovery requests on Defendants, over a month prior to trial on February 17, 2014. However, the Justice Court failed to rule on Plaintiff's request, and Plaintiff was left without meaningful discovery for his case, while Defendants benefitted from the Justice Court's allowance of their discovery in spite of the rules.

9. Plaintiff believes, and has always believed, that this case would be best solved out of court, without the necessary expense of money and time. As such, Plaintiff filed a Request for Mediation, or, Alternatively, Settlement Conference on February 25, 2014 in order to request the Justice Court refer the case to mediation, or get the parties together to discuss possible settlement. Defendants failed to meaningfully respond to any of Plaintiff's attempts to contact them – including formal demands and offers of settlement – up and until Defendants sent their first offer of settlement on February 20, 2013.

10. Defendants' first offer was sent over 6 months after this suit was filed on July 10, 2013, 10 months from Plaintiff's first demand on April 25, 2013, and nearly a year after the actions and events made the basis of this lawsuit. Further, the offer received from Defendants was unreasonable, in light of the facts and Plaintiff's claims.

11. After only one round of settlement negotiations, Defendants then refused to negotiate any further. The day before the scheduled trial on March 20, 2014, Plaintiff was informed that his last counter of nearly half his original demand was refused and Defendants would no longer negotiate.

12. Thus, Plaintiff was even more certain that mediation or court required discussions would be the only way to get Defendants to cooperate meaningfully. However, the Justice Court never ruled on Plaintiff's request, even after both parties fully briefed the issue. Defendants filed their response on March 6, 2014 and Plaintiff filed his reply on March 13, 2014.

13. Plaintiff filed a Request for Jury Trial in the above-styled case on February 25, 2014, and sent a personal check for the applicable jury fee. The Justice Court returned the check because they do not take personal checks. Plaintiff then got a money order in the amount of $22.00 from Wells Fargo Bank, and send a Renewed Request for Jury Trial with a letter to the Justice Court explaining the error, on March 6, 2014 – within the required time limit under Rules 500.5

UNOFFICIAL COPY

and 504.1. Even after receiving Plaintiff's timely renewed request, the Justice Court improperly denied Plaintiff his right to jury trial, incorrectly holding the trial on March 20, 2014. *See* Exhibits B-F.

14. Even the day of trial, when Plaintiff explained the applicable rules and what happened, the Justice Court refused to acknowledge the timely filing, and denied Plaintiff a jury trial.

15. During the trial, the Justice Court refused to acknowledge two of Plaintiff's claims: his Nuisance claim and Trespass claim. The Justice Court stated that the only issue he saw was the damage to Plaintiff's vehicle, while everything else was irrelevant and refused to allow Plaintiff to even put on evidence of any claim. By ignoring two of Plaintiff's claims, the Justice Court improperly summarily denied those claims.

16. Plaintiff also brought a witness to the trial, Thien-Song Diep, his girlfriend to testify regarding the damages to Plaintiff. The Justice Court refused to allow her to testify.

17. After ignoring two of Plaintiff's claims, the Justice Court asked if Defendants' unreasonable settlement offer – which they refused to negotiate on – was still on the table. Having refused to hear any evidence from Plaintiff, Plaintiff felt his only options were (1) to dismiss his claims since the Justice Court seemed uninterested in properly trying the case, or (2) settle with Defendants and appeal the case to get a proper trial. Thus, rather than giving up his valid, proper claims, Plaintiff decided to agree in court and appeal from the many injustices he faced in the Justice Court.

STATE OF TEXAS       §
COUNTY OF HARRIS     §

SUBSCRIBED and SWORN TO BEFORE ME on this __10th__ day of __April__, 2014.



CRYSTAL M THANOS
My Commission Expires
October 26, 2016

_____
Notary Public, State of Texas

FILED

| | | |
|---|---|---|
| SHEA PALAVAN, | § | IN THE SMALL CLAIMS COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD | § | |
| REALTY, LLC, and TBW | § | |
| DEVELOPMENT, LLC, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF THIEN-SONG T. DIEP

Before me, the undersigned authority, personally appeared, Thien-Song Diep, hereby declares under penalty of perjury of the laws of the United States and the State of Texas that, to the best of my knowledge, the following statements are true and correct:

1.      I am over the age of eighteen (18) and am a party to this litigation.

2.      I am currently a student at the University of Houston, Main Campus, enrolled in the Biomedical Engineering program. My expected graduation date is May 2015.

3.      I am Plaintiff's girlfriend, and I am also a tenant of the property located at 324 East 26th Street, Houston, Harris County, Texas 77008 and have been so for at least the past four (4) years.

4.      Defendants were involved in the construction of two houses on a lot located at 320 East 26th Street, Houston, Harris County, Texas 77008, which is located adjacent to my property.

5.      I took off time from class and studying to be a witness for Plaintiff at the time of trial in the above-styled lawsuit, on March 20, 2014. I was present and aware of the events which occurred at the trial.

6.      Prior to the Justice Court talking to the parties, Plaintiff disputed his right to a jury trial, and the timeliness of his request for a jury trial. Even after explaining the applicable rules and what happened, the Justice Court did not allow Plaintiff a jury trial and stated that the request was not timely.

7.      During the trial, the Justice Court stated that the only issue he saw as relevant or necessary to discuss was the damage to Plaintiff's vehicle. The Justice Court then said everything

else was not needed to be heard. The Justice Court never let Plaintiff give any evidence other than the answers to the few questions that the Justice Court asked to Plaintiff. Any time Plaintiff attempted to discuss evidence the Justice Court did not consider relevant, Plaintiff was cut off. Also, as a witness, I thought I would be able to testify about what happened, but, just like the other evidence, the Justice Court never let me testify.

8. After deciding only the damage to Plaintiff's vehicle was relevant, the Justice Court asked if Defendants' still would present their previous settlement to Plaintiff. After discussing it with Plaintiff, Plaintiff decided that the Justice Court did not want to hear his claims and decided that, rather than dropping his claims, Plaintiff would accept the Justice Court's suggestion to settle and then appeal the case.



STATE OF TEXAS       §
COUNTY OF HARRIS      §

SUBSCRIBED and SWORN TO BEFORE ME on this ___10th___ day of
___April___, 2014.

CRYSTAL M THANOS
My Commission Expires
October 26, 2016

_____
Notary Public, State of Texas

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.



**APPENDIX L**

**CAUSE NO. 1047954-002**

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE COUNTY CIVIL COURT |
| | § | |
| | § | |
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | HARRIS COUNTY, T E X A S |

## COUNTER-PLAINTIFFS TBW DEVELOPMENT, LLC and BRIAN MCCULLEY'S SECOND AMENDED COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, TBW Development, LLC and Brian McCulley (hereinafter "Counter-Plaintiffs") and file this their Second Amended Counterclaim in the above-styled and numbered cause and would show as follows:

### I. Parties

Counter-Plaintiff TBW Development, LLC is a Texas limited liability company which conducts business throughout the State of Texas.

Counter-Plaintiff Brian McCulley is an individual residing in Texas.

Counter-Defendant, Shea Palavan (hereinafter "Counter-Defendant") initiated this suit and may be served in accordance with the *Texas Rules of Civil Procedure* at 324 East 26th Street, Houston, Texas 77008.

### II. Facts

Counter-Plaintiffs and Counter-Defendant entered into a contract that controls all issues in this case. On March 20, 2014, all parties in this case executed an agreed judgment issued and signed by the presiding judge of the Justice Court of Harris County, Precinct 1, Place 1 (the "Agreed

UNOFFICIAL COPY

Judgment"). A copy of the Agreed Judgment is attached hereto as Exhibit "A". By the terms of the Agreed Judgment, Counter-Defendant agreed to release all claims against Counter-Plaintiffs and dismiss same with prejudice. The claims now being made by Counter-Defendant are frivolous and made knowingly by Counter-Defendant notwithstanding the express agreement between the parties.

### III. Breach of Contract

The Agreed Judgment attached hereto as Exhibit "A" is a valid, enforceable contract to which all parties agreed. By entering into the Agreed Judgment, Counter-Defendant agreed to dismiss all claims against all parties to the underlying litigation with prejudice as to the re-filing of same in exchange for the tender of $1,200.00 to Counter-Defendant by Counter-Plaintiffs. While Counter-Plaintiffs did tender this sum to Palavan, he nonetheless moved forward with frivolous attempts to pursue further claims against Counter-Plaintiffs, in full violation of the Agreed Judgment. By continuing to pursue his claims despite having agreed to waive and dismiss same, Counter-Defendant has caused Counter-Plaintiffs to incur substantial damages of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### IV. Counter-Defendant's Groundless Claims Entitle Counter-Plaintiffs to Sanctions

Counter-Defendant knew at the time of the filing of this litigation that his claims against Counter-Plaintiffs were groundless and brought in bad faith when made and continue to be brought in bad faith by Counter-Defendant. Pursuant to *Texas Rule of Civil Procedure* 13, sanctions may be imposed against an attorney who files a pleading that is either "groundless and brought in bad faith" or "groundless and brought to harass." *See also Rudisell v. Paquette*, 89 S.W.3d 233, 236 (Tex. App.—Corpus Christi 2002, no pet.). Courts have defined bad faith as "the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose." *Campos v. Ysleta Gen. Hosp.*, 879 S.W.2d 67, 71 (Tex. App.—El Paso 1994). In attempting to appeal the Agreed Judgment to which

Cause No. 1047954-002; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*; In the County Civil Court at Law No. 3 of Harris County
Defendants TBW Development, LLC and Brian McCulley's Second Amended Counterclaim
4146                                    Page 2 of 5

he consented, Palavan was acting in total dishonesty.

Even a cursory review of the language of the Agreed Judgment signed by all parties to the underlying litigation readily demonstrates that Palavan's challenge to the Agreed Judgment to which he had previously consented both as to form and substance was an act of bad faith in direct violation of his agreement to dismiss all claims against Counter-Plaintiffs with prejudice. By its plain language, the Agreed Judgment states that "Plaintiff accepts the settlement of $1,200 as complete satisfaction of all claims or causes of action, plead or otherwise, which arise out of or relate to the claims for damages as alleged in this Litigation" and that "[a]ll claims of [Plaintiff] Shea Palavan against all Defendants in this Litigation are hereby dismissed with prejudice." It is clear that the Agreed Judgment manifested an intent to resolve and satisfy *all* causes of action relating to damages arising from the underlying case and that all Defendants would be dismissed with prejudice and released, resulting in no further liability or continued costs incurred by any of the parties.

In light of the foregoing, Counter-Plaintiffs respectfully urge this Honorable Court to impose sanctions on Counter-Defendant, as it would be well within its rights to. "Imposing an available sanction is left to the sound discretion of the trial court." (*Rudisell* at 236).

## V. In the Alternative, Sanctions are Available to Counter-Plaintiffs Pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code

Counter-Defendant is subject to sanctions under Chapter 10 of the *Texas Civil Practice and Remedies Code*, which provides that a court may award a prevailing party on a motion for sanctions reasonable expenses and attorney's fees incurred in presenting or opposing the motion. The imposition of sanctions under this provision stems from the understanding that when an attorney signs a pleading, he or she is making a representation that the pleading is not brought frivolously and that it has legal merit. Despite Palavan's recent efforts to characterize his signing of the Agreed

Cause No. 1047954-002; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*; In the County Civil Court at Law No. 3 of Harris County
Defendants TBW Development, LLC and Brian McCulley's Second Amended Counterclaim
4146                                    Page 3 of 5

Judgment as somehow fictitious or brought about by fraud on the part of the judge of the Justice Court, a wholly unsubstantiated accusation, the fact remains that Counter-Defendant, a fully licensed attorney in the State of Texas, agreed to dismiss all of the claims and causes of action arising out of the dispute between himself and Counter-Plaintiffs in open Court with prejudice. He ratified this agreement both as to its form and substance. Later, in spite of his agreement, Counter-Defendant filed motions to appeal the judgment he had signed and argued that the Agreed Judgment had been obtained through fraud and/or coercion, though both claims were and remain totally unsubstantiated. Counter-Defendant's Appeal and Request for Writ of Certiorari were improper and unsupported by any non-frivolous arguments. This Honorable Court is therefore within its rights to assess sanctions against Counter-Defendant pursuant to Chapter 10 of the *Texas Civil Practice and Remedies Code.*

## VI. Request for Declaratory Judgment

Alternatively, Pursuant to the Declaratory Judgments Act, Chapter 37 of the *Texas Civil Practice and Remedies Code,* Counter-Plaintiffs request that this Honorable Court construe the Agreed Judgment as a binding Settlement Agreement of all claims of Counter-Defendant against Counter-Plaintiffs in the underlying dispute that resulted in this Counterclaim.

## VII. Attorney's Fees

Counter-Plaintiffs seek recovery of their reasonable and necessary attorney's fees and costs as provided for by Declaratory Judgments Act, Chapter 37 of the *Texas Civil Practice and Remedies Code.*

## VIII. Prayer

WHEREFORE, PREMISES CONSIDERED, Counter-Plaintiffs TBW Development, LLC and Brian McCulley file this Second Amended Counterclaim and request that upon final trial hereof they recover all relief as set forth herein along with such other and further relief, either at law or in

Cause No. 1047954-002; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley;* In the County Civil Court at Law No. 3 of Harris County
Defendants TBW Development, LLC and Brian McCulley's Second Amended Counterclaim
4146                                    Page 4 of 5

equity to which Counter-Plaintiffs may be justly entitled.

Respectfully submitted,

**J D HERBERGER & ASSOCIATES, PC**

By: _____
     John D. Herberger
     State Bar No.: 09501190
     john@herbergerlaw.com
     Carl W. Thompson
     State Bar No.: 24056430
     carl@herbergerlaw.com
     11767 Katy Freeway, Suite 920
     Houston, Texas 77079
     Telephone: (281) 920-4700
     Facsimile: (281) 920-4711

**ATTORNEYS FOR DEFENDANTS/COUNTER-
PLAINTIFFS, TBW DEVELOPMENT, LLC and
BRIAN MCCULLEY**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of the foregoing instrument was served, by certified mail, return receipt requested, electronic service and/or facsimile on the following:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

Timothy R. Ploch
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
Telephone: (713) 862-4300
Facsimile: (713) 862-7575

this 28th day of May, 2015.

_____
John D. Herberger

Cause No. 1047954-002; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*; In the County
Civil Court at Law No. 3 of Harris County
Defendants TBW Development, LLC and Brian McCulley's Second Amended Counterclaim
4146                                        Page 5 of 5

Shea Polovan
v.
Boulevard Realty, LLC
et. al

1047954   CCL #3

COURT NO. SC11 C00160 TT

J.P. Court
Precinct 1 Pl 1
of Harris
County TX

## Agreed Judgment

Came on for trial the above styled case. After considering the issues of the case with the Judge, the parties announced they reached a settlement in the case as to all claims of plaintiff as to any parties to this litigation or otherwise. TBW Development LLC, Boulevard Realty, LLC and Brian McCulley are dismissed with prejudice from this litigation. Plaintiff accepts the settlement of $1800 as complete satisfaction of all claims or causes of action, pled or otherwise, which arise out of or relate to the claims for damages as alleged in this litigation. TBW Development LLC's claims against any contractors for the sums paid under the settlement shall not be released or affected by this settlement. The $1800 shall be paid by counsel for Defendants Brian McCulley and/or TBW Development LLC to Shea Polovan by April 19, 20 Based upon the settlement this court ORDERS:

All claims of Pl Shea Polovan against all Defendants in this litigation are hereby dismissed with prejudice.

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

Signed this 20th day of March 2017

Judge Precinct

Agreed as to form and Substance

John Z. ___
#0975011 93
Atty for Def McCulley & Boulevard Realty LLC
TBW Development LLC

Agreed as to form and substance

Shea Polovan, Plaintiff
#24083615

Agreed as to form and substance

Tim Ploch
#16073288
Atty for D Boulevard Realty, LLC



EXHIBIT
"A"

# APPENDIX M



# STAN STANART

## COUNTY CLERK

*Recording the Major Events of Your Life*

May 22, 2014

Shea Palavan
324 East 26th Street
Houston, Texas 77008

DOCKET NUMBER: <u>1047954</u>

SHEA PALAVAN
**PLAINTIFF**

IN THE COUNTY CIVIL COURT
AT LAW NO. THREE (3)

**VERSUS**

BRIAN MCCULLEY ET AL.
**DEFENDANT**

Dear Sir/Madam,

**The above styled and numbered cause, which is being appealed from Justice of the Peace Court, was filed in our office on May 22, 2014. The filing fee was paid by Shea Palavan on May 22, 2014.**

*Pursuant to Rule 751* of the Texas Rules of Court that there is a necessity of the <u>DEFENDANT</u> for filing a written answer in the County Court when the defendant has pleaded orally in the justice court.

*Rule 753* of the Texas Rules of Court states: "If the defendant made no answer in writing in the Justice Court, and if he fails to file a written answer within eight full days after the transcript is filed in the County Court, the allegations of the complaint may be taken as admitted and judgment by default may be entered accordingly."

If we can be of further assistance, please advise.

Sincerely,

STAN STANART
County Clerk

Joshua Alegria
Deputy County Clerk

SS:jb

cc:  Brian McCulley, TBW Development, LLC
C/o John D. Herberger
11767 Katy Freeway, Suite 920
Houston, Texas 77079



# STAN STANART
## COUNTY CLERK
*Recording the Major Events of Your Life*

May 22, 2014

Shea Palavan
324 East 26th Street
Houston, Texas 77008

DOCKET NUMBER: <u>1047954</u>

SHEA PALAVAN
**PLAINTIFF**

VERSUS

BRIAN MCCULLEY ET AL.
**DEFENDANT**

IN THE COUNTY CIVIL COURT
AT LAW NO. THREE (3)

Dear Sir/Madam,

The above styled and numbered cause, which is being appealed from Justice of the Peace Court, was filed in our office on May 22, 2014. The filing fee was paid by Shea Palavan on May 22, 2014.

*Pursuant to Rule 751* of the Texas Rules of Court that there is a necessity of the <u>DEFENDANT</u> for filing a written answer in the County Court when the defendant has pleaded orally in the justice court.

*Rule 753* of the Texas Rules of Court states: "If the defendant made no answer in writing in the Justice Court, and if he fails to file a written answer within eight full days after the transcript is filed in the County Court, the allegations of the complaint may be taken as admitted and judgment by default may be entered accordingly."

If we can be of further assistance, please advise.

Sincerely,

STAN STANART
County Clerk

Joshua Alegria
Deputy County Clerk

SS:jb
cc:   Boulevard Realty LLC
      C/o Timothy R. Ploch
      730 North Post Oak Road, Suite 100
      Houston, Texas 77024

**201 Caroline, 4th Floor ⏺ P.O. Box 1525 ⏺ Houston, TX 77251-1525 ⏺ 713-755-6411**
**www.cclerk.hctx.net**

# APPENDIX N



| | | |
|---|---|---|
| SHEA PALAVAN, Plaintiff, | § § § | IN THE SMALL CLAIMS COURT |
| V. | § § | PRECINT 1, PLACE 1 |
| BRIAN MCCULLEY, BOULEVARD REALTY, LLC, AND TBW DEVELOPMENT, LLC, Defendants. | § § § § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S DEMAND FOR JURY TRIAL FOR SMALL CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 504.1, Plaintiff, Shea Palavan, hereby demands a trial by jury on all issues so triable in the above-styled case and encloses a check in the amount of $22.00 made payable to the Harris County Justice of the Peace Courts for the applicable jury fee.

Respectfully submitted,

By: _____
Shea Palavan
State Bar No. 24083616
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

**Pro Se**

Enclosures

CC:
John D. Herberger
State Bar: 09501190
J D Hergberger & Associates PC

1 | 2 P a g e

11767 Katy Freeway, Suite 920
Houston, Texas 77079
(281) 920-4700 (Tel.)
(281) 920-4711 (Fac.)
john@herbergerlaw.com

Timothy R. Ploch
State Bar: 16073280
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
(713) 862-4300 (Tel.)
(713) 862-7575 (Fac.)
lawplochstaff@flash.net

via electronic mail and/or facsimile

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served by electronic mail, certified mail, return receipt requested, courier receipted delivery, and/or facsimile on each attorney of record and/or party in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE on this _6⁷ᵗʰ_ day of _MARCH_ 20_14_.

Shea Palavan
PRO SE

# Shea Palavan
**Attorney at Law**

March 6, 2014

Judge Dale M. Gorcynski
Small Claims Court of Harris County Texas
Precinct 1, Place 1                                    ***Via Priority Mail CMR***
Attn: Civil Intake
7300 North Shepherd, Room 138
Houston, Texas 77091-2437

RE:    **Case No. SC11C0016011**; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*; In the Small Claims Court Precinct 1, Place 1 of Harris County, Texas

Dear Clerk of Said Court:

Enclosed you will find a copy of the returned Jury Demand by Plaintiff, a new Jury Demand by Plaintiff, and a money order in the amount of $22.00 made payable to Harris County Justice of the Peace Courts for the applicable jury fee. A copy of this document has also been sent to Defendants' counsel via electronic mail.

Thank you for your assistance and please contact me if you have any questions.

FILED
MAR 10 2014
DALE M. GORCZYNSKI

Respectfully,

Shea Palavan

Pro Se Plaintiff

SP/
Enclosures

motion

Cc:
John Herberger
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Phone: (281) 920-4700
Fax: (281) 920-4711
Email: john@herbergerlaw.com

Timothy R. Ploch
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
Phone: (713) 862-4300
Fax: (713) 862-7575
Email: lawplochstaff@flash.net

UNOFFICIAL COPY

# APPENDIX O



# STAN STANART

## COUNTY CLERK    C.C.C.L. #3

*Recording the Major Events of Your Life*

**1 0 4 7 9 5 4**

April 29, 2014

Shea Palavan
324 East 26th Street
Houston Texas 77008

Re: *Cause No. SC1JC0016011 Shea Palavan VS Brian Mcculley, Boulevard Realty LLC and TBW Development LLC, Justice Court, Pct. # 1-1*

Dear: Shea Palavan

A filing fee in the amount of **$217.00** must be paid before the above styled case can be accepted for filing in this office. Payment must be **received** in this office by **May 22, 2014**. If payment is not received by **May 22, 2014** the case will be returned to The Justice Court of original jurisdiction.

- Payment in person should be in the form of a cashier's check, money order or cash and should be made at the Harris County Clerk's Office, 201 Caroline, Room 300, Houston, Texas.

- Payment by mail should be in the form of a cashier's check or money order and should be addressed to: Hon. Stan Stanart, Harris County Clerk, Attn: Joe L. Belalcazar, P.O. Box 1525, Houston, Texas 77251-1525.

**PAYMENT BY MAIL MUST BE RECEIVED IN THIS OFFICE BY May 22, 2014.**

This notice is provided pursuant to Rule 143a, Rule 4 and Rule 21a of the Texas Rules of Court.

Sincerely,

Stan Stanart
County Clerk, Harris County, Texas

_____

Joe Belalcazar, Director
(713) 755-5551

SS/jb
cc: JD Herberger & Associates PC
    c/o John D Herberger
    11767 Katy Frwy #920
    Houston Texas 77079

FILED
2014 MAY 22 PM 4 16
COUNTY CLERK
HARRIS COUNTY TEXAS

**201 Caroline, 4th Floor   O   P.O. Box 1525   O   Houston, TX 77251-1525   O   713-755-6411**
**www.cclerk.hctx.net**



# STAN STANART
## COUNTY CLERK
*Recording the Major Events of Your Life*

Cc: Timothy R Ploch, PC
    730 North Post Oak Rd #100
    Houston Texas 77024

Cc: Brian Mcculley
    1545 Heights Blvd
    Houston Texas 77008

Cc: Boulevard Realty LLC
    Reg Agent: Frank Mapel
    5847 San Felipe #2200
    Houston Texas 77057

Cc: TBW Development LLC
    Reg Agent: Wheat Oppermann PLLC
    1722 Heights Blvd
    Houston Texas 77008

UNOFFICIAL COPY

**APPENDIX P**

UNOFFICIAL COPY

1 0 4 7 9 5 4          C.C.C.L. #3 AUG 1

DALE V. C
JP 1-1 HA.

CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN,<br>    Plaintiff, | §<br>§<br>§ | IN THE SMALL CLAIMS COURT |
| V. | §<br>§ | PRECINT 1, PLACE 1 |
| BRIAN MCCULLEY, BOULEVARD<br>REALTY, LLC, AND TBW<br>DEVELOPMENT, LLC,<br>    Defendants. | §<br>§<br>§<br>§ | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR DISCOVERY PROTECTION

TO THE HONORABLE JUDGE OF SAID COURT:

### I.    SUMMARY

Plaintiff in this case is a pro se tenant in the property located at 324 East 26th Street, Houston, Harris County, Texas 77008.  Defendants are large corporations who own many properties throughout Houston, and are represented by counsel, John Herberger, J D Herberger & Associates, PC, 11767 Katy Freeway, Suite 920, Houston, Harris County, Texas 77079.  Due to this serious imbalance of the sides as well as the resulting hardships on Plaintiff of cooperating with the large amount of discovery requests served on Plaintiff at the outset of this lawsuit, Plaintiff respectfully requests protection from this Court from Defendants' harassment.

### II.    FACTS

Plaintiff is the tenant of the property located at 324 East 26th Sreet, Houston, Harris County, Texas 77008 which is a corner lot.  Defendants began construction on the property immediately adjacent to Plaintiff's rental property.  During and throughout the construction project, Defendants, by and through their employees, agents, officers, and/or workers, constantly impeded Plaintiff's driveway, were careless with regard to Plaintiff's property, were careless

Page 1 | 6

with regard to Plaintiff's safety (e.g. they would constantly leave nails on Plaintiff's driveway), and on numerous occasions, left trash on Plaintiff's property and in Plaintiff's trash can. Due to these actions, Plaintiff attempted to contact Defendants numerous times by both telephone and email, and received few, if any responses outside of an empty promise to tell the workers to be more careful (to no avail). Because Plaintiff was never able to reach Defendants in any meaningful way, Plaintiff sent a certified letter formally informing Defendants of the problems, to which there was no response. Finally, with no other option, Plaintiff filed a lawsuit to protect his interests. Now, after months of no returned phone calls or emails, Defendants have responded to the lawsuit within two weeks of filing with both an Original Answer and an inordinate amount of discovery requests.

## III. ARGUMENTS AND AUTHORITIES

Small claims courts are courts created under the TEXAS GOVERNMENT CODE CHAPTER 28, §28.001, et seq. with the idea that not all persons with a claim should be forced to incur the burdens and costs necessary to bring their claims in higher courts. "The Legislature created the small claims court to provide an affordable and expedient procedure for litigating claims involving relatively small amounts of money."[1] In fact, "[t]his basic purpose is reflected in almost every aspect of small claims court procedure[; f]or example, the institution of a small

---

[1] *Sultan v. Mathew*, 178 S.W.3d 747, 750 (Tex. 2005) *See* Act of May 27, 1953, 53rd Leg., R.S., ch. 309, § 17, 1953 Tex. Gen. Laws 778, 780 (creating small claims court and noting "[t]he fact that many citizens of the State of Texas are now in effect denied justice because of the present expense and delay of litigation when their claims involve small sums of money; and the further fact that the discouragement of litigation based on financial ability is contrary to the public policy of this State"); *see also* O.L. Sanders, Jr., *The Small Claims Court,* 1 S. Tex. L.J. 80, 85–86 (1954) ("Viewing the Small Claims Court Act as a whole, it must be concluded that the main object and purpose of the law was to place justice within the reach of many Texas citizens, who were previously denied such relief because the litigation expense and delay overshadowed their small claim.")

claims action requires little more than completing a one-page form."[2] Thus, it is clear that small claims courts are avenues for an injured party to quickly and efficiently seek justice without the financial overbearance of more formal litigation.

Since these courts are created under the TEXAS GOVERNMENT CODE, they are subject to slightly different rules than those brought in higher courts. In addition to being outside of the TEXAS RULES OF EVIDENCE, cases brought in small claims court are also subject to limited discovery.[3,4] The governing rule states that "discovery is limited to that considered appropriate and permitted by the judge."[5] In fact, the Texas Legislature recently enacted two house bills, HB79 and HB1263 which seeks to abolish small claims court as created under the TEXAS GOVERNMENT CODE, and place them under the TEXAS RULES OF CIVIL PROCEDURE.[6,7] As part of these bills, the Texas Legislature requires the Texas Supreme Court to enacted rules similar to those already in place under the TEXAS GOVERNMENT CODE.[8] Thus, it is clear that even under the new rules, the Texas Legislature seeks to limit discovery in small claims cases.

In the present case, Defendants have produced numerous discovery requests, including Requests for Disclosure, Requests for Admissions, Requests for Production, and Interrogatories within days of the lawsuit being filed by Plaintiff. This method of discovery attack is clearly against the spirit of limited discovery expressed in the statute. These requests includes 19 Requests for Admission, 19 Requests for Production, and 15 Interrogatories[9] – many of which

---

[2] *Id.* (citing *See* Tex. Gov't Code § 28.012(b)).

[3] *Tex. R. Evid.* § 101(b) – *Scope. Except as otherwise provided by statute, these rules govern civil and criminal proceedings (including examining trials before magistrates) in all courts of Texas, **except small claims courts**.* (emphasis added).

[4] Tex. Gov't Code § 28.033(e) - Reasonable discovery in small claims court shall be permitted. Discovery is limited to that considered appropriate and permitted by the judge.

[5] *Id.*

[6] Tex. HB 79 § 5.01, et seq.

[7] Tex. HB 1263 § 1, et seq.

[8] Tex. HB 79 § 5.02

[9] *While the Interrogatories are only numbered up to 15, there are in fact many more than this. Interrogatory No. 8*

are wildly overbroad and wholly irrelevant[10] to this case. Defendants' discovery requests serve as nothing more than harassing use of the discovery process in order to overwhelm pro se Plaintiff. This case is a simple case of trespass and nuisance and is only in lawsuit because of Defendants refusal to cooperate pre-suit.

In addition, Plaintiff has not seen anything showing this Court's approval of such discovery requests prior to serving said requests on Plaintiff. While the law does allow discovery in small claims courts, the above cases and statutes clearly indicate that small claims parties should have a certain level of protection from harassing discovery such as the type improperly propounded by Defendants. This protection includes having the parties seek court approval prior to submitting discovery requests – particularly when such requests are to an unrepresented pro se party and such requests are large in number. Defendants have not sought such approval in this case. Therefore, at this time, Plaintiff would respectfully request that this Court quash all discovery requests by Defendants, stay all deadlines for Plaintiff's responses to all discovery requests by Defendants, and require Defendants to seek approval for all discovery requests so that the intent of small claims courts may continue to be upheld.

## IV.    CONCLUSION

Small claims courts are an arena for plaintiffs to protect themselves with the costs and time involved in bringing claims in higher courts. Plaintiff in this case only brought the instant case after numerous attempts to contact Defendants pre-suit went unanswered. It was only after

---

states "If you denied any of the Requests for Admission simultaneously served upon you with this First Set of Interrogatories, please identify and describe the reasons why each such Request was denied." Thus, Defendant seeks to have Plaintiff answer a separate interrogatory for each denied Request for Admission – if all such admissions are denied, Interrogatory No. 8 would actually entail 19 separate Interrogatories. *See* Exhibit A, Defendants TBW Development and Brian McCulley's Discovery Requests.

[10] Defendants sought information from Plaintiff regarding the construction project itself, all other houses on Plaintiff's street, and all other construction projects in the area – how these are relevant to this case or how Plaintiff is to have any personal knowledge of Defendants' own construction project is beyond comprehension. *See* Exhibit A, Defendants TBW Development and Brian McCulley's Discovery Requests.

Plaintiff filed the instant lawsuit that Defendants immediately bombarded Plaintiff with improper discovery requests, knowing Plaintiff was pro se, in an attempt to overwhelm Plaintiff. Therefore, this Court should uphold the meaning behind small claims courts and quash all discovery requests by Defendants, stay any deadlines to respond to said requests, and require Defendants to seek approval by this Court for such requests prior to serving them on Plaintiff.

Dated: August 10, 2013

Respectfully submitted,

Shea Palavan
324 East 26th Street
Houston, Texas 77008
(832) 303-0704 (Tel.)
(855) 725-2826 (Fac.)
shea@palavan.com

PRO SE

CC:
John D. Herberger
State Bar: 09501190
J D Hergberger & Associates PC
11767 Katy Freeway, Suite 920
Houston, Texas 77079
(281) 920-4700 (Tel.)
(281) 920-4711 (Fac.)
john@herbergerlaw.com

via electronic mail and certified mail



## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served by electronic mail, certified mail, return receipt requested, courier receipted delivery, and/or facsimile on each attorney of record and/or party in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE on this 13th day of AUGUST 20 13.

Shea Palavan
PRO SE

UNOFFICIAL COPY

# Shea Palavan
**Attorney at Law**

FILED

AUG 19 2013

DALE M. GORCZYNSKI
JP 1-1 HARRIS COUNTY, TEXAS

*Via Priority Mail CMR*

August 13, 2013

Small Claims Court of Harris County Texas
Precinct 1, Place 1
Attn: Civil Intake
7900 North Shepherd, Room 138
Houston, Texas 77091-2437

RE:  **Case No. SC11C0016011**; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*; In the Small Claims Court Precinct 1, Place 1 of Harris County, Texas

Dear Clerk of Said Court:

Enclosed you will find a copy of Plaintiff's Request for Discovery Protection for filing in the above-referenced matter. A copy of this document has also been sent to Defendants' counsel via electronic mail and certified mail.

Thank you for your assistance and please contact me if you have any questions.

Respectfully,

Shea Palavan

Pro Se Plaintiff

SP/
Enclosures

Cc:
John Herberger
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Phone: (281) 920-4700
Fax: (281) 920-4711
Email: john@herbergerlaw.com

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photograph.c reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

# APPENDIX Q

FILED
6/25/2014 3:54:31 PM
Stan Stanart
County Clerk
Harris County

**CAUSE NO. 1047954**

| | | |
|---|---|---|
| SHEA PALAVAN, | § | IN THE COUNTY COURT AT LAW |
| Plaintiff, | § | |
| | § | |
| V. | § | NUMBER 3 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD | § | |
| REALTY, LLC, and TBW | § | |
| DEVELOPMENT, LLC, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S APPEAL and
MOTION TO DENY REQUEST FOR WRIT OF CERTIORARI**

TO THE HONORABLE JUDGE OF SAID COURT:

## I. INTRODUCTION

### A. FACTS

Further to those facts provided in Plaintiff's Original Petition, Amended Petition, and relevant motions and pleadings (*e.g.*, Plaintiff's Notice of Appeal or, Alternatively, Writ of Certiorari and accompanying Memorandum – Exhibit A) on file with this Court, Plaintiff provides the following facts:

1.  Plaintiff is the tenant of the property located at 324 East 26th Street, Houston, Harris County, Texas 77008 which is a corner lot.

2.  Defendants began construction on the property immediately adjacent to Plaintiff's rental property. During and throughout the construction project, Defendants, by and through their employees, agents, officers, and/or workers, constantly impeded Plaintiff's driveway, were careless in regard to Plaintiff's property, were careless in regard to Plaintiff's safety (*e.g.* they would constantly leave nails and other debris on Plaintiff's driveway), and on numerous occasions,

left trash on Plaintiff's property and in Plaintiff's trash can.

3.     Due to these actions, Plaintiff attempted to contact Defendants numerous times by both telephone and email, and received few, if any responses outside of an empty promise to tell the workers to be more careful – to no avail.

4.     Because Plaintiff was never able to reach Defendants in any meaningful way, Plaintiff sent a certified letter formally informing Defendants of the problems, to which there was no response. Finally, after failing to discuss these issues with Defendants and come to a resolution Plaintiff, with no other option, filed a lawsuit to protect his interests.

## B. PROCEDURAL BACKGROUND

Plaintiff in this case is a pro se tenant in the property located at 324 East 26th Street, Houston, Harris County, Texas 77008. Defendants TBW Development, LLC (hereinafter "TBW") and Boulevard Realty, LLC (hereinafter "BR") are large corporations who own and/or manage many properties throughout Houston, Defendant Brian McCulley (hereinafter "BM") is an employee and/or contractor of Boulevard Realty, LLC. All defendants are represented by counsel: Defendants TBW and BM are represented by John Herberger, J D Herberger & Associates, PC, 11767 Katy Freeway, Suite 920, Houston, Harris County, Texas 77079; Defendant BR is represented by Timothy R. Ploch, 730 North Post Oak Road, Suite 100, Houston, Texas 77024. Due to this imbalance in sides, and small nature of the claims, Plaintiff was faced with an uphill battle from the beginning. While Plaintiff's Petition set out his various claims for Trespass, Trespass to Chattels, and Nuisance, the overarching theme of the entire litigation clearly indicated a bias towards Defendants.

During the course of the litigation, Plaintiff was subjected to voluminous discovery requests at the onset of trial, which Defendants filed without approval of the Justice Court – in

clear violation of the applicable rules. Further, when Plaintiff filed his discovery requests – properly done under the rules over a month prior to trial, Plaintiff was never able to receive ANY discovery because the Judge failed to rule on his request. Despite having never received any discovery, throughout the litigation, Plaintiff maintained that he was willing to come to a reasonable resolution of his claims without the necessity of litigation and trial, yet Defendants failed to discuss any offers or resolutions with Plaintiff until nearly a year after Plaintiff's initial contact prior to commencement of this suit. After finally receiving an initial offer – although unreasonable – from Defendants, Plaintiff felt Defendants would be more responsive to mediation or settlement conference, and filed a motion for referral to such. After both parties briefed the matter – with Plaintiff's reply on March 13, 2014, a week from trial, the Justice Court failed to rule on the motion. Additionally, Plaintiff filed a jury request, with jury fee on March 6, 2014 – within 14 days of trial, but the Justice Court refused to grant a jury trial stating they *received* the fee after the deadline, improperly depriving Plaintiff of their right to a jury trial. As a final bias to Plaintiff, at the trial itself, the Justice Court refused to hear *any* evidence on Plaintiff's claims, other than the damage to his vehicle, and rather than ruling in Plaintiff's favor, *strongly suggested* Plaintiff settle in court with an Agreed Judgment, which Plaintiff hesitantly agreed to when he realized justice would not be served.

It was therefore in light of these facts and circumstances that Plaintiff filed an Appeal, or, alternatively, a Writ of Certiorari to the County Court at Law for Harris County from the unjust process in the Justice Court. Plaintiff-Appellant, Shea Palavan, filed his Notice of Appeal and Filing of Appeal Bond, or, Alternatively, Request for Writ of Certiori on April 10, 2014 pursuant to Rule 506.1 and 506.4, respectively, of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff-Appellant served notice to the Justice Court and all parties to the lawsuit in the Justice Court that

Plaintiff-Appellant intended to appeal the Judgment entered on March 20, 2014. Further, pursuant to Rule 506.1(b) and (c) of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff-Appellant served notice of the filing of the required bond, in the form of $500 cash, payable to Appellees-Defendants, conditioned on Plaintiff-Appellant's prosecution of the appeal, and for the payment of any judgment and all costs rendered against Plaintiff-Appellant on appeal, together with the payment of any costs for which appellant may be held liable.

Plaintiff's appeal was brought within TWENTY-ONE (21) days of entry of the appealed judgment, and, pursuant to Rule 506.1(e) of the TEXAS RULES OF CIVIL PROCEDURE, notice of the making of this appeal and cash deposit was given to all parties to the suit within SEVEN (7) days following the filing of the bond.

Alternatively, and in addition to the above appeal, Plaintiff-Appellant served notice on the Justice Court and all parties that, pursuant to Rule 506.4 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff-Appellant was filing for, and requesting, Writ of Certiori to the County Court at Law for this district. Plaintiff's request for writ is brought within NINETY (90) days of entry of the appealed judgment.

## II. ARGUMENTS AND AUTHORITIES

Plaintiff brought his Appeal and, alternatively, Writ of Certiorari in light of, and to correct, the injustices served upon him in the Justice Court. Due to these injustices, Plaintiff was deprived of a fair and just resolution of his case, and was forced into a settlement in court – which resulted in an Agreed Judgment – that Plaintiff did not agree with, but signed only with hesitancy and out of fear the Justice Court failed to properly acknowledge Plaintiff's claims against Defendants. Plaintiff's Appeal was timely made over three months ago and it is only now that Defendants untimely attempt to request dismissal of Plaintiff's Appeal.

## A. Defendants' Motion is Untimely and Improper.

The new rules are clear on the timeline of appeal and opposition. TEXAS RULE OF CIVIL PROCEDURE 506.1 is a matter of right, and there is no allowance for a defendant to motion for dismissal of such an appeal. The appeal is perfected (and unchallengeable) the moment the notice of appeal and filing of bond are submitted to the court and defendants. *See, e.g.*, Tex. R. Civ. P. 506.1(a), (b), (e), and (h). On the other hand, where a plaintiff files for a Writ of Certiorari under Texas Rule of Civil Procedure 506.4, defendants are given THIRTY (30) days to file a motion to dismiss plaintiff's request. Tex. R. Civ. P. 506.4(i). Failure to do so waives any argument against the request.

In this case, the Justice Court accepted Plaintiff's request for appeal, and the County Court at Law accepted said appeal, no later than April 29, 2014, when the County Court requested the filing fee be paid and docketed the case. Once accepted, the Justice Court sent the underlying documents to the County Court, Plaintiff paid the filing fee, and the case was initiated on May 22, 2014. It is clear that Plaintiff's appeal was accepted by both the Justice Court and the County Court at Law and that Defendants were no longer able to contest the appeal. Thus, Defendants' Motion over a month after the Court had already accepted the appeal is completely without merit and contrary to the Rules.

Even assuming the Courts did not accept the appeal, but, rather, granted a Writ of Certiorari, the Rules are clear that Defendants must have brought any motion to dismiss within THIRTY (30) days of any service of citation *on the writ*. Here, it is clear from the record that there was no issued writ to have been served, and even if that was the case, the County Court at Law sent out a notice on April 29, 2014. Thus, even improperly presuming that notice was a service of a writ (which it was not), Defendants would have had to bring their Motion no later than May 29

2014. However, Defendants did not file their Motion until June 2, 2013, well after the 30 days required under the Rule.

In either case, appeal or writ, Defendants Motion is both improper and untimely the Court has already set this case for docket and any applicable period of contesting Plaintiff's appeal had passed prior to Defendants' Motion. Thus, Defendants' Motion should be denied in its entirety.

### B. Plaintiff is Entitled to This Appeal.

Contrary to Defendants' statements that fraud is required to overturn a judgment, there are many other reasons, as set forth in Plaintiff's Memorandum. In the court below, Plaintiff's claims were improperly summarily denied, creating doubt as to the validity of the agreement, and the lack of a fair and just trial forced Plaintiff into an agreement that he did not want so that he could appeal the decision.

### a. The Justice Court improperly summarily denied Plaintiff's claims.

Generally, a plaintiff is entitled to give evidence on all of their claims, absent a defendant's objection to the sufficiency of such claims through summary judgment or motion to dismiss, where the burden falls on the moving party to establish such insufficiency.[1,2,3] Further, when such

---

[1] *See Lujan v. Navistar Fin. Corp.*, 01-12-00740-CV, 2014 WL 1328191 (Tex. App.—Houston [1st Dist.] Apr. 3, 2014, no. pet. h.) ("The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. Id. at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubt resolved in its favor. Id. at 549.") (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546 (Tex. 1985)).

[2] *See Drake Interiors, L.L.C. v. Thomas*, 14-13-00349-CV, 2014 WL 1328011 (Tex. App.—Houston [14th Dist.] Apr. 3, 2014, no. pet. h.) ("In a no-evidence motion for summary judgment, the movant asserts that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial.") (citing *See* Tex.R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex.2009)).

[3] See *Palaniappan v. Harris County Appraisal Dist.*, 01-11-00344-CV, 2013 WL 6857983 (Tex. App.—Houston [1st Dist.] Dec. 31, 2013, no. pet. h.) (holding that for a motion to dismiss "[w]e consider the legal sufficiency of the evidence in the light most favorable to the prevailing party, according every reasonable inference in that party's favor and disregarding contrary evidence unless a reasonable fact-finder could not.") (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005); *Cain v. Bain*, 709

motions are filed, all reasonable inferences are made to indulge facts favoring the nonmovant as true.[4] No such motions were filed in this case. Thus, Plaintiff went to trial expecting to present his entire case, with evidence for all his claims. Plaintiff even brought his witness to trial. However, the Justice Court refused to hear any evidence on two of Plaintiff's claims, effectively *sua sponte*, summarily dismissing them without a proper motion filed.[5]

Plaintiff brought a cause of action for three claims, trespass, trespass to chattels, and nuisance. At the bench trial, which Plaintiff objected to, Plaintiff was disallowed from presenting any evidence on his trespass and nuisance claims, being told by the Justice Court that the only issue of importance is the damage to Plaintiff's vehicle. Such summary disregard of Plaintiff's claims constitute an improper grant of summary judgment without basis. Further, by failing to address, AT ALL, Plaintiffs trespass and nuisances claims, these claims were not addressed.

Thus, the Justice Court acted improperly in denying Plaintiff a chance to present evidence on his valid claims, absent any motion or conclusion that such claims lack sufficiency. Due to such an injustice, Plaintiff was prevented from his right to be heard in court – undermining the entire idea of small claims court.

   b. *The Justice Court failed to conduct a fair and just trial, essentially forcing Plaintiff to settle in an Agreed Judgment.*

Ordinarily, an Agreed Judgment is binding on the parties to the agreement absent fraud or other issue.[6] When such issues arise, the Agreed Judgment is considered void on its face. Further, a party's signature to such agreement does not necessarily constitute concession to the agreement.[7]

---

S.W.2d 175, 176 (Tex.1986)) (internal citations omitted).
[4] *Id.*
[5] *See Underwater Services, Inc. v. Offshore Drilling Co.*, 01-11-00889-CV, 2013 WL 2096640 (Tex. App.—Houston [1st Dist.] May 14, 2013, no pet.)
[6] *Id.*
[7] *See McDonald v. Fox*, 13-11-00479-CV, 2012 WL 5591795 (Tex. App.—Corpus Christi Nov. 15, 2012, no pet.) ("'[A] written settlement agreement may be enforced though one party withdraws consent

Where such agreement is made unwillingly, the judge may not enter a judgment, and the opposing party must institute a cause of action to enforce the agreement as a contract, with all elements of breach of contract shown.[8] Further, where such issues exist, the mere assertion of agreement, done in protest, is not enough to waive right to appeal, despite the statements in the agreement.[9]

In the instant case, as discussed above, Plaintiff was forced into a bench trial after numerous injustices which built up to this. Due to these injustices, Plaintiff was denied an opportunity to present proper evidence at trial – no witness testimony was allowed, and the Justice Court simply suggested Plaintiff settle the case, without any true opportunity to be heard. Thus, while Plaintiff begrudgingly agreed to sign the settlement at the time, Plaintiff did so only because, in light of the above, there was no indication that the Justice Court would provide Plaintiff with a fair and just trial. Plaintiff's only option was to openly dismiss its valid claims in court or submit to the Justice Court's request to settle with Defendants right then and there. Therefore, Plaintiff elected to choose an Agreed Judgment and Appeal the case, rather than dismiss his claims. Further, as noted above, the lack of the Justice Court addressing two of Plaintiff's claims can hardly be said to

_____

before judgment is rendered on the agreement. See Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex.1995). Where consent is lacking, however, a court may not render an agreed judgment on the settlement agreement, but rather may enforce it only as a written contract. Id. at 462. [In such a case], the party seeking enforcement must pursue a separate breach-of-contract claim, which is subject to the normal rules of pleading and proof. Id. *7 Mantas v. Fifth Court of Appeals, 925 S.W.2d 656, 658 (Tex.1996). To prevail in a breach-of-contract suit, a plaintiff must prove: (1) existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) a breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. Sauceda v. GMAC Mortgage Corp., 268 S.W.3d 135, 140 (Tex.App.-Corpus Christi 2008, no pet.)")

[8] Id.

[9] See Andrew Shebay & Co., P.L.L.C. v. Bishop, 01-12-00118-CV, 2013 WL 1844213 (Tex. App.—Houston [1st Dist.] May 2, 2013, pet. denied) ("[S]imple approval of the form and substance of the judgment does not suffice" to indicate a party's consent to the judgment and a waiver of its right to appeal. DeClaris, 331 S.W.3d at 561; Baw v. Baw, 949 S.W.2d 764, 767 (Tex.App.-Dallas 1997, no pet.) (holding that counsel's signing judgment as "approved as to form and substance" did not make judgment into consent judgment); First Am. Title Ins. Co. v. Adams, 829 S.W.2d 356, 364 (Tex.App.-Corpus Christi 1992, writ denied) (same); In re D.C., 180 S.W.3d 647, 649–50 (Tex.App.-Waco 2005, no pet.) (holding that counsel's agreement as to "form and content" of judgment alone did not constitute agreed judgment)).

support a finding that Plaintiff agreed to dismiss such claims. In response to the Justice Court's "suggestion to settle," Plaintiff only agreed to settle the claim that was allowed to be discussed – the damage to his vehicle. For his remaining claims, there is no support that Plaintiff dropped those claims or agreed to settle on those claims – there was never an offer on those claims.

The fact that Plaintiff had to make such a detrimental choice only goes to show the impropriety shown by the Justice Court. Thus, in light of this impropriety, Plaintiff should not be held to any statements or agreements within the Agreed Judgment. Alternatively, and in addition, even if Plaintiff was held to the agreement, the only method of enforcement would be through Defendants' instigation of a contract claim. If so, this claim can simply be brought as a counter-claim to the appealed claim in the County Court. Thus, no reasons exist to deny Plaintiff's appeal, and the injustices described above more than support such.

## III. CONCLUSION

Plaintiff in this case only brought the underlying suit after numerous attempts to contact Defendants both pre-suit and post-suit went unanswered. It is only after much contemplation and consideration, Plaintiff brought his Appeal, or, alternatively, Request for Writ. Due to the facts and circumstances surrounding this litigation – including those injustices described herein and in Plaintiff's underlying Motion and Memorandum, Plaintiff was deprived of a just, right, and fair determination of his claims. The Texas Rules of Civil Procedure are clear on the timeline and method of contesting an appeal and request for writ. Defendants failed to follow these Rules. Thus, Plaintiff hereby requests this Court to deny Defendants' Motion as untimely and improper under Rules 506.1 and 506.4.

Respectfully submitted,

By: _____
Shea Palavan
State Bar No. 24083616
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

**Pro Se**

Enclosures

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served by electronic mail, certified mail, return receipt requested, courier receipted delivery, and/or facsimile on each attorney of record and/or party in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE on this 25th day of June 2014.

_____
Shea Palavan
PRO SE

UNOFFICIAL COPY

20140702-0747-00-3

# EXHIBIT A

UNOFFICIAL COPY

# Shea Palavan
### Attorney at Law

April 15, 2014

Judge Dale M. Gorcynski
Small Claims Court of Harris County Texas
Precinct 1, Place 1                                              *Via Priority Mail CMR*
Attn: Civil Intake
7300 North Shepherd, Room 138
Houston, Texas 77091-2437

RE:     **Case No. SC11C0016011**; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*; In the Small Claims Court Precinct 1, Place 1 of Harris County, Texas

Dear Clerk of Said Court:

Enclosed you will find a copy of Plaintiff's supplemental filing for his Notice of Appeal from the above-styled case. Due to an inadvertent printer error, Plaintiff discovered some exhibits were missing. Thus, Plaintiff hereby files this Supplement to Notice of Appeal with the missing exhibits.

Thank you for your assistance and please contact me if you have any questions.

Respectfully,

Shea Palavan

Pro Se Plaintiff

SP/
Enclosures

Cc:
John Herberger
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Phone: (281) 920-4700
Fax: (281) 920-4711
Email: john@herbergerlaw.com

Timothy R. Ploch
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
Phone: (713) 862-4300
Fax: (713) 862-7575
Email: lawplochstaff@flash.net

UNOFFICIAL COPY

| | | |
|---|---|---|
| SHEA PALAVAN, | § | IN THE SMALL CLAIMS COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD | § | |
| REALTY, LLC, and TBW | § | |
| DEVELOPMENT, LLC, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S NOTICE OF APPEAL AND FILING OF APPEAL BOND OR, ALTERNATIVELY, REQUEST FOR WRIT OF CERTIORI

TO THE HONORABLE JUDGE OF SAID COURT:

### A. Notice of Appeal and Appeal Bond

Plaintiff-Appellant, Shea Palavan, hereby files this Notice of Appeal and Filing of Appeal Bond, or, Alternatively, Request for Writ of Certiori. Pursuant to Rule 506.1 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff-Appellant hereby serves notice to the Justice Court and all parties to the above-styled lawsuit that Plaintiff-Appellant intends to appeal the Judgment entered on March 20, 2014. Further, pursuant to Rule 506.1(b) and (c) of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff-Appellant serves notice of the filing of the required bond, in the form of $500 cash, payable to Appellees-Defendants, conditioned on Plaintiff-Appellant's prosecution of the appeal, and for the payment of any judgment and all costs rendered against Plaintiff-Appellant on appeal, together with the payment of any costs for which appellant may be held liable. This appeal is brought within TWENTY-ONE (21) days of entry of the appealed judgment. **Pursuant to Rule 506.1(e) of the TEXAS RULES OF CIVIL PROCEDURE, notice of the making of this appeal and cash deposit will be given to all parties to the suit within SEVEN (7) days following the**

**filing of the bond.**

**B. Writ of Certiori**

Alternatively, and in addition to the above appeal, Plaintiff-Appellant hereby serves notice on the Justice Court and all parties to the above-styled lawsuit that, pursuant to Rule 506.4 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff-Appellant is hereby filing for, and requesting, Writ of Certiori to the County Court at Law for this district. Should the Justice Court deny Plaintiff-Appellant's appeal, pursuant to Rule 506.4(e) of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff-Appellant respectfully requests the Justice Court to immediately make and certify a copy of the entries in the case on the docket, and immediately transmit the transcript of the proceedings in the Justice Court, together with the original papers and a bill of costs, to the proper court, Harris County Civil Courts at Law, 201 Caroline, Houston, Texas 77002. This request for writ is brought within NINETY (90) days of entry of the appealed judgment.

Argument and discussion regarding the above can be found in Plaintiff-Appellant's Memorandum in Support of the above which is attached hereto.

Respectfully submitted,

By:_____

Shea Palavan
State Bar No. 24083616
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

**Pro Se**

Enclosures

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served by electronic mail, certified mail, return receipt requested, courier receipted delivery, and/or facsimile on each attorney of record and/or party in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE on this 10th day of April 2014.

Shea Palavan
PRO SE

UNOFFICIAL COPY

**CAUSE NO. SC11C0016011**

| | | |
|---|---|---|
| SHEA PALAVAN, | § | IN THE SMALL CLAIMS COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD | § | |
| REALTY, LLC, and TBW | § | |
| DEVELOPMENT, LLC, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S NOTICE OF APPEAL AND FILING OF APPEAL BOND
## OR, ALTERNATIVELY, REQUEST FOR WRIT OF CERTIORARI

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff-Appellant, Shea Palavan, hereby files this Memorandum in Support of his Notice of Appeal and Filing of Appeal Bond, or, Alternatively, Request for Writ of Certiorari, and in support thereof would show unto the court the following:

### I.    SUMMARY

Plaintiff in this case is a pro se tenant in the property located at 324 East 26th Street, Houston, Harris County, Texas 77008. Defendants TBW Development, LLC (hereinafter "TBW") and Boulevard Realty, LLC (hereinafter "BR") are large corporations who own and/or manage many properties throughout Houston, Defendant Brian McCulley (hereinafter "BM") is an employee and/or contractor of Boulevard Realty, LLC. All defendants are represented by counsel: Defendants TBW and BM are represented by John Herberger, J D Herberger & Associates, PC, 11767 Katy Freeway, Suite 920, Houston, Harris County, Texas 77079; Defendant BR is represented by Timothy R. Ploch, 730 North Post Oak Road, Suite 100, Houston, Texas 77024. Due to this imbalance in sides, and small nature of the claims, Plaintiff was faced with an uphill

battle from the beginning. While Plaintiff's Petition set out his various claims for Trespass, Trespass to Chattels, and Nuisance, the overarching theme of the entire litigation clearly indicated a bias towards Defendants.

During the course of the litigation, Plaintiff was subjected to voluminous discovery requests at the onset of trial, which Defendants filed without approval of the Justice Court – in clear violation of the applicable rules. Further, when Plaintiff filed his discovery requests – properly done under the rules over a month prior to trial, Plaintiff was never able to receive ANY discovery because the Judge failed to rule on his request. Despite having never received any discovery, throughout the litigation, Plaintiff maintained that he was willing to come to a reasonable resolution of his claims without the necessity of litigation and trial, yet Defendants failed to discuss any offers or resolutions with Plaintiff until nearly a year after Plaintiff's initial contact prior to commencement of this suit. After finally receiving an initial offer – although unreasonable – from Defendants, Plaintiff felt Defendants would be more responsive to mediation or settlement conference, and filed a motion for referral to such. After both parties briefed the matter – with Plaintiff's reply on March 13, 2014, a week from trial, the Justice Court failed to rule on the motion. Additionally, Plaintiff filed a jury request, with jury fee on March 6, 2014 – within 14 days of trial, but the Justice Court refused to grant a jury trial stating they *received* the fee after the deadline, improperly depriving Plaintiff of their right to a jury trial. As a final bias to Plaintiff, at the trial itself, the Justice Court refused to hear *any* evidence on Plaintiff's claims, other than the damage to his vehicle, and rather than ruling in Plaintiff's favor, *strongly suggested* Plaintiff settle in court with an Agreed Judgment, which Plaintiff hesitantly agreed to when he realized justice would not be served.

It is therefore in light of these facts and circumstances that Plaintiff hereby respectfully

requests an Appeal, or, alternatively, a Writ of Certiorari to the County Court at Law for Harris County from the unjust process in the Justice Court.

## II. FACTS

Plaintiff is the tenant of the property located at 324 East 26th Street, Houston, Harris County, Texas 77008 which is a corner lot. Defendants began construction on the property immediately adjacent to Plaintiff's rental property. During and throughout the construction project, Defendants, by and through their employees, agents, officers, and/or workers, constantly impeded Plaintiff's driveway, were careless in regard to Plaintiff's property, were careless in regard to Plaintiff's safety (*e.g.* they would constantly leave nails and other debris on Plaintiff's driveway), and on numerous occasions, left trash on Plaintiff's property and in Plaintiff's trash can. Due to these actions, Plaintiff attempted to contact Defendants numerous times by both telephone and email, and received few, if any responses outside of an empty promise to tell the workers to be more careful – to no avail. Because Plaintiff was never able to reach Defendants in any meaningful way, Plaintiff sent a certified letter formally informing Defendants of the problems, to which there was no response. Finally, after failing to discuss these issues with Defendants and come to a resolution Plaintiff, with no other option, filed a lawsuit to protect his interests.

## III. ARGUMENTS AND AUTHORITIES

Plaintiff has brought this Appeal and, alternatively, Writ of Certiorari in light of, and to correct, the injustices served upon him in the Justice Court. Due to these injustices, Plaintiff was deprived of a fair and just resolution of his case, and was forced into a settlement in court – which resulted in an Agreed Judgment – that Plaintiff did not agree with, but signed only with hesitancy and out of fear the Justice Court failed to properly acknowledge Plaintiff's claims against

Defendants. It is under these circumstances that Plaintiff respectfully requests this case be appealed to the County Court of Law for Harris County for those reasons described herein. Or, alternatively, if the Justice Court feels such an appeal is unwarranted, Plaintiff respectfully requests Writ of Certiorari to the County Court of Law for Harris County for the injustices described herein.

a. *The Justice Court unjustly allowed Defendants to serve discovery in disregard of the laws, while simultaneously failing to rule on Plaintiff's Request to Serve Discovery.*

As part of litigation, there is almost always a necessity for discovery – some facts are within a plaintiff's realm of knowledge, and some facts are within a defendant's. Specifically, in small claims courts, because of the smaller size, there are certain limitations on the discovery process, but discovery is still allowed. In this case, Plaintiff required information regarding ownership of the property under construction, as well as information regarding the relationship between the construction workers and Defendants. Plaintiff never received such information.

As a background on small claims courts, they are courts original created under the TEXAS GOVERNMENT CODE CHAPTER 28, §28.001, et seq. with the idea that not all persons with a claim should be forced to incur the burdens and costs necessary to bring their claims in higher courts. "The Legislature created the small claims court to provide an affordable and expedient procedure for litigating claims involving relatively small amounts of money."[1] In fact, "[t]his basic purpose is reflected in almost every aspect of small claims court procedure[; f]or example, the institution

---

[1] *Sultan v. Mathew*, 178 S.W.3d 747, 750 (Tex. 2005) *See* Act of May 27, 1953, 53rd Leg., R.S., ch. 309, § 17, 1953 Tex. Gen. Laws 778, 780 (creating small claims court and noting "[t]he fact that many citizens of the State of Texas are now in effect denied justice because of the present expense and delay of litigation when their claims involve small sums of money; and the further fact that the discouragement of litigation based on financial ability is contrary to the public policy of this State"); *see also* O.L. Sanders, Jr., *The Small Claims Court*, 1 S. Tex. L.J. 80, 85–86 (1954) ("Viewing the Small Claims Court Act as a whole, it must be concluded that the main object and purpose of the law was to place justice within the reach of many Texas citizens, who were previously denied such relief because the litigation expense and delay overshadowed their small claim.")

of a small claims action requires little more than completing a one-page form."[2] Thus, it is clear that small claims courts are avenues for an injured party to quickly and efficiently seek justice without the financial overbearance of more formal litigation.

However, within the past year – since the filing of this lawsuit, the Texas Legislature enacted two house bills, HB79 and HB1263 – going into effect on May 1, 2013 – which abolished small claims court as created under the TEXAS GOVERNMENT CODE, and placed them under the TEXAS RULES OF CIVIL PROCEDURE.[3] As part of these bills, the Texas Legislature requires the Texas Supreme Court to enacted rules similar to those already in place under the TEXAS GOVERNMENT CODE.[4] These rules are now controlling, and can be found in Part V of the TEXAS RULES OF CIVIL PROCEDURE.[5] The applicable rule for discovery is now Rule 500.9, and states similar language to the previous language above.[6] Thus, even under the new rules, the Texas Legislature sought to allow limited discovery in small claims cases.

In the present case, not only did the Justice Court allow Defendants to serve voluminous discovery on Plaintiff in complete disregard of the rules, the Justice Court failed to rule on Plaintiff's request for discovery, depriving Plaintiff of vital information to his case.

In this case, Defendants produced numerous discovery requests, including Requests for Disclosure, Requests for Admissions, Requests for Production, and Interrogatories within days of

---

[2] *Id*. (citing *See* Tex. Gov't Code § 28.012(b)).

[3] Texas Supreme Court Misc. Docket No. 13-9023

[4] Tex. HB 79 § 5.02

[5] Tex. R. Civ. Proc. § 501, et seq.

[6] Tex. R. Civ. Proc. § 500.9 - Pretrial Discovery. **Pretrial discovery is limited to that which the judge considers reasonable and necessary. Any requests for pretrial discovery must be presented to the court for approval by written motion.** The motion must be served on the responding party. Unless a hearing is requested, **the judge may rule on the motion without a hearing**. The discovery request must not be served on the responding party unless the judge issues a signed order approving the request. Failure to comply with a discovery order can result in sanctions, including dismissal of the case or an order to pay the other party's discovery expenses. (emphasis added).

the lawsuit being filed by Plaintiff – at the same time as Defendants' filed their Answer. This method of discovery attack is clearly against the spirit of limited discovery expressed in the statutes. These requests includes 19 Requests for Admission, 19 Requests for Production, and 15 Interrogatories[7] – many of which are wildly overbroad and wholly irrelevant[8] to this case. Defendants' discovery requests were nothing more than a harassing use of the discovery process in order to overwhelm pro se Plaintiff in an attempt to bully Plaintiff into submission. The Justice Court failed to properly protect Plaintiff from such abuse. This case is a simple case of trespass and nuisance and was only brought to litigation because of Defendants continuous refusal to cooperate pre-suit.

In addition, Plaintiff saw nothing showing this Court's approval of such discovery requests prior to serving said requests on Plaintiff. While the law does allow discovery in small claims courts, the above cases and statutes clearly indicate that small claims parties should have a certain level of protection from harassing discovery such as the type improperly propounded by Defendants. This protection includes having the parties seek court approval prior to submitting discovery requests – particularly when such requests are to an unrepresented pro se party and such requests are large in number. Defendants sought no such approval from the Justice Court, but were allowed the discovery anyway with no sanctions levied as stated in the applicable rule.

---

[7] While the Interrogatories are only numbered up to 15, there are in fact many more than this. For example, Interrogatory No. 8 states "If you denied any of the Requests for Admission simultaneously served upon you with this First Set of Interrogatories, please identify and describe the reasons why each such Request was denied." Thus, Defendant seeks to have Plaintiff answer a separate interrogatory for each denied Request for Admission – if all such admissions are denied, Interrogatory No. 8 would actually entail 19 separate Interrogatories. *See* Exhibit A, Defendants TBW Development and Brian McCulley's Discovery Requests.

[8] Defendants sought information from Plaintiff regarding the construction project itself, all other houses on Plaintiff's street, and all other construction projects in the area – how these are relevant to this case or how Plaintiff is to have any personal knowledge of Defendants' own construction project is beyond comprehension. *See* Exhibit A, Defendants TBW Development and Brian McCulley's Discovery Requests.

Even with such abuse of the rules by Defendants, Plaintiff properly filed a request to serve his own discovery. In the present case, Plaintiff, as pro se, was at a serious disadvantage against Defendants, who are large corporations with multiple counsel. As part of Plaintiff's litigation of his claims, Plaintiff requires information in the possession and/or custody of Defendants. It is clear that the rules require any discovery requests to be considered by this Court and determined appropriate to serve upon the other parties. Therefore, in the spirit of small claims court and in abidance of the rules, Plaintiff sought the Justice Court's approval of Plaintiff's discovery requests and permission to serve such on Defendants. Plaintiff filed such request on February 17, 2014, over a month prior to trial, yet the Justice Court failed to ever rule on Plaintiff's request and thus, Plaintiff was deprived of vital information to the presentation of his case at trial.

b. *The Justice Court failed to rule on Plaintiff's Request for Mediation, or, Alternatively, Settlement Conference.*

Plaintiff has, from the beginning, felt that the instant case is more suitable to resolution outside of the courts. As such, Plaintiff filed a Request for Mediation, or, Alternatively, Settlement Conference[9] on February 25, 2014 in order to request the Justice Court refer the case to mediation or hold a settlement conference to discuss the possibility of settlement. The Justice Court failed to rule on Plaintiff's motion, causing injustice to Plaintiff and unnecessary costs and time to all parties.

Pursuant to new Rule 500.3, "[s]mall claims cases are governed by Rules 500-507 of Part V of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff filed his motion under the applicable rules, Rules 503.4 and 503.5 regarding pretrial conferences and alternative dispute resolution, respectively. Plaintiff has held since prior to the instigation of this litigation that the burdens involved with the time and costs of trial far outweighed the benefits, and that this case was always

---

[9] *See* Plaintiff's Request for Mediation.

better suited for mediation where both parties would be able to sit down with a neutral party and come to an agreement. As Plaintiff stated numerous times, this lawsuit was not brought for harassment, but as a last resort when Defendants failed to respond to any attempts by Plaintiff to contact them and overtly avoided communications with Plaintiff. From the time of accrual of this cause of action, Plaintiff has been more than willing to work with Defendants to come to an amicable resolution without unnecessary costs, time, or expenses. However, it was not until after this lawsuit was filed that any meaningful communication – if it can be called that – occurred, when Defendants filed voluminous discovery requests at the same time as their answer.

When filing his motion, Plaintiff felt – and still feels – that the best way for Defendants to cooperate in meaningful, reasonable settlement discussions would be to have the Justice Court require them to do so. There was little to no indication that Defendants would voluntarily cooperate otherwise. It is Plaintiff's belief that Defendants feel that because they are corporations represented by counsel that they are somehow entitled to ignore Plaintiff and his claims and bully Plaintiff into submission.

In response to Plaintiff's motion, Defendants insisted they have "made several offers of settlement," yet the reality was Defendants only ever made two offers of settlement, with their first offer occurring on February 20, 2014 – over 6 months after this suit was filed and 10 months after Plaintiff initially sent his first demand on April 25, 2013 – and their second on March 4, 2014. Defendants' characterization that they somehow reasonably attempted to resolve this matter while Plaintiff acted unreasonably was, and remains, nothing more than an absurdity. Since the time Plaintiff first contacted Defendants, prior to filing the instant suit, there has been little, if any, contact from Defendants. In fact, Plaintiff has made clear from the beginning that he is more than willing to work with Defendants to come to an amicable settlement. Defendants also made

numerous claims regarding Plaintiff, Plaintiff's claims, and mediation in this case. These claims can be found in Defendants' Response to Plaintiff's Request for Mediation,[10] and Plaintiff's responses to these claims can be found in Plaintiff's Reply in Support of Request for Mediation.[11]

Even after both parties fully briefed the issues, with Plaintiff's Reply submitted on March 13, 2014 – a week prior to trial, the judge failed to rule on Plaintiff's request. Due to this, the parties were forced to expend further time and costs for trial, and, as detailed both above and below, Plaintiff was denied his rights as a result due to the actions of Defendants and the Justice Court.

*c. The Justice Court improperly denied Plaintiff his right to jury trial.*

A party's right to a jury is well founded in Texas law and history. It is a constitutional right. "Our constitution assures that the 'right of trial by jury shall remain inviolate.'"[12] The only limitation is that, for such right to fully attach, a party must follow certain procedures. Such procedures for small claims cases are found in Rule 504.1 of the TEXAS RULES OF CIVIL PROCEDURE, and require that a party requesting a jury trial must file a written demand within 14 days of trial, and pay the applicable jury fee at or before the request.[13,14] In fact, the jury right is so important that the judge is allowed to grant a timeliness waiver in the interests of justice. In the instant case, Plaintiff properly filed a written demand for jury trial and paid the applicable fee

---

[10] *See* Defendants' Response to Plaintiff's Request for Mediation.

[11] *See* Plaintiff's Reply in Support of Request for Mediation.

[12] *Neely v. Wilson*, 418 S.W.3d 52, 75 (Tex. 2013), reh'g denied (Jan. 31, 2014) (quoting Tex. Const. art. I, § 15).

[13] Tex. R. Civ. Proc. § 504.1(a) – Demand. Any party is entitled to a trial by jury. **A written demand for a jury must be filed no later than 14 days before the date a case is set for trial**. If the demand is not timely, the right to a jury is waived unless the late filing is excused by the judge for good cause. (emphasis added).

[14] Tex. R. Civ. Proc. § 504.1(b) – Jury Fee. Unless otherwise provided by law, a party demanding a jury **must pay a fee of $22.00** or must file a sworn statement of inability to pay the fee **at or before the time the party files a written request** for a jury. (emphasis added).

within 14 days of trial. However, the Justice Court refused to acknowledge the rules in yet another instance (*see* above re discovery from Defendants),[15] and stated they did not *receive* the fee until after that date. Thus, the Justice Court improperly denied Plaintiff his constitutional right by refusing to acknowledge the rule and denying Plaintiff a jury trial. As a result, Plaintiff suffered those further injustices described herein.

In the instant case, Plaintiff filing a request for jury trial to exercise his constitutional right. Plaintiff filed said request pursuant to the trial announcement received from this Court – which stated the process for requesting a jury. Plaintiff originally filed his request on February 25, 2014, well before the trial date of March 20, 2014. However, Plaintiff unknowingly filed a personal check with the request which was unaccepted by the Justice Court. Correcting this mistake, Plaintiff then filed a renewed request on March 6, 2014 – still within 14 days of trial. Included with his renewed request was (1) the original request which note from the Justice Court refusing the personal check,[16] (2) a letter to the Justice Court dated March 6, 2014 explaining the mistake and that Plaintiff was making a renewed request,[17] (3) a Money Order for the applicable fee dated March 6, 2014, and, of course,[18] (4) the renewed request.[19] Plaintiff then placed all of these into an envelope and mailed the letter at 1: p.m. on March 6, 2014 using the E-Stamps Windows application, giving the letter a postmark date of March 6, 2014.[20]

Despite this, the Justice Court denied Plaintiff his right to a jury trial, causing an injustice

---

[15] Tex. R. Civ. Proc. § 500.5(b) – Timely Filing by Mail. Any document required to be filed by a given date is considered **timely filed if deposited in the U.S. mail on or before that date, and received within 10 days of the due date**. A legible postmark affixed by the United States Postal Service is evidence of the date of mailing. (emphasis added).

[16] See Exhibit B, Original Request for Jury Trial.

[17] *See* Exhibit C, Letter to Justice Court re Renewed Request for Jury Trial.

[18] *See* Exhibit D, Copy of Money Order Receipt.

[19] See Exhibit E, Renewed Request for Jury Trial.

[20] *See* Exhibit F, Statement printout for Renewed Request for Jury Trial mailing.

to Plaintiff and preventing Plaintiff from a fair and just resolution to his claims, as well as those further injustices described herein.

*d. The Justice Court improperly summarily denied Plaintiff's claims.*

Generally, a plaintiff is entitled to give evidence on all of their claims, absent a defendant's objection to the sufficiency of such claims through summary judgment or motion to dismiss, where the burden falls on the moving party to establish such insufficiency.[21,22,23] Further, when such motions are filed, all reasonable inferences are made to indulge facts favoring the nonmovant as true.[24] No such motions were filed in this case. Thus, Plaintiff went to trial expecting to present his entire case, with evidence for all his claims. Plaintiff even brought his witness to trial. However, the Justice Court refused to hear any evidence on two of Plaintiff's claims, effectively *sua sponte*, summarily dismissing them without a proper motion filed.[25]

Plaintiff brought a cause of action for three claims, trespass, trespass to chattels, and nuisance. At the bench trial, which Plaintiff objected to, Plaintiff was disallowed from presenting

---

[21] *See Lujan v. Navistar Fin. Corp.*, 01-12-00740-CV, 2014 WL 1328191 (Tex. App.—Houston [1st Dist.] Apr. 3, 2014, no. pet. h.) ("The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. Id. at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubt resolved in its favor. Id. at 549.") (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546 (Tex. 1985)).

[22] *See Drake Interiors, L.L.C. v. Thomas*, 14-13-00349-CV, 2014 WL 1328011 (Tex. App.—Houston [14th Dist.] Apr. 3, 2014, no. pet. h.) ("In a no-evidence motion for summary judgment, the movant asserts that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial.") (citing *See* Tex.R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex.2009)).

[23] See *Palaniappan v. Harris County Appraisal Dist.*, 01-11-00344-CV, 2013 WL 6857983 (Tex. App.— Houston [1st Dist.] Dec. 31, 2013, no. pet. h.) (holding that for a motion to dismiss "[w]e consider the legal sufficiency of the evidence in the light most favorable to the prevailing party, according every reasonable inference in that party's favor and disregarding contrary evidence unless a reasonable fact-finder could not.") (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986)) (internal citations omitted).

[24] *Id.*

[25] *See Underwater Services, Inc. v. Offshore Drilling Co.*, 01-11-00889-CV, 2013 WL 2096640 (Tex. App.—Houston [1st Dist.] May 14, 2013, no pet.)

any evidence on his trespass and nuisance claims, being told by the Justice Court that the only issue of importance is the damage to Plaintiff's vehicle. Such summary disregard of Plaintiff's claims constitute an improper grant of summary judgment without basis. Further, by failing to address, AT ALL, Plaintiffs trespass and nuisances claims, these claims were not addressed.

Thus, the Justice Court acted improperly in denying Plaintiff a chance to present evidence on his valid claims, absent any motion or conclusion that such claims lack sufficiency. Due to such an injustice, Plaintiff was prevented from his right to be heard in court – undermining the entire idea of small claims court.

   e. *The Justice Court failed to conduct a fair and just trial, essentially forcing Plaintiff to settle in an Agreed Judgment.*

Ordinarily, an Agreed Judgment is binding on the parties to the agreement absent fraud or other issue.[26] When such issues arise, the Agreed Judgment is considered void on its face. Further, a party's signature to such agreement does not necessarily constitute concession to the agreement.[27] Where such agreement is made unwillingly, the judge may not enter a judgment, and the opposing party must institute a cause of action to enforce the agreement as a contract, with all elements of breach of contract shown.[28] Further, where such issues exist, the mere assertion of agreement, done in protest, is not enough to waive right to appeal, despite the statements in the

---

[26] *Id.*

[27] *See McDonald v. Fox*, 13-11-00479-CV, 2012 WL 5591795 (Tex. App.—Corpus Christi Nov. 15, 2012, no pet.) ("'[A] written settlement agreement may be enforced though one party withdraws consent before judgment is rendered on the agreement. See Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex.1995). Where consent is lacking, however, a court may not render an agreed judgment on the settlement agreement, but rather may enforce it only as a written contract. Id. at 462. [In such a case], the party seeking enforcement must pursue a separate breach-of-contract claim, which is subject to the normal rules of pleading and proof. Id. *7 Mantas v. Fifth Court of Appeals, 925 S.W.2d 656, 658 (Tex.1996). To prevail in a breach-of-contract suit, a plaintiff must prove: (1) existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) a breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. Sauceda v. GMAC Mortgage Corp., 268 S.W.3d 135, 140 (Tex.App.-Corpus Christi 2008, no pet.)")

[28] *Id.*

agreement.[29]

In the instant case, as discussed above, Plaintiff was forced into a bench trial after numerous injustices which built up to this. Due to these injustices, Plaintiff was denied an opportunity to present proper evidence at trial – no witness testimony was allowed, and the Justice Court simply suggested Plaintiff settle the case, without any true opportunity to be heard. Thus, while Plaintiff begrudgingly agreed to sign the settlement at the time, Plaintiff did so only because, in light of the above, there was no indication that the Justice Court would provide Plaintiff with a fair and just trial. Plaintiff's only option was to openly dismiss its valid claims in court or submit to the Justice Court's request to settle with Defendants right then and there. Therefore, Plaintiff elected to choose an Agreed Judgment and Appeal the case, rather than dismiss his claims. Further, as noted above, the lack of the Justice Court addressing two of Plaintiff's claims can hardly be said to support a finding that Plaintiff agreed to dismiss such claims. In response to the Justice Court's "suggestion to settle," Plaintiff only agreed to settle the claim that was allowed to be discussed – the damage to his vehicle. For his remaining claims, there is no support that Plaintiff dropped those claims or agreed to settle on those claims – there was never an offer on those claims.

The fact that Plaintiff had to make such a detrimental choice only goes to show the impropriety shown by the Justice Court. Thus, in light of this impropriety, Plaintiff should not be held to any statements or agreements within the Agreed Judgment. Alternatively, and in addition,

---

[29] See *Andrew Shebay & Co., P.L.L.C. v. Bishop*, 01-12-00118-CV, 2013 WL 1844213 (Tex. App.— Houston [1st Dist.] May 2, 2013, pet. denied) ("[S]imple approval of the form and substance of the judgment does not suffice" to indicate a party's consent to the judgment and a waiver of its right to appeal. DeClaris, 331 S.W.3d at 561; Baw v. Baw, 949 S.W.2d 764, 767 (Tex.App.-Dallas 1997, no pet.) (holding that counsel's signing judgment as "approved as to form and substance" did not make judgment into consent judgment); First Am. Title Ins. Co. v. Adams, 829 S.W.2d 356, 364 (Tex.App.-Corpus Christi 1992, writ denied) (same); In re D.C., 180 S.W.3d 647, 649–50 (Tex.App.-Waco 2005, no pet.) (holding that counsel's agreement as to "form and content" of judgment alone did not constitute agreed judgment)).

even if Plaintiff was held to the agreement, the only method of enforcement would be through Defendants' instigation of a contract claim. If so, this claim can simply be brought as a counter-claim to the appealed claim in the County Court. Thus, no reasons exist to deny Plaintiff's appeal, and the injustices described above more than support such.

## IV.     CONCLUSION

Plaintiff in this case only brought the instant case after numerous attempts to contact Defendants both pre-suit and post-suit went unanswered. It is only after much contemplation and consideration, Plaintiff brings this Appeal, or, alternatively, Request for Writ. Due to the facts and circumstances surrounding this litigation – including those injustices described herein, Plaintiff was deprived of a just, right, and fair determination of his claims. Again, Plaintiff – from the beginning – has sought nothing more than a resolution to the damages and injuries caused by Defendants, attempting to avoid excess costs and time for all parties. Therefore, Plaintiff hereby appeals or, alternatively, requests a writ of certiorari for, this case as set out in its Motion attached hereto.

Respectfully submitted,

By:_____
Shea Palavan
State Bar No. 24083616
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

**Pro Se**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served by electronic mail, certified mail, return receipt requested, courier receipted delivery, and/or facsimile on each attorney of record and/or party in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE on this 10th day of April 2014.

Shea Palavan
PRO SE

UNOFFICIAL COPY

## CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN, | § | IN THE SMALL CLAIMS COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD | § | |
| REALTY, LLC, and TBW | § | |
| DEVELOPMENT, LLC, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## DECLARATION OF SHEA N. PALAVAN IN SUPPORT OF PLAINTIFF'S NOTICE OF APPEAL AND FILING OF APPEAL BOND OR, ALTERNATIVELY, REQUEST FOR WRIT OF CERTIORARI

I, Shea N. Palavan, hereby declare under penalty of perjury that, to the best of my knowledge, the following statements are true and correct:

1. I am an attorney licensed in the State of Texas, and represent myself, pro se, in the above-styled matter. I provide this declaration in support of Plaintiff's Notice of Appeal and Filing of Appeal Bond or, Alternatively, Request for Writ of Certiorari filed in the Justice the Peace Court, Precinct 1, Place 1, pursuant to Rule 506.1 and 506.4 of the TEXAS RULES OF CIVIL PROCEDURE. I have personal knowledge of the facts stated in this declaration, and, if called upon to do so, would testify competently in any proceeding before this Court or any other court.

2. Attached hereto as Exhibit 1 is a true and correct copy of the notarized Affidavit of Plaintiff, Shea N. Palavan, regarding the events in the Justice Court.

3. Attached hereto as Exhibit 2 is a true and correct copy of the notarized Affidavit of Plaintiff, Thien-Song T. Diep, regarding the events in the Justice Court.

4. Attached hereto as Exhibit A is a true and correct copy of the Defendants TBW Development and Brian McCulley's Discovery Requests, served upon Plaintiff in the above-styled

lawsuit.

5.      Attached hereto as Exhibit B is a true and correct copy of Plaintiff's original Request for Jury Trial, filed in the above-styled lawsuit.

6.      Attached hereto as Exhibit C is a true and correct copy of the letter from Plaintiff to the Justice Court regarding Plaintiff's Renewed Request for Jury Trial, filed in the above-styled lawsuit.

7.      Attached hereto as Exhibit D is a true and correct copy of the receipt for the money order for Plaintiff's payment of the applicable Jury Fee of $22.00, filed in the above-styled lawsuit.

8.      Attached hereto as Exhibit E is a true and correct copy of Plaintiff's Renewed Request for Jury Trial, filed in the above-styled lawsuit.

9.      Attached hereto as Exhibit F is a true and correct copy of the statement printout from the E-Stamps Windows application showing the mail date of Plaintiff's Renewed Request for Jury Trial.

Executed on April 10, 2014                         By: _____
                                                          Shea Palavan

UNOFFICIAL COPY

| | | |
|---|---|---|
| SHEA PALAVAN, | § | IN THE SMALL CLAIMS COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD | § | |
| REALTY, LLC, and TBW | § | |
| DEVELOPMENT, LLC, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## <u>AFFIDAVIT OF SHEA N. PALAVAN</u>

Before me, the undersigned authority, personally appeared, Shea N. Palavan, hereby declares under penalty of perjury of the laws of the United States and the State of Texas that, to the best of my knowledge, the following statements are true and correct:

1. I am over the age of eighteen (18) and am a party to this litigation.

2. I am an attorney licensed in the State of Texas, and represent myself, pro se, in the above-styled matter. I am currently employed at the law firm Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC as an associate attorney. I have been so employed for the last 13 months.

3. I am the tenant of the property located at 324 East 26th Street, Houston, Harris County, Texas 77008 and have been so for at least the past four (4) years.

4. Defendants were involved in the construction of two houses on a lot located at 320 East 26th Street, Houston, Harris County, Texas 77008, which is located adjacent to my property.

5. Prior to the instigation of this lawsuit, I, as Plaintiff in this matter, attempted to contact Defendants numerous times to inform them about damages to my property, as well as interferences with the use and enjoyment of my property due to the construction and/or the employees of Defendants. Defendants only ever responded once, with an empty promise to talk to their employees. Defendants never even responded to Plaintiff's formal demand sent on April 25, 2013. As a result, I filed this lawsuit to recover physical and mental damages caused by Defendants.

6. The claims brought in the above-styled lawsuit are Trespass, Trespass to Chattels, and Nuisance claims. All claims stem from Defendants actions and/or the actions of Defendants'

employees and other persons under the control of Defendants which occurred no later than March 28, 2013 when Plaintiff sent an email to Defendants.

7. After failing to respond to Plaintiff's attempts at contact, Defendants finally responded when Plaintiff filed the above-styled lawsuit. Defendants responded by filing their Original Answer on August 2, 2013, as well as voluminous amounts of discovery, including Requests for Disclosure, Requests for Admission, Requests for Production, and Interrogatories on August 6, 2013, all without the approval of the Justice Court. *See* Exhibit A. In response, Plaintiff filed a Request for Discovery Protection to protect himself from Defendants' bombardment. Rather than sanction or otherwise punish Defendants for this blatant disregard of the rules, the Justice Court unjustly allowed Defendants to serve their full discovery of Plaintiff.

8. Plaintiff also filed his own Request to Serve Discovery with the Justice Court, requesting permission to serve discovery requests on Defendants, over a month prior to trial on February 17, 2014. However, the Justice Court failed to rule on Plaintiff's request, and Plaintiff was left without meaningful discovery for his case, while Defendants benefitted from the Justice Court's allowance of their discovery in spite of the rules.

9. Plaintiff believes, and has always believed, that this case would be best solved out of court, without the necessary expense of money and time. As such, Plaintiff filed a Request for Mediation, or, Alternatively, Settlement Conference on February 25, 2014 in order to request the Justice Court refer the case to mediation, or get the parties together to discuss possible settlement. Defendants failed to meaningfully respond to any of Plaintiff's attempts to contact them – including formal demands and offers of settlement – up and until Defendants sent their first offer of settlement on February 20, 2013.

10. Defendants' first offer was sent over 6 months after this suit was filed on July 10, 2013, 10 months from Plaintiff's first demand on April 25, 2013, and nearly a year after the actions and events made the basis of this lawsuit. Further, the offer received from Defendants was unreasonable, in light of the facts and Plaintiff's claims.

11. After only one round of settlement negotiations, Defendants then refused to negotiate any further. The day before the scheduled trial on March 20, 2014, Plaintiff was informed that his last counter of nearly half his original demand was refused and Defendants would no longer negotiate.

12. Thus, Plaintiff was even more certain that mediation or court required discussions would be the only way to get Defendants to cooperate meaningfully. However, the Justice Court never ruled on Plaintiff's request, even after both parties fully briefed the issue. Defendants filed their response on March 6, 2014 and Plaintiff filed his reply on March 13, 2014.

13. Plaintiff filed a Request for Jury Trial in the above-styled case on February 25, 2014, and sent a personal check for the applicable jury fee. The Justice Court returned the check because they do not take personal checks. Plaintiff then got a money order in the amount of $22.00 from Wells Fargo Bank, and send a Renewed Request for Jury Trial with a letter to the Justice Court explaining the error, on March 6, 2014 – within the required time limit under Rules 500.5

and 504.1. Even after receiving Plaintiff's timely renewed request, the Justice Court improperly denied Plaintiff his right to jury trial, incorrectly holding the trial on March 20, 2014. *See* Exhibits B-F.

14. Even the day of trial, when Plaintiff explained the applicable rules and what happened, the Justice Court refused to acknowledge the timely filing, and denied Plaintiff a jury trial.

15. During the trial, the Justice Court refused to acknowledge two of Plaintiff's claims: his Nuisance claim and Trespass claim. The Justice Court stated that the only issue he saw was the damage to Plaintiff's vehicle, while everything else was irrelevant and refused to allow Plaintiff to even put on evidence of any claim. By ignoring two of Plaintiff's claims, the Justice Court improperly summarily denied those claims.

16. Plaintiff also brought a witness to the trial, Thien-Song Diep, his girlfriend to testify regarding the damages to Plaintiff. The Justice Court refused to allow her to testify.

17. After ignoring two of Plaintiff's claims, the Justice Court asked if Defendants' unreasonable settlement offer – which they refused to negotiate on – was still on the table. Having refused to hear any evidence from Plaintiff, Plaintiff felt his only options were (1) to dismiss his claims since the Justice Court seemed uninterested in properly trying the case, or (2) settle with Defendants and appeal the case to get a proper trial. Thus, rather than giving up his valid, proper claims, Plaintiff decided to agree in court and appeal from the many injustices he faced in the Justice Court.


**STATE OF TEXAS** §
**COUNTY OF HARRIS** §

SUBSCRIBED and SWORN TO BEFORE ME on this _____ day of

_____, _____.


_____
**Notary Public, State of Texas**

| | | |
|---|---|---|
| SHEA PALAVAN, | § | IN THE SMALL CLAIMS COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | PRECINT 1, PLACE 1 |
| | § | |
| BRIAN MCCULLEY, BOULEVARD | § | |
| REALTY, LLC, and TBW | § | |
| DEVELOPMENT, LLC, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF THIEN-SONG T. DIEP

Before me, the undersigned authority, personally appeared, Thien-Song Diep, hereby declares under penalty of perjury of the laws of the United States and the State of Texas that, to the best of my knowledge, the following statements are true and correct:

1. I am over the age of eighteen (18) and am a party to this litigation.

2. I am currently a student at the University of Houston, Main Campus, enrolled in the Biomedical Engineering program. My expected graduation date is May 2015.

3. I am Plaintiff's girlfriend, and I am also a tenant of the property located at 324 East 26th Street, Houston, Harris County, Texas 77008 and have been so for at least the past four (4) years.

4. Defendants were involved in the construction of two houses on a lot located at 320 East 26th Street, Houston, Harris County, Texas 77008, which is located adjacent to my property.

5. I took off time from class and studying to be a witness for Plaintiff at the time of trial in the above-styled lawsuit, on March 20, 2014. I was present and aware of the events which occurred at the trial.

6. Prior to the Justice Court talking to the parties, Plaintiff disputed his right to a jury trial, and the timeliness of his request for a jury trial. Even after explaining the applicable rules and what happened, the Justice Court did not allow Plaintiff a jury trial and stated that the request was not timely.

7. During the trial, the Justice Court stated that the only issue he saw as relevant or necessary to discuss was the damage to Plaintiff's vehicle. The Justice Court then said everything

else was not needed to be heard. The Justice Court never let Plaintiff give any evidence other than the answers to the few questions that the Justice Court asked to Plaintiff. Any time Plaintiff attempted to discuss evidence the Justice Court did not consider relevant, Plaintiff was cut off. Also, as a witness, I thought I would be able to testify about what happened, but, just like the other evidence, the Justice Court never let me testify.

8.     After deciding only the damage to Plaintiff's vehicle was relevant, the Justice Court asked if Defendants' still would present their previous settlement to Plaintiff. After discussing it with Plaintiff, Plaintiff decided that the Justice Court did not want to hear his claims and decided that, rather than dropping his claims, Plaintiff would accept the Justice Court's suggestion to settle and then appeal the case.


STATE OF TEXAS                    §
COUNTY OF HARRIS                  §

          SUBSCRIBED and SWORN TO BEFORE ME on this _____ day of

_____, _____.


                                        _____
                                        **Notary Public, State of Texas**

UNOFFICIAL COPY

201407020747:0040

# EXHIBIT A


UNOFFICIAL COPY

## CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE SMALL CLAIMS COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | PRECINCT 1, PLACE 1 |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | OF HARRIS COUNTY, TEXAS |

### DEFENDANTS TBW DEVELOPMENT, LLC and
### BRIAN MCCULLEY'S REQUEST FOR DISCLOSURE TO PLAINTIFF

TO:     Plaintiff Shea Palavan, *Pro Se*, 324 East 26th Street, Houston, Texas 77008; Telephone: (832) 303-0704.

Pursuant to Rule 194 of the *Texas Rules of Civil Procedure*, you are requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2 as follows:

(a)     the correct names of the parties to the lawsuit;

(b)     the name, address, and telephone number of any potential parties;

(c)     the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

(d)     the amount and any method of calculating economic damages;

(e)     the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)     for any testifying expert:

      1.     the expert's name, address, and telephone number;

UNOFFECTAL COPY

2. the subject matter on which the expert will testify;

3. the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

4. if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

    (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (B) the expert's current resume and bibliography;

(g) any indemnity and insuring agreements described in Rule 192.3(f);

(h) any settlement agreements described in Rule 192.3(g);

(i) any witness statements described in Rule 192.3(h);

(j) in a suit alleging physical or mental injury from damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills; and

(l) the name, address, and telephone number of any person who may be designated as a responsible third party.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Disclosure to Plaintiff
4146                                   Page 2 of 3

Respectfully submitted,

**J D HERBERGER & ASSOCIATES, PC**

By:_____

John D. Herberger
State Bar: 09501190
Carl W. Thompson
State Bar: 24056430
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711
john@herbergerlaw.com

**ATTORNEYS FOR DEFENDANTS
TBW DEVELOPMENT, LLC AND
BRIAN MCCULLEY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile as follows:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

this _____ day of August, 2013.

_____
John D. Herberger

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Disclosure to Plaintiff
4146                              Page 3 of 3

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE SMALL CLAIMS COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | PRECINCT 1, PLACE 1 |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | OF HARRIS COUNTY, TEXAS |

## DEFENDANTS TBW DEVELOPMENT, LLC and
## BRIAN MCCULLEY'S REQUEST FOR ADMISSIONS TO PLAINTIFF

TO:   Plaintiff Shea Palavan, *Pro Se*, 324 East 26th Street, Houston, Texas 77008; Telephone: (832) 303-0704.

COME NOW, TBW Development, LLC and Brian McCulley, Defendants herein and pursuant to Rule 198 of the *Texas Rules of Civil Procedure*, serve their Request for Admission upon Plaintiff Shea Palavan. Plaintiff must admit or deny each request, in writing, within thirty days (30) after the service of such Admissions and shall be given to the undersigned attorney of record.

### Definitions

1.    "Plaintiff", "you" or "your" means Shea Palavan and all persons or entities purporting to act on his behalf.

2.    "Defendants" mean TBW Development, LLC and its current or former owners, officers, employees or agents and all persons or entities purporting to act on its behalf or on behalf of its subsidiaries, divisions or predecessors; and Brian McCulley and all persons or entities purporting to act on his behalf.

3.    "Person" means any natural person, corporation, firm, association, partnership, joint

venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

4. "Communication" means any oral or written communication of which Plaintiff has knowledge, information, or belief.

5. The "Construction Project" means the improvements made to the real property located at 320 East 26th Street, Houston, Texas 77008.

6. "Photograph" means any pictures or videos taken of the Construction Project and the events therein.

7. "Receipts", "Invoices", or "Statements" means any document displaying an amount owed for services rendered.

Respectfully submitted,

J D HERBERGER & ASSOCIATES, PC

By:_____
John D. Herberger
State Bar: 09501190
Carl W. Thompson
State Bar: 24056430
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711
john@herbergerlaw.com

**ATTORNEYS FOR DEFENDANTS**
**TBW DEVELOPMENT, LLC and**
**BRIAN MCCULLEY**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                              Page 2 of 6

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile as follows:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

this _____ day of August, 2013.

_____
John D. Herberger

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                   Page 3 of 6

## DEFENDANTS TBW DEVELOPMENT, LLC and
## BRIAN MCCULLEY'S REQUEST FOR ADMISSIONS TO PLAINTIFF

Admit or deny the truth of the following statements:

### Request No. 1

Admit that you own your vehicle.

**Response:**

### Request No. 2

Admit that you lease your vehicle.

**Response:**

### Request No. 3

Admit that you own your girlfriend's vehicle.

**Response:**

### Request No. 4

Admit that you lease your girlfriend's vehicle.

**Response:**

### Request No. 5

Admit that you repaired your vehicle's exterior this year (2013).

**Response:**

### Request No. 6

Admit that your vehicle's exterior was damaged with "Cement Spatter".

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                        Page 4 of 6

**Request No. 7**

Admit that you have ever reported late to work.

**Response:**

**Request No. 8**

Admit that you have ever reported late to work as a result of the Construction Project.

**Response:**

**Request No. 9**

Admit that your employer has ever been dissatisfied with your work performance.

**Response:**

**Request No. 10**

Admit that your employer has ever been dissatisfied with your arrival time at work.

**Response:**

**Request No. 11**

Admit that you own the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

**Request No. 12**

Admit that you lease the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

**Request No. 13**

Admit that you have ever taken prescription medications for stress.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                    Page 5 of 6

### Request No. 14

Admit that you have ever taken any medications for stress.

**Response:**

### Request No. 15

Admit that you have ever taken any medications for Emotional Distress.

**Response:**

### Request No. 16

Admit that you have ever taken prescription medications for Emotional Distress.

**Response:**

### Request No. 17

Admit that your girlfriend leases the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

### Request No. 18

Admit that your girlfriend owns the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

### Request No. 19

Admit that your girlfriend lives with you at the property located at 324 East 26th Street, Houston, Texas 77008.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Admissions to Plaintiff
4146                                     Page 6 of 6

| SHEA PALAVAN | § | IN THE SMALL CLAIMS COURT |
|---|---|---|
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | PRECINCT 1, PLACE 1 |
| | § | |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | OF HARRIS COUNTY, TEXAS |

## DEFENDANTS TBW DEVELOPMENT LLC and
## BRIAN MCCULLEY'S REQUEST FOR PRODUCTION TO PLAINTIFF

TO:    Plaintiff Shea Palavan, *Pro* Se, 324 East 26th Street, Houston, Texas 77008; Telephone: (832) 303-0704.

COMES NOW, TBW Development, LLC and Brian McCulley, Defendants herein and request that Plaintiff Shea Palavan ("Plaintiff") produces and permits Defendants to inspect and copy, if desired, the documents designated below.

Defendants specify the thirtieth day after service of this Request, by 5:00 p.m., as the date and time for said production at the office of Defendants' counsel, J D HERBERGER & ASSOCIATES, PC, 11767 Katy Freeway, Suite 920, Houston, Texas 77079, as the place therefore.

If, in the response to any requests, there are any documents requested which are not produced because of claim of privilege or for any other reason, Plaintiff is requested to note the failure to produce as an objection to the request and comply with the request to the extent that it is not subject to the objection. Any such objection should identify the documents not produced by date, type of document, author, all recipients, the type of privilege asserted, and the basis therefore.

If, in the response to any requests, there are any documents requested which are not produced because such documents have been destroyed, Plaintiff is requested to note the failure to produce,

and to state and when and under what circumstances such document was destroyed.

"Document" is used herein in the broadest sense and includes, but is not limited to, each of the following that is in the possession, custody or control of Plaintiff or that can be obtained by Plaintiff through the exercise of a superior right to compel production from a third person: the original and each non-identical copy (whether different from the original by virtue of notes made or otherwise) and, if the original is not in existence or subject to your control, each non-identical copy, regardless of origin or location, of any handwritten, typewritten, printed, recorded, transcribed, punched, taped, e-mailed, photocopied, facsimile, filmed, microfilmed, or otherwise prepared matter, including without limitation drafts, however produced or reproduced, and further including without limitation any papers, books, accounts, drawings, graphs, charts, telegrams, electronic or videotape recordings, e-mails and any other date compilations from which information can be obtained or translated into reasonable useable form.

The documents designated for production are the following documents, as defined in the broadest sense by the *Texas Rules of Civil Procedure* that are in the possession, custody or control of Defendant, its representatives or counsel.

<u>Definitions</u>

1. "Plaintiff", "you" or "your" means Shea Palavan and all persons or entities purporting to act on his behalf.

2. "Defendants" mean TBW Development, LLC and its current or former owners, officers, employees or agents and all persons or entities purporting to act on its behalf or on behalf of its subsidiaries, divisions or predecessors; and Brian McCulley and all persons or entities purporting to act on his behalf.

3. "Person" means any natural person, corporation, firm, association, partnership, joint venture,

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*; In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                        Page 2 of 8

UNOFFICIAL COPY

proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

4. "Communication" means any oral or written communication of which Plaintiff has knowledge, information, or belief.

5. The "Construction Project" means the improvements made to the real property located at 320 East 26th Street, Houston, Texas 77008.

6. "Photograph" means any pictures or videos taken of the Construction Project and the events therein.

7. "Receipts", "Invoices", or "Statements" means any document displaying an amount owed for services rendered.

Respectfully submitted,

**J D HERBERGER & ASSOCIATES, PC**

By:_____
John D. Herberger
State Bar: 09501190
Carl W. Thompson
State Bar: 24056430
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711
john@herbergerlaw.com

**ATTORNEYS FOR DEFENDANTS**
**TBW DEVELOPMENT, LLC and**
**BRIAN MCCULLEY**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                             Page 3 of 8

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile as follows:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

this ____ day of August, 2013.

_____
John D. Herberger

UNOFFICIAL COPY

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                        Page 4 of 8

## DEFENDANTS TBW DEVELOPMENT, LLC and
## BRIAN MCCULLEY'S REQUEST FOR PRODUCTION TO PLAINTIFF

### Request No. 1

Please produce any and all documents that in any way form the basis of, or are intended to be presented as support for any of your claims against Defendant.

**Response:**

### Request No. 2

Please produce any and all photographs of the damage sustained to Plaintiff's real property as a result of the Construction Project.

**Response:**

### Request No. 3

Please produce any and all photographs of the damage sustained to Plaintiff's vehicle as a result of the Construction Project.

**Response:**

### Request No. 4

Please produce any and all photographs of the damage sustained to Plaintiff's girlfriend's vehicle as a result of the Construction Project.

**Response:**

### Request No. 5

Please produce any and all photographs of the Construction Project.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                          Page 5 of 8

## Request No. 6

Please produce any and all photographs of Defendant's construction crews blocking Plaintiff's driveway.

**Response:**

## Request No. 7

Please produce any and all photographs of the nails left in the Plaintiff's driveway as a result of the Construction Project.

**Response:**

## Request No. 8

Please produce any and all receipts, invoices, or statements for the repair of Plaintiff's vehicle as a result of the damage sustained to Plaintiff's vehicle during the Construction Project.

**Response:**

## Request No. 9

Please produce any and all receipts, invoices, or statements for the repair of Plaintiff's girlfriend's vehicle as a result of the damage sustained to Plaintiff's girlfriend's vehicle during the Construction Project.

**Response:**

## Request No. 10

Please produce any and all letters, memoranda, correspondence, emails or any other forms of communication, as well as all documents relating to any such communications, made between you and your employer regarding your late arrival to the work place as a result of the events at the Construction Project.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                    Page 6 of 8

## Request No. 11

Please produce any and all letters, memoranda, correspondence, emails or any other forms of communication, as well as all documents relating to any such communications, made between you and Defendant with the Construction Project.

**Response:**

## Request No. 12

Please produce any and all letters, memoranda, correspondence, emails or any other forms of communication, as well as all documents relating to any such communications, made between you and any other person with regard to the claims asserted in the Plaintiff's Original Petition.

**Response:**

## Request No. 13

Please produce any and all non-privileged documents that were reviewed or relied upon in answering the Request for Disclosure and Request for Admissions contemporaneously served with this Request for Production.

**Response:**

## Request No. 14

Please produce all documents, records and communications which tend to show the entitlement of Plaintiff to any damages alleged in Plaintiff's Original Petition.

**Response:**

## Request No. 15

Please produce all demands sent to Defendant with regard to the Construction Project.

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                                          Page 7 of 8

### Request No. 16

Please produce any and all letters, memoranda, correspondence, emails or any other forms of communication, as well as all documents relating to any such communications, made between any representative of TBW Development, LLC and Plaintiff.

**Response:**


### Request No. 17

Please produce all receipts, invoices, checks, or other documents which support and/or relate to your claim for damages as contained in your PRAYER under paragraph "F" of your Plaintiff's Original Petition in this case.

**Response:**


### Request No. 18

Please produce all medical records you have for treatments of emotional distress.

**Response:**


### Request No. 19

Please produce all documents regarding your claim for "Loss of Earnings".

**Response:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's Request for Production to Plaintiff
4146                                        Page 8 of 8

## CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN | § | IN THE SMALL CLAIMS COURT |
| | § | |
| V. | § | PRECINCT 1, PLACE 1 |
| | § | |
| BOULEVARD REALTY, LLC, | § | |
| TBW DEVELOPMENT, LLC and | § | |
| BRIAN MCCULLEY | § | OF HARRIS COUNTY, TEXAS |

## DEFENDANTS TBW DEVELOPMENT, LLC and
## BRIAN MCCULLEY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO: Plaintiff Shea Palavan, *Pro Se*, 324 East 26th Street, Houston, Texas 77008; Telephone: (832) 303-0704.

Pursuant to Rule 197 of the *Texas Rules of Civil Procedure*, Defendants TBW Development, LLC and Brian McCulley serve these Interrogatories upon Plaintiff Shea Palavan. The answers to the Interrogatories shall be made under oath, separately and fully, in writing, within thirty (30) days after the service of such Interrogatories and shall be given to the undersigned attorneys of record.

Respectfully submitted,

**J D HERBERGER & ASSOCIATES, PC**

By:_____
John D. Herberger
State Bar No.: 09501190
Carl W. Thompson
State Bar No.: 24056430
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone: (281) 920-4700
Facsimile: (281) 920-4711
john@herbergerlaw.com

**ATTORNEYS FOR DEFENDANTS
TBW DEVELOPMENT, LLC and
BRIAN MCCULLEY**

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile as follows:

Shea Palavan, *Pro Se*
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

this _____ day of August, 2013.

_____
John D. Herberger

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                    Page 2 of 10

## DEFINITIONS AND INSTRUCTIONS

**Definitions:**

1.  "Document" means the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) of any written or graphic matter, however produced or reproduced and including, but not limited to: papers, books, letters, correspondence, telegrams, cables, telex messages, memoranda, typed or handwritten notes, notations, work papers, transcripts, minutes, reports and records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical records, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, microfiche, all other records kept by computer, electronic, photographic, or mechanical means, and items similar to the foregoing. If any tape, disc, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out and/or interpretation thereof, and any other documents which are necessary to convert such information into a useable and useful format.

2.  "Identify" or "Identity" means:

    A.  In the case of a natural person, to state that person's:

        (1) full name;
        (2) last known residential address;
        (3) last known employer or business affiliation;
        (4) last known occupation and business position held; and
        (5) last known business address.

UNOFFICIAL COPY

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley;*
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                                    Page 3 of 10

B.    In the case of a communication in the form of a document, to state:

(1) the identity of persons preparing or authorizing it and the sender, if any:
(2) its title or a description of the general nature of its subject matter;
(3) the identity of the addressees, including carbon copy holders both regular and "blind" or the persons to whom it was sent, if any;
(4) its date or dates of preparation;
(5) its date and manner of distribution and publication, if any;
(6) the location of each non-identical copy and identity of the present custodian thereof;
(7) the identity of the person or persons who can identify it;
(8) the substance of the writing on the document; and
(9) or in lieu of supplying the foregoing information, attach a copy of each such document with your answers to these interrogatories.

C.    In the case of a communication in the form of an oral statement, to state:

(1) the identity of the person uttering the oral statement;
(2) the place at which such oral statement was uttered;
(3) the date on which such oral statement was uttered;
(4) the identity of each person in whose presence or hearing such oral statement was uttered; and
(5) the substance of the oral statement.

D.    In the case of communication in the form of a meeting or conference, to state:

(1) the identity of each person present in person or by telephone or by other electronic media;
(2) the date of such meeting or conference;
(3) the place of such meeting or conference;
(4) the identity of each document distributed or exchanged at such meeting or conference;
(5) the identity of each document prepared prior to, during or following such meeting or conference relating to it, including but not limited to, an agenda or minutes; and
(6) the identity of the oral statements made during the meeting or conference.

3.    "Plaintiff", "you" or "your" means Shea Palavan and all persons or entities purporting to act on his behalf.

4.    "Defendants" mean TBW Development, LLC and its current or former owners, officers,

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                    Page 4 of 10

employees or agents and all persons or entities purporting to act on its behalf or on behalf of its subsidiaries, divisions or predecessors; and Brian McCulley and all persons or entities purporting to act on his behalf.

5. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

6. "Communication" means any oral or written communication of which Plaintiff has knowledge, information, or belief.

7. The "Construction Project" means the improvements made to the real property located at 320 East 26th Street, Houston, Texas 77008.

8. "Photograph" means any pictures or videos taken of the Construction Project and the events therein.

9. "Receipts", "Invoices", or "Statements" means any document displaying an amount owed for services rendered.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                    Page 5 of 10

## Instructions:

1. **Specification of Factual Basis.** A request to "specify fully and exactly the factual basis for any contention or allegation" includes, without limitation, the request that you state whatever factual information you or your attorneys or consultants have which enables you or them to assert such contention or allegation in good faith and, in addition, that you identify all sources of such information, including both persons and documents.

2. **Singular/Plural.** The singular shall include the plural and the plural shall include the singular.

3. **Estimates.** To the extent that precise and complete information cannot be furnished, such information as is available shall be supplied, together with an estimate of the precise and completed information. Where such an estimate is given, the method employed in making the estimate shall be described.

4. **Separate Answers.** A separate answer shall be furnished for each interrogatory, or if an interrogatory contains more than one part, a separate answer shall be furnished for each part.

5. **Source of Information.** In answering each interrogatory, state whether the information is within the personal knowledge of the person answering, and if not, the identity, if known, of each person to whom the information is a matter of personal knowledge.

6. **Specification of Corporate Agents.** When identifying or describing any oral statements made, any documents written or any act committed by a corporation, identify the natural person or persons who made the statement, authored the document or committed the act.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                        Page 6 of 10

7.   **Supplementation of Answers.** Pursuant to the provisions of *Texas Rules of Civil Procedure*, you shall reasonably amend your answers to the following interrogatories if subsequent to the date of service of your answers you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer, though correct when made, is no longer true and the circumstances are such that the failure to amend the answer is in substance a knowing concealment.

8.   **Privilege.** If you claim as privileged, or otherwise cloaked from discovery, any communication or document responsive to one or more of the following interrogatories, you are to give the date of the communication or document, the identity of the persons who are parties to the communication or who made or received the document and all copies thereof, the subject matter with which the document or communication is concerned, all persons to whom distributed, each interrogatory to which the document or communication is responsive and the grounds upon which you rely in claiming that the communication or document is privileged or otherwise cloaked from discovery.

9.   **Destruction.** If any document responsive to one or more of the following interrogatories has been destroyed, you are to state when and under what circumstances such document was destroyed.

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                    Page 7 of 10

UNOFFICIAL COPY

## DEFENDANTS TBW DEVELOPMENT, LLC and
## BRIAN MCCULLEY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

**Interrogatory No. 1**

Please identify each person assisting in the answering of these interrogatories, including the address and telephone number of each person identified.

**Answer:**

**Interrogatory No. 2**

Please identify and describe the process by which you became involved with TBW Development, LLC and/or Brian McCulley.

**Answer:**

**Interrogatory No. 3**

Please identify and describe the Construction Project.

**Answer:**

**Interrogatory No. 4**

Please identify and describe the houses on your street.

**Answer:**

**Interrogatory No. 5**

Please identify and describe other construction projects in your area.

**Answer:**

**Interrogatory No. 6**

What amount of damages do you allege is owed to you from TBW Development, LLC and/or Brian McCulley and describe the calculation used to determine that amount? If this sum is unknown at this point, please describe basis of the calculation that you intend to utilize to

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                           Page 8 of 10

**Answer:**

**Interrogatory No. 7**

Identify each person who you expect to call at trial.

**Answer:**

**Interrogatory No. 8**

If you denied any of the Requests for Admission simultaneously served upon you with this First Set of Interrogatories, please identify and describe the reasons why each such Request was denied.

**Answer:**

**Interrogatory No. 9**

Please identify and describe with specificity all actions taken by you to protect both your personal and real property while the Construction Project took place.

**Answer:**

**Interrogatory No. 10**

Please identify and describe all funds spent by you for the repair of any damage sustained to your personal and/or real property as a result of the Construction Project.

**Answer:**

**Interrogatory No. 11**

Please identify and describe all offers made by TBW Development, LLC and/or Brian McCulley to remedy the dispute you have with the Construction Project.

**Answer:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC, and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                          Page 9 of 10

### Interrogatory No. 12

Please identify and describe all conversations with your employer in regards to any delays in getting to work that may have occurred as a result of the Construction Project.

**Answer:**

### Interrogatory No. 13

Please state all facts upon which you rely for your claim Boulevard Realty, LLC is liable to you for damages.

**Answer:**

### Interrogatory No. 14

Please state all facts upon which you rely for your claim that TBW Development, LLC is liable to you for damages.

**Answer:**

### Interrogatory No. 15

Please state all facts upon which you rely for your claim that Brian McCulley is liable to you for damages.

**Answer:**

Cause No. SC11C0016011; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*;
In the Small Claims Court of Harris County, Texas, Precinct 1, Place 1
Defendants TBW Development, LLC and Brian McCulley's First Set of Interrogatories Plaintiff
4146                                    Page 10 of 10

# EXHIBIT B

UNOFFICIAL COPY

UNOFFICIAL COPY

No-040-0747.0060

## CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN,<br>    Plaintiff, | §<br>§<br>§ | IN THE SMALL CLAIMS COURT |
| V. | §<br>§ | PRECINT 1, PLACE 1 |
| BRIAN MCCULLEY, BOULEVARD<br>REALTY, LLC, AND TBW<br>DEVELOPMENT, LLC,<br>    Defendants. | §<br>§<br>§<br>§ | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S DEMAND FOR JURY TRIAL FOR SMALL CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 504.1, Plaintiff, Shea Palavan, hereby demands a trial by jury on all issues so triable in the above-styled case and encloses a check in the amount of $22.00 made payable to the Harris County Justice of the Peace Courts for the applicable jury fee.

Respectfully submitted,

By: _____

Shea Palavan
State Bar No. 24083616
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

**Pro Se**

Enclosures

CC:
John D. Herberger
State Bar: 09501190
J D Hergberger & Associates PC

11767 Katy Freeway, Suite 920
Houston, Texas 77079
(281) 920-4700 (Tel.)
(281) 920-4711 (Fac.)
john@herbergerlaw.com

Timothy R. Ploch
State Bar: 16073280
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
(713) 862-4300 (Tel.)
(713) 862-7575 (Fac.)
lawplochstaff@flash.net

via electronic mail and/or facsimile

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served by electronic mail, certified

mail, return receipt requested, courier receipted delivery, and/or facsimile on each attorney of

record and/or party in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE on

this 25th day of February 20 14.

Shea Palavan
PRO SE

# EXHIBIT C

UNOFFICIAL COPY

# Shea Palavan
### Attorney at Law

March 6, 2014

Judge Dale M. Gorcynski
Small Claims Court of Harris County Texas
Precinct 1, Place 1                                    *Via Priority Mail CMR*
Attn: Civil Intake
7300 North Shepherd, Room 138
Houston, Texas 77091-2437

        RE:    **Case No. SC11C0016011**; *Shea Palavan v. Boulevard Realty, LLC, TBW Development, LLC and Brian McCulley*; In the Small Claims Court Precinct 1, Place 1 of Harris County, Texas

Dear Clerk of Said Court:

    Enclosed you will find a copy of the returned Jury Demand by Plaintiff, a new Jury Demand by Plaintiff, and a money order in the amount of $22.00 made payable to Harris County Justice of the Peace Courts for the applicable jury fee. A copy of this document has also been sent to Defendants' counsel via electronic mail.

    Thank you for your assistance and please contact me if you have any questions.

                        Respectfully,



                        Shea Palavan

                        Pro Se Plaintiff

SP/
Enclosures

Cc:
John Herberger
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Phone: (281) 920-4700
Fax: (281) 920-4711
Email: john@herbergerlaw.com

Timothy R. Ploch
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
Phone: (713) 862-4300
Fax: (713) 862-7575
Email: lawplochstaff@flash.net

UNOFFICIAL COPY

# EXHIBIT D

SERIAL #: 6844003826

ACCOUNT #: 4861505733

March 06, 2014

**\*\*$22.00\*\***

VOID IF OVER US $ 22.00

## PERSONAL MONEY ORDER

0068440

Office AU #   1210(8)   1:24

Purchaser         SHEA N PALAVAN
Purchaser Account   7426476417
Operator I.D.       u298000

PAY TO THE ORDER OF

***Twenty-two dollars and no cents***

**WELLS FARGO BANK, N.A.**
1625 S VOSS RD
HOUSTON, TX 77057
FOR INQUIRIES CALL (480) 394 3122

NOTICE TO PURCHASER: IF STOP PAYMENT IS PLACED ON THIS
INSTRUMENT, WELLS FARGO BANK MAY IMPOSE A WAITING
PERIOD BEFORE ISSUING A REPLACEMENT OR REFUND

## NON-NEGOTIABLE

## Purchaser Copy

UNOFFICIAL COPY

# EXHIBIT E

UNOFFICIAL COPY

## CAUSE NO. SC11C0016011

| | | |
|---|---|---|
| SHEA PALAVAN,<br>    Plaintiff, | §<br>§<br>§ | IN THE SMALL CLAIMS COURT |
| V. | §<br>§ | PRECINT 1, PLACE 1 |
| BRIAN MCCULLEY, BOULEVARD<br>REALTY, LLC, AND TBW<br>DEVELOPMENT, LLC,<br>    Defendants. | §<br>§<br>§<br>§<br>§ | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S DEMAND FOR JURY TRIAL FOR SMALL CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 504.1, Plaintiff, Shea Palavan, hereby demands a trial by jury on all issues so triable in the above-styled case and encloses a check in the amount of $22.00 made payable to the Harris County Justice of the Peace Courts for the applicable jury fee.

Respectfully submitted,

By: _____
Shea Palavan
State Bar No. 24083616
324 East 26th Street
Houston, Texas 77008
Telephone: (832) 303-0704

**Pro Se**

Enclosures

CC:
John D. Herberger
State Bar: 09501190
J D Hergberger & Associates PC

UNOFFICIAL COPY

11767 Katy Freeway, Suite 920
Houston, Texas 77079
(281) 920-4700 (Tel.)
(281) 920-4711 (Fac.)
john@herbergerlaw.com

Timothy R. Ploch
State Bar: 16073280
Timothy R. Ploch PC
730 North Post Oak Road, Suite 100
Houston, Texas 77024
(713) 862-4300 (Tel.)
(713) 862-7575 (Fac.)
lawplochstaff@flash.net

via electronic mail and/or facsimile

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served by electronic mail, certified

mail, return receipt requested, courier receipted delivery, and/or facsimile on each attorney of

record and/or party in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE on

this 6th day of March 20 14 .

_____
Shea Palavan
PRO SE

# EXHIBIT F

UNOFFICIAL COPY

| Print Date | Cost | Recipient |
|---|---|---|
| 04/02/2014 | $6.48 | |
| 03/13/2014 | $0.98 | |
| 03/13/2014 | $4.75 | |
| 03/06/2014 | $0.48 | Small Claims, Attn: Civil Intake, 7300 North Shepherd Dr Ste 138, Houston TX 77091-2474 |
| 02/26/2014 | $2.03 | 1 NetStamp at $2.03 each |
| 02/26/2014 | $0.49 | 1 NetStamp at $0.49 each |
| 02/26/2014 | $0.49 | 1 NetStamp at $0.49 each |
| 02/25/2014 | $6.48 | Small Claims, Attn: Civil Intake, 7300 North Shepherd Dr Ste 138, Houston TX 77091-2474 |
| 02/25/2014 | $6.48 | Small Claims Court of Harris County Texas, Attn: Civil Intake, 7900 North Shepherd Dr Room 138, Houston TX 77088 |
| 02/19/2014 | $8.98 | |
| 02/19/2014 | $8.98 | |
| 02/17/2014 | $2.45 | Small Claims, Court of Harris County TX Precint 1,, Attn: Civil Intake, 7300 North Shepherd Dr Ste 138, Houston TX 77091-2474 |
| 02/05/2014 | $6.90 | 1 NetStamp at $6.90 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/27/2014 | $12.25 | 25 NetStamps at $0.49 each |
| 01/23/2014 | $11.50 | 25 NetStamps at $0.46 each |
| 01/23/2014 | $11.50 | 25 NetStamps at $0.46 each |
| 01/23/2014 | $11.50 | 25 NetStamps at $0.46 each |
| 01/20/2014 | $0.46 | 25 NetStamps at $0.46 each |
| 01/16/2014 | $2.52 | |
| 01/06/2014 | $6.11 | |
| 01/06/2014 | $6.11 | |
| 12/18/2013 | $7.37 | |
| 12/17/2013 | $7.17 | |
| 12/13/2013 | $5.15 | |
| 12/04/2013 | $6.11 | |
| 12/04/2013 | $6.97 | |
| 12/03/2013 | $2.12 | |
| 11/27/2013 | $7.17 | |
| 11/20/2013 | $11.50 | 25 NetStamps at $0.46 each |
| 11/20/2013 | $11.50 | 25 NetStamps at $0.46 each |
| 11/20/2013 | $11.50 | 25 NetStamps at $0.46 each |
| 11/20/2013 | $11.50 | 25 NetStamps at $0.46 each |
| 11/15/2013 | $3.84 | 2 NetStamps at $1.92 each |
| 11/15/2013 | $10.58 | 23 NetStamps at $0.46 each |
| 11/05/2013 | $5.44 | |
| 10/21/2013 | $1.05 | 1 NetStamp at $1.05 each |
| 10/15/2013 | $0.46 | |



| Status | Tracking #/Insurance ID | Date Delivered | Carrier | Class Servi Special Services | Insured Value | Cost Code | Weight | Mail Date | Refund Type |
|---|---|---|---|---|---|---|---|---|---|
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | <None> | 0lb 1oz | 04/03/2014 | E-refund |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 1oz | 03/13/2014 | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 1oz | 03/06/2014 | E-refund |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 6oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | <None> | 0lb 1oz | 02/25/2014 | E-refund |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | <None> | 0lb 1oz | 02/25/2014 | E-refund |
| Printed | | | USPS | Priority Mail (R) | | <None> | 1lb 1oz | 02/19/2014 | Mail-in |
| Refunded | | | USPS | Priority Mail (R) | | <None> | 1lb 1oz | 02/19/2014 | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 8oz | 02/18/2014 | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 1oz | 01/21/2014 | E-refund |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 9oz | 01/16/2014 | Mail-in |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | <None> | 0lb 1oz | 01/07/2014 | E-refund |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | <None> | 0lb 1oz | 01/07/2014 | E-refund |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | <None> | 0lb 5oz | 12/18/2013 | Mail-in |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | <None> | 0lb 4oz | 12/17/2013 | Mail-in |
| Delivered | 9.40551E+21 | 12/16/2013 | USPS | Priority Ma USPS Tracking | | <None> | 0lb 15oz | 12/13/2013 | E-refund |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | <None> | 0lb 1oz | 12/04/2013 | E-refund |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | <None> | 0lb 3oz | 12/04/2013 | Mail-in |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | <None> | 0lb 7oz | 12/03/2013 | Mail-in |
| Printed | | | USPS | First Class (Certified Mail (TM), Return Receipt | | <None> | 0lb 4oz | 11/27/2013 | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 1oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 6oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 1oz | | Mail-in |
| Delivered | 9.40551E+21 | 11/09/2013 | USPS | Priority Ma USPS Tracking | | <None> | 2lb 0oz | 11/05/2013 | E-refund |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 0oz | | Mail-in |
| Printed | | | USPS | First Class (R) | | <None> | 0lb 1oz | 10/15/2013 | E-refund |

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

UNOFFICIAL COPY